THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
BRIANNA L. FRAZIER (SBN 297354)
Email: bfrazier@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendants
WELLS FARGO BANK, N.A. and WELLS FARGO &
COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| TONIKA NADINE CORA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>[San Bernardino County Superior Court Case No.: CIVDS 1831504]<br><br>**DEFENDANTS WELLS FARGO BANK, N.A.'S AND WELLS FARGO & COMPANY'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332(d) AND 1441 (DIVERSITY)**<br><br>Complaint Filed:    December 3, 2018 |

430219

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2    CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS OF

3    RECORD:

4

5    PLEASE TAKE NOTICE THAT, based on the following allegations, Defendants

6    Wells Fargo Bank, N.A. ("Wells Fargo Bank") and Wells Fargo & Company ("WFC")

7    (together, "Defendants"), hereby remove the state court action described below.

8

9    **I.      THE STATE COURT ACTION**

10       On December 3, 2018, Plaintiff Tonika Nadine Cora ("Plaintiff") commenced a

11   class action complaint against Defendants in the Superior Court of the State of California

12   in and for the County of San Bernardino, entitled *Tonika Nadine Cora v. Wells Fargo*

13   *Bank, N.A., et al.*, as case number CIV DS 1831504.  A true and correct copy of the Class

14   Action Complaint ("Complaint") and Civil Case Cover Sheet is attached hereto as <u>Exhibit</u>

15   <u>A</u>.  True and correct copies of the corresponding summonses, filed on December 3, 2018,

16   are attached hereto as <u>Exhibit B</u>.

17       Plaintiff served Defendants with the Complaint and Summons by personal service

18   on December 20, 2018.  Copies of Corporation Service Company's Notices of Service of

19   Process, showing the dates of service, are attached hereto as <u>Exhibit C</u>.  This Notice of

20   Removal is filed within 30 days from the date upon which Defendants were served and is

21   within the time for removal provided by law.  *See* 28 U.S.C. § 1446(b).

22       This is a civil action of which this Court has original jurisdiction under 28 U.S.C.

23   section 1332(d), and is one that may be removed to this Court by Defendants pursuant to

24   the provisions of 28 U.S.C. section 1441, in that it is a class action in which Plaintiff is a

25

26

27

28

430219

NOTICE OF REMOVAL

1    citizen of a different state than Wells Fargo Bank[1], the putative class has more than 100

2    members, and the aggregate amount in controversy exceeds the sum of $5,000,000,

3    exclusive of interest and costs.

4    **II.    REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332(d), 1441**

5        **A.    Diversity of Citizenship**

6        Federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") is

7    established by showing that the parties satisfy, among other requirements, "minimal

8    diversity," *i.e.*, that "any member of a class of plaintiffs is a citizen of a State different

9    from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Abrego Abrego v. The Dow Chemical*

10   *Co.*, 443 F.3d 676, 680 (9th Cir. 2006) ("Section 1332(d) thus abandons the complete

11   diversity rule for covered class actions") (citing *Bush v. Cheaptickets, Inc.*, 425 F.3d 683,

12   684) (9th Cir. 2005) (noting that 28 U.S.C. § 1332(d) requires only "minimal diversity").

13   As discussed below, minimal diversity is satisfied in this case because Plaintiff is a citizen

14   of the State of California and Wells Fargo Bank is a citizen of the State of South Dakota.

15       **1.    Plaintiff is a Citizen of California**

16       For diversity purposes, citizenship of an individual is determined by the

17   individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 749-

18   50 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with

19   the intention to remain or to which she intends to return." *Kaneter v. Warner-Lambert*

20   *Co.*, 265 F.3d 853, 857 (9th Cir. 2001). As the Ninth Circuit observed in *Lew*,

21   determining an individual's domicile "involves a number of factors," including ***current***

22   ***residence, place of employment***, and other factors such as voting registration and voting

23   practices, location of personal and real property, location of brokerage and bank accounts,

24   location of spouse and family, membership in unions and other organizations, driver's

25   [1] Given that Wells Fargo Bank is a citizen of South Dakota, as described herein, WFC's

26   citizenship is immaterial. In addition, however, WFC is a sham defendant that has been
     fraudulently joined. In particular, WFC was not Plaintiff's employer nor was it the

27   employer of any of the putative class members, as demonstrated by Plaintiff's wage

28   statements and W2s which unambiguously identify her employer as Wells Fargo Bank.

430219

3

1  license and automobile registration, and payment of taxes. *Lew*, 797 F.2d at 750

2  (emphases added).

3        Plaintiff's Complaint alleges that Plaintiff is "a California resident who[ ]worked

4  for Defendants[ ]in San Bernardino County, California" from "approximately October

5  2001 to June 2018." *See* Exhibit A, ¶ 7.

6        Given that Plaintiff remains a resident of California (even after the termination of

7  her employment with Wells Fargo Bank), Plaintiff has demonstrated an intent to remain in

8  the State of California. Defendants are informed and believe that Plaintiff was, and still is,

9  a citizen of the State of California. Accordingly, for diversity purposes, Plaintiff is a

10  citizen of California.

11               **2.     Wells Fargo Bank is a Citizen of South Dakota**

12        Wells Fargo Bank is a national banking association. The citizenship of a national

13  banking association is governed by 28 U.S.C. section 1348, which states that national

14  banking associations are "deemed citizens of the States in which they are respectively

15  ***located***." 28 U.S.C. § 1348 (emphasis added).

16        Wells Fargo Bank's main office, according to its articles of association, is in Sioux

17  Falls, South Dakota. Attached hereto as <u>Exhibit D</u> is a true and correct copy of the

18  Articles of Association for Wells Fargo Bank, as issued by the Office of the Comptroller

19  of the Currency, Administrator of National Banks, reflecting that Wells Fargo Bank (at

20  Article II, §1) has its main office in Sioux Falls, South Dakota.[2]

21        The Ninth Circuit has unequivocally held that Wells Fargo Bank is a citizen *only of*

22  South Dakota for diversity purposes. *Rouse v. Wachovia Mortgage, FSB*,[3] 747 F.3d 707,

23  709 (9th Cir. 2014) ("under 28 U.S.C. § 1348, a national bank is a citizen ***only of the state***

24  ***in which its main office is located***") (emphasis added). In addition, the United States

25  Supreme Court, after a thorough examination of the historical versions of Section 1348

---

26  [2] In the contemporaneously-filed Request for Judicial Notice, Defendants request that the

27  Court take judicial notice of Wells Fargo Bank's Articles of Association.

   [3] Wachovia Mortgage is now a division of Wells Fargo Bank. *Rouse*, 747 F.3d at 709.

28

1   and the existing case law, held that "a national bank, for § 1348 purposes, is a citizen of

2   the state in which its main office, as set forth in its articles of incorporation, is located."

3   *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Wells Fargo Bank's citizenship for

4   diversity purposes, therefore, is South Dakota – and *only* South Dakota. *Rouse*, 747 F.3d

5   at 715 ("Accordingly, Wells Fargo is a citizen only of South Dakota, where its main office

6   is located").

7          Pursuant to this binding authority, Wells Fargo Bank is a citizen only of South

8   Dakota. As Plaintiff is a citizen of California, CAFA's minimal diversity requirement is

9   satisfied.

10         **B.      The Putative Class Action Exceeds 100 Members**

11         Federal jurisdiction under CAFA may be invoked where the number of putative

12  class members exceeds 100. 28 U.S.C. § 1332(d)(5)(B); *see also Dart Cherokee Basin*

13  *Operating Co., LLC v. Owens* ("*Dart*"), 135 S. Ct. 547, 552 (2014).

14         This case is a wage and hour class action alleging claims on behalf of all current

15  and former Wells Fargo Bank team members in the State of California who were

16  employed in non-exempt positions "in the automobile loan division, or similar department

17  relating to automobile loans and recovery" at any time in the four years prior to the filing

18  of the Complaint. *See* Exhibit A, ¶ 23.[4] Plaintiff does not specify the exact number of

19  putative class members, but alleges that the putative class "is estimated to be greater than

20  100 individuals" and is "so numerous that joinder of all members would be unfeasible and

21  impractical."  Exhibit A, ¶ 26(a).

22  _____

    [4] Plaintiff also purports to bring this action on behalf of all current and former *WFC* team
23  members in the State of California who were employed in non-exempt positions "in the
    automobile loan division, or similar department relating to automobile loans and
24  recovery." See Exhibit A, ¶ 23. As discussed above, Plaintiff was never employed by
    WFC, and WFC is a sham defendant. Accordingly, this analysis is limited to Wells Fargo
25  Bank employees. Defendants dispute that Plaintiff can represent *all* non-exempt
    California team members who worked in the automobile loan division or "similar"
26  department given the requirements for maintaining a class action but, for purposes of this
27  Notice of Removal, Wells Fargo Bank takes Plaintiff's pleading at its face to determine
    whether CAFA requirements are met.
28

430219

1    The number of putative class members (current and former California non-exempt

2    team members who worked in Wells Fargo Bank's auto loan group in the four years prior

3    to the filing of Plaintiff's Complaint) exceeds 1,200 individuals,[5] clearly meeting CAFA's

4    100 class member requirement.

5    **C.    The Amount in Controversy Exceeds $5,000,000**

6    For removal purposes under CAFA, the aggregate amount in controversy must

7    exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(6). Where the

8    plaintiff's complaint makes a good-faith demand for monetary relief in a stated sum, that

9    sum is deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). Where, as here,

10   the complaint does not state the amount in controversy, the defendant's notice of removal

11   may do so. *Dart*, 135 S. Ct. at 551 (citing 28 U.S.C. § 1446(c)(2)(A)).

12   As the U.S. Supreme Court held in *Dart*, the notice of removal need only *plausibly*

13   *allege* the amount in controversy; the defendant's "short and plain" statement of the

14   grounds for removal need *not* contain evidentiary submissions. *Dart*, 135 S. Ct. at 554.

15   The Supreme Court also observed that "no antiremoval presumption attends cases

16   invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions

17

18   [5] Plaintiff's putative class is defined as all California non-exempt team members who
     work or worked in the "automobile loan division, or similar department relating to
19   automobile loans and recovery" and experienced the alleged wage and hour violations.
     *See* Exhibit A, ¶ 23. Plaintiff further alleges that Defendants "maintained a systematic,
20   company-wide policy and practice" of failing to pay employees for all hours worked,
     failing to promptly pay wages upon separation of employment, failing to provide meal and
21   rest breaks, and failing to provide employees with accurate, itemized wage statements in
22   violation of the California Labor Code, Wage Orders, and Business and Professions Code.
     *See* Exhibit A, ¶ 4. While Wells Fargo Bank disputes maintaining any illegal policies and
23   disputes that any team member experienced an alleged wage and hour violation, for the
24   purposes of this removal, Plaintiff's own allegations that Wells Fargo Bank employed
     policies and practices that were applied company-wide supports the inference that
25   Plaintiff's putative class is alleged to encompass all California non-exempt team members
     who worked in the automobile loan division or a similar department during the relevant
26   period. Wells Fargo Bank's review of its records shows that it has employed at least
27   1,200 individuals in non-exempt positions in its auto loans group in California during the
     time period from December 3, 2014 through November 30, 2018.
28

430219

1  filed in federal court." *Id.* Similarly, the Ninth Circuit has noted that "Congress intended

2  CAFA to be interpreted expansively." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d

3  1193, 1197 (9th Cir. 2015) (citing Senate Report on CAFA, S. Rep. 109-14, at p. 42 (Feb.

4  28, 2005), which counsels that if a federal court is "uncertain" about whether all matters in

5  controversy exceed $5,000,000, "*the court should err in favor of exercising jurisdiction*

6  *over the case*") (emphasis added)).

7         The "amount in controversy" is determined by the amount of damages that is the

8  subject of the action. *Kroske v. U.S. Bank*, 432 F.3d 976, 980 (9th Cir. 2005). In other

9  words, it is "the amount involved in the underlying dispute." *Theis Research, Inc. v.*

10  *Brown & Bain*, 400 F.3d 659, 664 (9th Cir. 2005); *see also Rea v. Michaels Stores Inc.*,

11  742 F.3d 1234, 1237 (9th Cir. 2014) ("the general rule is that 'the amount in controversy

12  is determined from the pleadings as they exist at the time a petition for removal is filed'").

13         Plaintiff purports to assert 7 causes of action against Defendants on behalf of the

14  putative class: (i) failure to pay minimum and straight time wages (Labor Code §§ 204,

15  1194, 1194.2 and 1197); (ii) failure to pay overtime wages (Labor Code §§ 1194 and

16  1198); (iii) failure to provide meal periods (Labor Code §§ 226.7 and 512); (iv) failure to

17  authorize and permit rest breaks (Labor Code §226.7); (v) failure to timely pay wages at

18  termination (Labor Code §§ 201-203); (vi) failure to provide accurate itemized wage

19  statements (Labor Code § 226); and (vii) unfair business practices (California Business &

20  Professions Code § 17200 *et seq.*). *See* Exhibit A, ¶¶ 30-90. As demonstrated below in

21  relation to just a few of the causes of action, the aggregate amount in controversy clearly

22  exceeds the sum of $5,000,000, exclusive of interests and costs.[6]

23

24

25

26  ───────────────────────

[6] Wells Fargo Bank's demonstration that the amount in controversy exceeds the
27  $5,000,000 minimum is not an admission of liability or concession that Plaintiff is entitled
   to recover this (or any) amount.
28

1.   **<u>Second Cause of Action (Failure to Pay Overtime Wages)</u>**

Plaintiff alleges that she and similarly situated team members were *"frequently* paid for less than all [of] their work time" and "[s]ome of this unpaid work should have been paid at the overtime rate." Exhibit A, ¶ 16 (emphasis added).

Even using a modest assumption of just *24 minutes of overtime per week (or less than five minutes per day)* (Plaintiff will undoubtedly claim more), this single claim satisfies nearly one-third of CAFA's amount-in-controversy requirement:

- 24 minutes (0.4 hours) of overtime per week for which Plaintiff contends she and the putative class members should have been compensated at their overtime rate;
- An average of 102 weeks worked per non-exempt team member in a relevant position during the four years prior to the filing of Plaintiff's Complaint;[7]
- At least 1,200 members in the putative class; and
- An average hourly rate of $20.48/hour,[8] for an overtime rate of $30.72/hour.

Using these foundational assumptions, the amount of alleged unpaid overtime "in controversy" is *at least* **<u>$1,504,051.20</u>** (*i.e.*, 0.4 hours of unpaid overtime wages per team member per week (x) 102 weeks (x) 1,200 team members (x) $30.72/hour).[9] An amount is "in controversy" if Plaintiff alleges it and Wells Fargo Bank is forced to defend it. *See,*

---

[7] Wells Fargo Bank does *not* assume that every non-exempt team member worked throughout the entire four-year class period. Rather, a review of Wells Fargo Bank's records indicates that non-exempt employees in California worked, on average, 102 weeks in a relevant position over this four-year period.

[8] Plaintiff does not state her hourly wage in the Complaint. A review of Wells Fargo Bank's records indicates that the average hourly rate for non-exempt team members in the putative class was $20.48. The overtime rate would thus be $30.72/hour at the time-and-a-half rate required under Labor Code § 510 and the California Wage Orders.

[9] Plaintiff also seeks attorneys' fees pursuant to Labor Code section 1194, which would push the amount in controversy higher. *See* Exhibit A, ¶ 47.

1    *e.g.*, *Kroske*, 432 F.3d at 980; *Rea*, 742 F.3d at 1237 ("the general rule is that 'the amount

2    in controversy is determined from the pleadings as they exist at the time a petition for

3    removal is filed").

4            2.    **Third and Fourth Causes of Action (Failure to Provide Meal and**

5                 **Rest Periods)**

6        Plaintiff alleges that she and the putative class members were required to "work in

7    lieu of taking a 30-minute, duty-free meal periods [*sic*] . . . at least once a month" and

8    "work in lieu of taking 10-minute, paid, duty-free rest periods . . . at least once a month."

9    Exhibit A, ¶¶ 17, 18.

10        Under California's Labor Code, an employee can recover one hour of pay at the

11    employee's regular rate of compensation for each work day that a compliant meal and/or

12    rest period is not provided.  *See* Cal. Labor Code § 226.7.  If neither a required meal

13    period nor rest period are provided in the same day, the employee potentially may recover

14    one hour of pay for the missed meal period *plus* one hour of pay for the missed rest period

15    (as opposed to one hour for the entire day).

16        Assuming that half of the putative class members were denied just one compliant

17    meal period and one compliant rest period *every four weeks*, and assuming the other half

18    of the putative class members were denied just one compliant meal period and one

19    compliant rest period *every two weeks* (Plaintiff will undoubtedly claim more), and

20    assuming 102 weeks worked in a relevant position by each non-exempt team member

21    during the four years prior to the filing of Plaintiff's Complaint,[10] the amount in

22    controversy relative to Plaintiff's third and fourth causes of action is *at least*

23

24    [10] The California Supreme Court has held that the "additional hour of pay" for failure to
provide meal and/or rest breaks under Labor Code Section 226.7 constitutes wages, rather

25    than a penalty.  *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1049, 1114 (2007).
Moreover, "any business act or practice that violates the Labor Code through failure to

26    pay wages is, by definition (§ 17200), an unfair business practice," and thus subject to the

27    UCL's four-year statute of limitations.  *Cortez v. Purolator Air Filtration Products Co.*,
23 Cal. 4th 163, 178-79 (2000).

28

1  **$1,880,064.00** (*i.e.*, (102 / 4 = 25.5 weeks with a meal period violation + 25.5 weeks with

2  a rest period violation = 51 weeks (x) 600 members in half of the putative class (x)

3  average hourly rate of $20.48 per hour) + (102/2 = 51 weeks with a meal period violation

4  + 51 weeks with a rest period violation = 102 weeks (x) 600 putative class members in the

5  remaining half of the putative class (x) average hourly rate of $20.48 per hour)).

6        **3.**     **Fifth Cause of Action (Waiting Time Penalties)**

7        Under her fifth cause of action, Plaintiff alleges that Wells Fargo Bank "willfully

8  failed and refused" to pay her and the putative class members all wages due at the time of

9  discharge, and seeks "waiting time penalties" pursuant to California Labor Code sections

10  201-203 on behalf of non-exempt team members no longer employed by Wells Fargo

11  Bank. *See* Exhibit A, ¶¶ 19, 60-62.

12        Plaintiff's fifth cause of action is derivative of her second, third and fourth causes

13  of action. In other words, Plaintiff will undoubtedly contend that just one instance of

14  failure to pay overtime wages owed, or one failure to provide an adequate meal or rest

15  period to a then-current and now-former non-exempt team member is enough to trigger a

16  waiting time penalty for that team member.

17        Under California Labor Code section 203, an employee can recover a "waiting

18  time" penalty of up to the equivalent of thirty (30) days of pay. *See* Cal. Labor Code §

19  203; *see also Mamika v. Barca*, 68 Cal. App. 4th 487, 494 (Cal. Ct. App. 1998) ("Under

20  section 203, an employee's rate of pay must be calculated as a daily figure, which can then

21  be multiplied by the number of days of nonpayment for a maximum of 30 days."").

22  Furthermore, "[s]uit may be filed for these penalties at any time before the expiration of

23

24

25

26

27

28

430219

NOTICE OF REMOVAL

1 the statute of limitations on an action for the wages from which the penalties arise." Cal.

2 Labor Code § 203.[11]

3      At least 569 putative class members have left Wells Fargo Bank's employ in the

4 three-year period preceding the filing of this suit.  Accordingly, Plaintiff is seeking 30

5 days of waiting time penalties on behalf of at least 569 individuals.  The amount of

6 waiting time penalties that Plaintiff seeks on behalf of just *one* former non-exempt team

7 member is $4,915.20 (average hourly rate of $20.48 per hour (x) 8 hours per day = daily

8 wage rate of $163.84 (x) 30 days = $4,915.20).  Thus, the aggregate amount of penalties

9 Plaintiff seeks in connection with her fifth cause of action *alone* is *at least* **$2,796,748.80**

10 (*i.e.*, $4,915.20 per former non-exempt California team member (x) at least 569 non-

11 exempt team members who left Wells Fargo Bank's employ within the three-year

12 statutory period).

13     **4.**     <u>**Summary re: Amount in Controversy**</u>

14      As illustrated above, the amount in controversy for Plaintiff's second, third, fourth,

15 and fifth causes of action alone is *at least* **$6,180,864** [$1,504,051.20 (overtime wages

16 allegedly owed)] + [$1,880,064 (alleged meal and rest period violations)] +

17 [$2,796,748.80 (alleged waiting time penalties)].  This is more than $1,000,000 over the

18 jurisdictional minimum of $5,000,000 set forth in 28 U.S.C. section 1332(d)(2).

19      This amount in controversy does not even include amounts relating to Plaintiff's

20 first, sixth and seventh causes of action (alleged failure to pay minimum and straight time

21 wages, alleged failure to provide accurate wage statements, and alleged unfair business

22 practices, respectively), for which Plaintiff seeks to recover additional damages and

---

23 [11] Unlike the failure to pay overtime wages and failure to provide meal and rest break

24 claims discussed above, Plaintiff's waiting time penalty claim is subject to a *three-year*
statute of limitations, notwithstanding her UCL claim.  *See Montecino v. Spherion Corp.*,

25 427 F. Supp. 2d 965, 967-68 (C.D. Cal. 2006) (finding that "it is clear that payments made

26 under § 203 are penalties, rather than wages," and holding that three-year statute of
limitations applies, notwithstanding UCL claim); *Pineda v. Bank of America, N.A.*, 50 Cal.

27 4th 1389, 1402 (2010) ("We thus hold section 203 penalties cannot be recovered as
restitution under the UCL").

28

430219

1    penalties.  Nor does it include attorneys' fees sought by Plaintiff in connection with the

2    alleged Labor Code violations.  *See* Exhibit A, pp. 22-24, Prayer for Relief; *see also, e.g.,*

3    *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) ("[W]here the

4    underlying statute authorizes an award of attorneys' fees, either with mandatory or

5    discretionary language, such fees may be included in the amount in controversy."),

6    *overruled on other grounds as recognized by Rodriguez v. AT & T Mobility Serv. LLC*,

7    728 F.3d 975, 976-77 (9th Cir. 2013).

8            Therefore, given the foregoing, this Court has original jurisdiction over this action

9    pursuant to 28 U.S.C. section 1332(d)(2), and removal is proper under 28 U.S.C. section

10   1441.

11   **III.    PROCESS, PLEADINGS AND ORDERS**

12           The following exhibits are attached to this Notice of Removal:

13           •   Attached as <u>Exhibit A</u> is a true and correct copy of the Complaint and Civil

14               Case Cover Sheet, filed with the Superior Court of the State of California,

15               County of San Bernardino on December 3, 2018, and the Notice of Trial

16               Setting Conference and Notice of Case Assignment issued by the San

17               Bernardino Superior Court on December 7, 2018.

18           •   Attached hereto as <u>Exhibit B</u> are true and correct copies of the Summonses,

19               filed with the Superior Court of the State of California, County of San

20               Bernardino on December 3, 2018.

21           •   Attached hereto as <u>Exhibit C</u> are true and correct copies of Corporation

22               Service Company's Notices of Service of Process, showing that Wells Fargo

23               Bank and WFC were personally served on December 20, 2018.

24           •   Attached hereto as <u>Exhibit D</u> is a true and correct copy of the Articles of

25               Association for Wells Fargo Bank, National Association, as issued by the

26               Office of the Comptroller of the Currency, Administrator of National Banks.

27           •   Attached hereto as <u>Exhibit E</u> is a copy of Wells Fargo Bank's Answer to

28               Plaintiff's Class Action Complaint, which was served and filed with the

430219

1    Superior Court of the State of California in and for the County of San

2    Bernardino, on January 18, 2019, prior to the removal of this action.

3    • Attached hereto as Exhibit F is a copy of WFC's Answer to Plaintiff's Class

4    Action Complaint, which was served and filed with the Superior Court of

5    the State of California in and for the County of San Bernardino, on January

6    18, 2019, prior to the removal of this action.

7    Defendants are informed and believe that Exhibits A, B, E and F constitute all

8    process, pleadings and orders filed and received by Defendants in this action.

9    On this or the next business day, notice of this removal is being given to Plaintiff

10   and to the Clerk of the San Bernardino Superior Court.  Copies of these notices are

11   attached hereto as Exhibits G and H respectively.

12   The proof of service of the Notice to Adverse Party of Removal will be filed with

13   this Court immediately after the Superior Court filing is accomplished and the document

14   is served.

15

16   DATED: January 18, 2019          KADING BRIGGS LLP
                                      THERESA A. KADING
17                                    BRIANNA L. FRAZIER

18

19                                    By: /s/ Brianna L. Frazier
                                              BRIANNA L. FRAZIER
20

21                                    Attorneys for Defendants
                                      WELLS FARGO BANK, N.A. and WELLS
22                                    FARGO & COMPANY

23

24

25

26

27

28

430219

NOTICE OF REMOVAL

EXHIBIT "A"

EXHIBIT "A"

NOV/30/2018/FRI 05:16 PM                    FAX No.                      P. 002

Kane Moon (SBN 249834)
Justin F. Marquez (SBN 262417)
Allen Feghali (SBN 301080)
MOON & YANG, APC
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125
E-mail: kane.moon@moonyanglaw.com
E-mail: justin.marquez@moonyanglaw.com
E-mail: allen.feghali@moonyanglaw.com

Attorneys for Plaintiff
Tonika Nadine Cora

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 03 2018

BY _____
ANDREA GARCIA, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| TONIKA NADINE CORA, individually, and on behalf of all others similarly situated, | Case No.: CIVDS1831504 |
| Plaintiff, | CLASS ACTION COMPLAINT: |
| vs. | 1. Failure to Pay Minimum and Straight Time Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197]; |
| | 2. Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198]; |
| WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive, | 3. Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512]; |
| | 4. Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7]; |
| Defendants | 5. Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203]; |
| | 6. Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and |
| | 7. Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.]. |
| | **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

**TABLE OF CONTENTS**

INTRODUCTION & PRELIMINARY STATEMENT ......................................... 1

THE PARTIES .......................................................................................... 3

    A.  Plaintiff .......................................................................................... 3

    B.  Defendants ...................................................................................... 3

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ........................... 4

CLASS ACTION ALLEGATIONS ................................................................ 8

FIRST CAUSE OF ACTION ...................................................................... 12

SECOND CAUSE OF ACTION .................................................................. 13

THIRD CAUSE OF ACTION ..................................................................... 15

FOURTH CAUSE OF ACTION .................................................................. 15

FIFTH CAUSE OF ACTION ...................................................................... 16

SIXTH CAUSE OF ACTION ...................................................................... 16

SEVENTH CAUSE OF ACTION ................................................................ 17

PRAYER FOR RELIEF .............................................................................. 22

DEMAND FOR JURY TRIAL ..................................................................... 25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i

1   Plaintiff Tonika Nadine Cora ("Plaintiff"),based upon facts that either have evidentiary

2   support or are likely to have evidentiary support after a reasonable opportunity for further

3   investigation and discovery, alleges as follows:

## INTRODUCTION & PRELIMINARY STATEMENT

4

5   1.   Plaintiff brings this action against Defendant Wells Fargo Bank, N.A., Wells

6   Fargo & Company, and Does 1 through 10 (Wells Fargo Bank, N.A., Wells Fargo &

7   Company, and Does 1 through 10 are collectively referred to as "Defendants") for California

8   Labor Code violations and unfair business practices stemming from Defendants' failure to pay

9   minimum and straight time wages, failure to pay overtime wages, failure to provide meal periods,

10  failure to authorize and permit rest periods, failure to maintain accurate records of hours worked

11  and meal periods, failure to timely pay all wages to terminated employees, and failure to furnish

12  accurate wage statements.

13  2.   Plaintiff brings the First through Seventh Causes of Action individually and as a

14  class action on behalf of himself and certain current and former employees of Defendants

15  (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully

16  below). The Class consists of Plaintiff and all other persons who have been employed by any

17  Defendants in California as an hourly-paid, non-exempt employee during the statute of limitations

18  period applicable to the claims pleaded here in the automobile loan division, or similar

19  department relating to automobile loans and recovery.

20  3.   Defendants own/owned and operate/operated an industry, business, and

21  establishment within the State of California, including San Bernardino County. As such, and

22  based upon all the facts and circumstances incident to Defendants' business in California,

23  Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial

24  Welfare Commission ("IWC"), and the California Business & Professions Code.

25  4.   Despite these requirements, throughout the statutory period Defendants

26  maintained a systematic, company-wide policy and practice of:

27

28

1

(a)   Failing to pay employees for all hours worked, including all minimum wages, straight time wages, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

(b)   Failing to maintain accurate records of the hours employees worked;

(c)   Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(d)   Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(e)   Willfully failing to pay employees all minimum wages, straight time wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates; and

(f)   Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

5.   On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies.  Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6.   At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class.  Further, Defendants are

2

CLASS ACTION COMPLAINT

1   responsible for each of the unlawful acts or omissions complained of herein under the doctrine of

2   "respondeat superior".

### THE PARTIES

4   **A.**   **Plaintiff**

5       7.   Plaintiff Tonika Nadine Corais a California resident who worked for Defendants in

6   San Bernardino County, California as an operations processor in the automobile division from

7   approximately October 2001 to June 2018.

8       8.   Plaintiff reserves the right to seek leave to amend this complaint to add new

9   plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v.*

10   *American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

11   **B.**   **Defendants**

12       9.   Plaintiff is informed and believes, and based upon that information and belief

13   alleges, that Defendant Wells Fargo Bank, N.A. is, and at all times herein mentioned, was:

14           (a)   A national bank association (South Dakota corporation) with its principal

15               place of business in San Bernardino, California;

16           (b)   A business entity conducting business in numerous counties throughout the

17               State of California, including in San Bernardino County; and,

18           (c)   The former employer of Plaintiff, and the current and/or former employer

19               of the putative Class.  Wells Fargo Bank, N.A. suffered and permitted

20               Plaintiff and the Class to work, and/or controlled their wages, hours, or

21               working conditions.

22       10.   Plaintiff is informed and believes, and based upon that information and belief

23   alleges, that Defendant Wells Fargo & Company is, and at all times herein mentioned, was:

24           (a)   A Delaware corporation with its principal place of business in San

25               Bernardino, California;

26           (b)   A business entity conducting business in numerous counties throughout the

27               State of California, including in San Bernardino County; and,

28           (c)   The former employer of Plaintiff, and the current and/or former employer

of the putative Class. Wells Fargo & Company suffered and permitted. Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions.

11. Plaintiff does not know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

12. At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Class in the State of California.

13. Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. Plaintiff Tonika Nadine Cora worked for Defendants in the County of San Bernardino, State of California, as an operations processor in the automobile division from

4

CLASS ACTION COMPLAINT

approximately October 2001 to June 2018. Defendants paid Plaintiff on an hourly basis and classified her as non-exempt from overtime. Throughout her employment, there were times when Plaintiff worked over 8 hours in a workday and over 40 hours in a workweek, such as the pay period beginning on February 19, 2017 and ending on March 4, 2017.

15. Throughout the statutory period, Defendants failed to pay Plaintiff for all hours worked (including minimum wages, straight time wages, and overtime wages), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff. As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

16. Throughout the statutory period, Defendants failed to pay Plaintiff and the Class for all hours worked (including minimum wages and straight time wages). Defendants regularly used a system of time rounding in a manner that results, over a period of time, in a failure to compensate Plaintiff and the Class properly for all the time they actually worked, even though the realities of Defendants' operations are such that it is possible, practical, and feasible to count and pay for work time to the minute. Due to Defendants' time rounding, Plaintiff and the Class are frequently paid for less than all their work time. Some of this unpaid work should have been paid at the overtime rate, including on the pay period beginning on February 19, 2017 and ending on March 4, 2017.

17. Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods. Defendants regularly, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Indeed, Defendants required Plaintiff and the Class to work in lieu of taking a 30-minute, duty-free meal periods because there was too much work to do, and this occurred at least once a month, including the pay period beginning on February 19, 2017 and ending on March 4, 2017 and the pay period beginning on March 5, 2017

5

CLASS ACTION COMPLAINT

and ending on March 18, 2017. Defendants also did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Moreover, Defendants did not have adequate written policies or practices providing meal periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of meal periods. Defendants also did not have adequate policies or practices to document and verify whether Plaintiff and the Class were taking their required meal periods. Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law.

18.     Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods. Defendants regularly, but not always, required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted. Indeed, Defendants required Plaintiff and the Class to work in lieu of taking 10-minute, paid, duty-free rest periods because there was too much work to do, and this occurred at least once a month, including the pay period beginning on February 19, 2017 and ending on March 4, 2017 and the pay period beginning on March 5, 2017 and ending on March 18, 2017. Defendants also did not adequately inform Plaintiff and the Class of their right to take a rest period. Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods. Defendants also did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods. Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiff and the Class took rest periods during the middle of each work period. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

6

CLASS ACTION COMPLAINT

19.     Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all wages for all minimum wages, straight time wages, overtime wages, meal period premium wages, and rest period premium wages.

20.     Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law). As a result of these violations of California Labor Code § 226(a), Plaintiff and the Class suffered injury because, among other things:

      (a)     the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

      (b)     the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages to which they were entitled, even though they had not been;

      (c)     the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

      (d)     the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

      (e)     the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium owed to them;

      (f)     in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have

7

to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g) by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h) the wage statements inaccurately understated the wages, hours, and wage rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code § 226(e).

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

22. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

23. The proposed Class consists of and is defined as:

All persons who worked for any Defendant in California as an hourly-paid, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action until resolution of this lawsuit and who are or were employed in the automobile loan division, or similar department relating to automobile loans and recovery.

24. At all material times, Plaintiff was a member of the Class.

25. Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

26. There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a)   Numerosity:  The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b)   Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c)   Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no conflicts with or interests antagonistic to any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)   Superiority:  A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2)   The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3)   The desirability or undesirability of concentrating the litigation of

9
CLASS ACTION COMPLAINT

1   the claims in the particular forum; and

2   4)   The difficulties likely to be encountered in the management of a

3   class action.

4   (e)   Public Policy Considerations: The public policy of the State of California

5   is to resolve the California Labor Code claims of many employees through

6   a class action. Indeed, current employees are often afraid to assert their

7   rights out of fear of direct or indirect retaliation. Former employees are

8   also fearful of bringing actions because they believe their former

9   employers might damage their future endeavors through negative

10   references and/or other means. Class actions provide the class members

11   who are not named in the complaint with a type of anonymity that allows

12   for the vindication of their rights at the same time as their privacy is

13   protected.

14   27.   There are common questions of law and fact as to the Class (and each subclass, if

15   any) that predominate over questions affecting only individual members, including without

16   limitation, whether, as alleged herein, Defendants have:

17   (a)   Failed to pay Class Members for all hours worked, including minimum

18   wages, straight time wages, and overtime wages;

19   (b)   Failed to provide meal periods and pay meal period premium wages to

20   Class Members;

21   (c)   Failed to authorize and permit rest periods and pay rest period premium

22   wages to Class Members;

23   (d)   Failed to promptly pay all wages due to Class Members upon their

24   discharge or resignation;

25   (e)   Failed to provide Class Members with accurate wages statements;

26   (f)   Failed to maintain accurate records of all hours Class Members worked,

27   and all meal periods Class Members took or missed; and

28

10

CLASS ACTION COMPLAINT

1          (g)     Violated California Business & Professions Code §§ 17200 *et. seq.* as a

2                    result of their illegal conduct as described above.

3      28.    This Court should permit this action to be maintained as a class action pursuant to

4  California Code of Civil Procedure § 382 because:

5          (a)     The questions of law and fact common to the Class predominate over any

6                    question affecting only individual members;

7          (b)     A class action is superior to any other available method for the fair and

8                    efficient adjudication of the claims of the members of the Class;

9          (c)     The members of the Class are so numerous that it is impractical to bring all

10                   members of the class before the Court;

11         (d)     Plaintiff, and the other members of the Class, will not be able to obtain

12                  effective and economic legal redress unless the action is maintained as a

13                  class action;

14         (e)     There is a community of interest in obtaining appropriate legal and

15                  equitable relief for the statutory violations, and in obtaining adequate

16                  compensation for the damages and injuries for which Defendants are

17                  responsible in an amount sufficient to adequately compensate the members

18                  of the Class for the injuries sustained;

19         (f)     Without class certification, the prosecution of separate actions by

20                  individual members of the class would create a risk of:

21             1)     Inconsistent or varying adjudications with respect to individual

22                    members of the Class which would establish incompatible standards

23                    of conduct for Defendants; and/or

24              2)     Adjudications with respect to the individual members which would,

25                    as a practical matter, be dispositive of the interests of other

26                    members not parties to the adjudications, or would substantially

27                    impair or impede their ability to protect their interests, including but

28                    not limited to the potential for exhausting the funds available from

CLASS ACTION COMPLAINT

those parties who are, or may be, responsible Defendants; and,

(g)    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

29.    Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, Plaintiff would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

## FIRST CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Minimum and Straight Time Wages for All Hours Worked)

30.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

31.    "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

32.    At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked. By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

33.    Accordingly, Plaintiff and the Class are entitled to recover minimum and straight time wages for all non-overtime hours worked for Defendants.

34.    By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

12

35.     By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

36.     By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

37.     Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

38.     California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum and straight time wages.  However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a month.

39.     Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum and straight time wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## SECOND CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Overtime Wages)

40.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

41.     California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

42.     California Labor Code §§ 1194 and 1198 provide that employees in California

CLASS ACTION COMPLAINT

1  shall not be employed more than eight hours in any workday unless they receive additional

2  compensation beyond their regular wages in amounts specified by law. Additionally, California

3  Labor Code § 1198 states that the employment of an employee for longer hours than those fixed

4  by the Industrial Welfare Commission is unlawful.

5       43.   At all times relevant hereto, Plaintiff and the Class have worked more than eight

6  hours in a workday, as employees of Defendants.

7       44.   At all times relevant hereto, Defendants failed to pay Plaintiff and the Class

8  overtime compensation for the hours they have worked in excess of the maximum hours

9  permissible by law as required by California Labor Code § 510 and 1198. Plaintiff and the Class

10  are regularly required to work overtime hours.

11       45.   By virtue of Defendants' unlawful failure to pay additional premium rate

12  compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the

13  Class have suffered, and will continue to suffer, damages in amounts which are presently

14  unknown to them but which exceed the jurisdictional minimum of this Court and which will be

15  ascertained according to proof at trial.

16       46.   By failing to keep adequate time records required by Labor Code § 1174(d),

17  Defendants have made it difficult to calculate the full extent of overtime compensation due to

18  Plaintiff and the Class.

19       47.   Plaintiff and the Class also request recovery of overtime compensation according

20  to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well

21  as the assessment of any statutory penalties against Defendants, in a sum as provided by the

22  California Labor Code and/or other statutes.

23       48.   California Labor Code § 204 requires employers to provide employees with all

24  wages due and payable twice a month. The Wage Orders also provide that every employer shall

25  pay to each employee, on the established payday for the period involved, overtime wages for all

26  overtime hours worked in the payroll period. Defendants failed to provide Plaintiff and the Class

27  with all compensation due, in violation of California Labor Code § 204.

28

CLASS ACTION COMPLAINT

1

### THIRD CAUSE OF ACTION

2

### (Against All Defendants for Failure to Provide Meal Periods)

3      49.     Plaintiff incorporates by reference and re-alleges as if fully stated herein

4    paragraphs 1 through 20 in this Complaint.

5      50.     Under California law, Defendants have an affirmative obligation to relieve the

6    Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the

7    start of Plaintiff and the Class' sixth hour of work in a workday, and to take their second meal

8    periods no later than the start of the eleventh hour of work in the workday. Section 512 of the

9    California Labor Code, and Section 11 of the applicable Wage Orders require that an employer

10   provide unpaid meal periods of at least 30 minutes for each five-hour period worked. It is a

11   violation of Section 226.7 of the California Labor Code for an employer to require any employee

12   to work during any meal period mandated under any Wage Order.

13     51.     Despite these legal requirements, Defendants regularly failed to provide

14   Plaintiff and the Class with both meal periods as required by California law.  By their failure to

15   permit and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to

16   the fact that Defendants made it impossible or impracticable to take these uninterrupted meal

17   periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor

18   Code and the applicable Wage Orders.

19     52.     Under California law, Plaintiff and the Class are entitled to be paid one hour of

20   additional wages for each workday he or she was not provided with all required meal period(s),

21   plus interest thereon.

22

### FOURTH CAUSE OF ACTION

23

### (Against All Defendants for Failure to Authorize and Permit Rest Periods)

24     53.     Plaintiff incorporates by reference and re-alleges as if fully stated herein

25   paragraphs 1 through 20 in this Complaint.

26     54.     Defendants are required by California law to authorize and permit breaks of 10

27   uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than

28   two hours).  Section 512 of the California Labor Code, the applicable Wage Orders require that

the employer permit and authorize all employees to take paid rest periods of 10 minutes each for each 4-hour period worked. Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks. Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws. It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any rest period mandated under any Wage Order.

55.    Despite these legal requirements, Defendants failed to authorize Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than 4 hours in a workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or, due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

56.    Under California law, Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s), plus interest thereon.

## FIFTH CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)

57.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

58.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

59.    Within the applicable statute of limitations, the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by quitting or discharge, and the

CLASS ACTION COMPLAINT

1    employment of others will be. However, during the relevant time period, Defendants failed, and

2    continue to fail to pay terminated Class Members, without abatement, all wages required to be

3    paid by California Labor Code sections 201 and 202 either at the time of discharge, or within

4    seventy-two (72) hours of their leaving Defendants' employ.

5           60.     Defendants' failure to pay Plaintiff and those Class members who are no longer

6    employed by Defendants their wages earned and unpaid at the time of discharge, or within

7    seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor

8    Code §§ 201 and 202.

9           61.     California Labor Code § 203 provides that if an employer willfully fails to pay

10    wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

11    continue as a penalty wage from the due date, and at the same rate until paid or until an action is

12    commenced; but the wages shall not continue for more than thirty (30) days.

13           62.     Plaintiff and the Class are entitled to recover from Defendants their additionally

14    accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days

15    maximum pursuant to California Labor Code § 203.

16           63.     Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the

17    Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs

18    incurred in this action.

19                         **SIXTH CAUSE OF ACTION**

20          (Against all Defendants for Failure to Provide and Maintain Accurate and

21                         Compliant Wage Records)

22           64.     Plaintiff incorporates by reference and re-alleges as if fully stated herein

23    paragraphs 1 through 20 in this Complaint.

24           65.     At all material times set forth herein, California Labor Code § 226(a) provides that

25    every employer shall furnish each of his or her employees an accurate itemized wage statement

26    in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours

27    worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate

28    if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made

on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

66. Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

67. As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

68. Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

69. Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming. As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

70. Plaintiff and the Class are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

71. Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

## SEVENTH CAUSE OF ACTION

**(Against all Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)**

72.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

73.     Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

74.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public. Plaintiff seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

75.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, et seq.

76.     A violation of California Business & Professions Code §§ 17200, et seq. may be predicated on the violation of any state or federal law: All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200, et seq.

### Failure to Pay Minimum and Straight-Time Wages

77.     Defendants' failure to pay minimum wages, straight time wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, et seq.

### Failure to Pay Overtime Wages

78.     Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, et seq.

**Failure to Maintain Accurate Records of All Hours Worked**

79. Defendants' failure to maintain accurate records of all hours worked in accordance with California Labor Code § 1174.5 and the IWC Wage Orders constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, et seq.

**Failure to Provide Meal Periods**

80. Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, et seq.

**Failure to Maintain Accurate Records of Meal Periods**

81. Defendants' failure to maintain accurate records of employee meal periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, et seq.

**Failure to Authorize and Permit Rest Periods**

82. Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, et seq.

**Failure to Provide Accurate Itemized Wage Statements**

83. Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, et seq.

84. By and through their unfair, unlawful and/or fraudulent business practices, described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

85. Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

86. Plaintiff, individually, and on behalf of members of the putative Class, are entitled

1  to, and do, seek such relief as may be necessary to disgorge money and/or property which the

2  Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by

3  means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and

4  the Class are not obligated to establish individual knowledge of the wrongful practices of

5  Defendants in order to recover restitution.

6         87.    Plaintiff, individually, and on behalf of members of the putative class, are further

7  entitled to and do seek a declaration that the above described business practices are unfair,

8  unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them,

9  from engaging in any of the above-described unfair, unlawful and/or fraudulent business

10  practices in the future.

11         88.    Plaintiff, individually, and on behalf of members of the putative class, have no

12  plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members

13  suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business

14  practices.  As a result of the unfair, unlawful and/or fraudulent business practices described

15  above, Plaintiff, individually, and on behalf of members of the putative Class, suffered and will

16  continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from

17  continuing to engage in said unfair, unlawful and/or fraudulent business practices.

18         89.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth

19  herein above, they will continue to avoid paying the appropriate taxes, insurance and other

20  withholdings.

21         90.    Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff and

22  putative Class Members are entitled to restitution of the wages withheld and retained by

23  Defendants during a period that commences four years prior to the filing of this complaint; a

24  permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

25  Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure §

26  1021.5 and other applicable laws; and an award of costs.

27

28

## PRAYER FOR RELIEF

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, pray for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.     That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action;

2.     That Plaintiff be appointed as the representatives of the Class; and

3.     That counsel for Plaintiff be appointed as Class Counsel.

### As to the First Cause of Action

4.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum and straight time wages due;

5.     For general unpaid wages as may be appropriate;

6.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7.     For liquidated damages;

8.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

9.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

10.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

11.     For general unpaid wages at overtime wage rates as may be appropriate;

12.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

14. For such other and further relief as the Court may deem equitable and appropriate;

### As to the Third Cause of Action

15. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

16. For unpaid meal period premium wages as may be appropriate;

17. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

19. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

20. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

21. For unpaid rest period premium wages as may be appropriate;

22. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

24. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

25. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

26. For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

CLASS ACTION COMPLAINT

27.   For pre-judgment interest on any unpaid wages from the date such amounts were due;

28.   For reasonable attorneys' fees and for costs of suit incurred herein; and

29.   For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

30.   That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

31.   For statutory penalties pursuant to California Labor Code § 226(e);

32.   For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

33.   For reasonable attorneys' fees and for costs of suit incurred herein; and

34.   For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

35.   That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code §§ 17200, et seq. by failing to pay wages for all hours worked (including minimum, straight time, and overtime wages), failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, failing to maintain accurate records of all hours worked and meal periods, and failing to furnish accurate wage statements;

36.   For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

37.   For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 et seq.;

38.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

24

CLASS ACTION COMPLAINT

39.     For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq.*; and,

40.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to all Causes of Action</u>

41.     For any additional relief that the Court deems just and proper.

Dated: November 28, 2018                     Respectfully submitted,

                                             MOON & YANG, APC

                                    By:      _____
                                             Kane Moon
                                             Justin F. Marquez
                                             Allen Feghali
                                             Attorneys for Plaintiff


<u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated: November 28, 2018                     MOON & YANG, APC

                                    By:      _____
                                             Kane Moon
                                             Justin F. Marquez
                                             Allen Feghali
                                             Attorneys for Plaintiff


25
CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kane Moon (State Bar No. 249834) Justin F. Marquez (State Bar No. 262417) MOON & YANG, APC. 1055 W. Seventh Street, Suite 1880 Los Angeles, California 90017 TELEPHONE NO.: (213)232-3128    FAX NO.: (213)232-3125 | F I L E D SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO SAN BERNARDINO DISTRICT |

ATTORNEY FOR (Name): Plaintiff, Tonika Nadine Cota

DEC 0 3 2018

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 W. 3rd Street
MAILING ADDRESS: 247 W. 3rd Street
CITY AND ZIP CODE: San Bernardino, CA 92401
BRANCH NAME: Justice Center

BY: _____ ANDREA GARCIA, DEPUTY

CASE NAME:
Tonika Nadine Cota v. Wells Fargo Bank, N.A.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIVDS1831504 JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): Seven (7)
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 30, 2018

Kane Moon
_____
(TYPE OR PRINT NAME)                    ▶   _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210

CASE NO: CIVDS1831504

MOON & YANG, APC
1055 WEST SEVENTH ST
SUITE 1880
LOS ANGELES CA 90017

NOTICE OF TRIAL SETTING CONFERENCE

IN RE: CORA-V-WELLS FARGO

THIS CASE HAS BEEN ASSIGNED TO: DONNA GUNNELL GARZA IN DEPARTMENT S24
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

HEARING DATE: 06/03/19 at  8:30 in Dept. S24

DATE: 12/07/18  Nancy Eberhardt, Court Executive Officer
By: ANGELINE GARCIA

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 12/07/18
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 12/07/18 at San Bernardino, CA

BY: ANGELINE GARCIA

NOV/30/2018/FRI 05:31 PM                    FAX No.                          P. 033/033

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Tonika Nadine Cora
                                                    Case No. ___CIVDS1831504

vs.

Wells Fargo Bank, N.A.                    CERTIFICATE OF ASSIGNMENT

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the   SAN BERNARDINO
District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General          [ ] Collection

| | Nature of Action | Ground |
|---|---|---|
| [ ] | 1  Adoption | Petitioner resides within the district. |
| [ ] | 2  Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3  Contract | Performance in the district is expressly provided for. |
| [ ] | 4  Equity | The cause of action arose within the district. |
| [ ] | 5  Eminent Domain | The property is located within the district. |
| [ ] | 6  Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7  Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8  Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9  Mandate | The defendant functions wholly within the district. |
| [ ] | 10  Name Change | The petitioner resides within the district. |
| [ ] | 11  Personal Injury | The injury occurred within the district. |
| [ ] | 12  Personal Property | The property is located within the district. |
| [ ] | 13  Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14  Prohibition | The defendant functions wholly within the district. |
| [ ] | 15  Review | The defendant functions wholly within the district. |
| [ ] | 16  Title to Real Property | The property is located within the district. |
| [ ] | 17  Transferred Action | The lower court is located within the district. |
| [ ] | 18  Unlawful Detainer | The property is located within the district. |
| [ ] | 19  Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] | 20  Other: EMPLOYMENT | Class Action Wage & Hour |
| [ ] | 21  THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Wells Fargo Bank, N.A.                                    10750 4th Street
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)                (ADDRESS)

Rancho Cucamonga                          CA                          91730
(CITY)                                    (STATE)                     (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

November 30, 2018                    at   Los Angeles                          , California
                                                    _____
                                                    Signature of Attorney/Party

13-16503-360 Rev. 1/94                                              SB-16503

EXHIBIT "B"

# EXHIBIT "B"

NOV/30/2018/FRI 05:30 PM          FAX No.                          P. 029/033

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, N.A., a national association
(Please see attachment below)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TONIKA NADINE CORA, individually, and on behalf of all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 0 3 2018

BY _____ ANDREA GARCIA, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of San Bernardino

247 W. 3rd Street
San Bernardino, CA 92401

**CASE NUMBER:**
*(Número del Caso):* CIVDS1831504

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kane Moon, MOON & YANG, APC 1055 W. Seventh St., Ste. 1880 Los Angeles, CA 90017 (213) 232-3128

DATE: DEC 0 3 2018       Clerk, by _____ Andrea Garcia, Deputy
*(Fecha)*                *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): WELLS FARGO BANK, N.A., a national association

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☑ other (specify): business entity form unknown
4. ☑ by personal delivery on (date): 12/20/18

SUMMONS

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Tonika Nadine Cora v. Wells Fargo Bank, N.A. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

WELLS FARGO & COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive,

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

NOV/30/2018/FRI 05:30 PM        FAX No.             P. 029/033

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, N.A., a national association,
*(Please see attachment below)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TONIKA NADINE CORA, individually, and on behalf of all others
similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 0 3 2018

BY _____
ANDREA GARCIA, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Superior Court of San Bernardino <br><br> 247 W. 3rd Street <br> San Bernardino, CA 92401 | **CASE NUMBER:** <br> *(Número del Caso):* <br> **CIVDS1831504** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kane Moon, MOON & YANG, APC 1055 W. Seventh St., Ste. 1880 Los Angeles, CA 90017 (213) 232-3128

DATE:    DEC 0 3 2018       Clerk, by _____ Judith Garcia , Deputy
*(Fecha)*            *(Secretario)*           Andrea Garcia    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify): *Wells Fargo B. Company, a Delaware*
3. ☒ on behalf of (specify): *Corporation*

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
         ☐ other (specify):
4. ☒ by personal delivery on (date): **12/20/18**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Tonika Nadine Cora v. Wells Fargo Bank, N.A. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[  ] Plaintiff   [✓] Defendant   [  ] Cross-Complainant   [  ] Cross-Defendant

WELLS FARGO & COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive,

Page ___2___ of ___2___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

EXHIBIT "C"

# EXHIBIT "C"



# CSC

## Notice of Service of Process

AZH / ALL
**Transmittal Number:** 19126233
**Date Processed:** 12/21/2018

| | |
|---|---|
| **Primary Contact:** | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | Wells Fargo Bank, National Association<br>Entity ID Number 2013649 |
| **Entity Served:** | Wells Fargo Bank, N.A. |
| **Title of Action:** | Tonika Nadine Cora vs. Wells Fargo Bank, N.A. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court/Agency:** | San Bernardino County Superior Court, CA |
| **Case/Reference No:** | CIVDS1831504 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/20/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Kane Moon<br>213-232-3128 |
| **Client Requested Information:** | Matter Management User Groups: [LITIGATION Employee] |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com



**CSC**

# Notice of Service of Process

AZH / ALL
Transmittal Number: 19126222
Date Processed: 12/21/2018

| Primary Contact: | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
|---|---|

| | |
|---|---|
| Entity: | Wells Fargo & Company<br>Entity ID Number  1915501 |
| Entity Served: | Wells Fargo & Company |
| Title of Action: | Tonika Nadine Cora vs. Wells Fargo Bank, N.A. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court/Agency: | San Bernardino County Superior Court, CA |
| Case/Reference No: | CIVDS1831504 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 12/20/2018 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Kane Moon<br>213-232-3128 |
| Client Requested Information: | Matter Management User Groups: [LITIGATION Employee] |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT "D"

# EXHIBIT "D"



**Comptroller of the Currency**
**Administrator of National Banks**

Washington, DC 20219

### CERTIFIED ARTICLES OF ASSOCIATION

I, John Walsh, Acting Comptroller of the Currency, do hereby certify that the document hereto attached is a true and correct copy, as recorded in the Office of the Comptroller of the Currency, of the currently effective Articles of Association for "Wells Fargo Bank, National Association," Sioux Falls, South Dakota (Charter No. 1).



IN TESTIMONY WHEREOF, today, March 27, 2012, I have hereunto subscribed my name and caused my seal of office to be affixed to these presents at the U.S. Department of the Treasury, in the City of Washington, District of Columbia.

*John Walsh*

Acting Comptroller of the Currency

ARTICLES OF ASSOCIATION
OF
WELLS FARGO BANK, NATIONAL ASSOCIATION

## ARTICLE I - NAME

The title of this Association shall be Wells Fargo Bank, National Association. The Association may also use the abbreviation Wells Fargo Bank, N.A.

## ARTICLE II - OFFICES

1. <u>Main Office</u>. The main office of this Association shall be in the City of Sioux Falls, County of Minnehaha, State of South Dakota. The Board of Directors shall have the power to change the location of the main office to any other place within the limits of the City of Sioux Falls, without the approval of the shareholders but subject to the approval of the Comptroller of the Currency.

2. <u>Branch Offices</u>. The Board of Directors shall have the power to establish or change the location of any branch or branches of this Association to any other location, without the approval of the shareholders but subject to the approval of the Comptroller of the Currency.

3. <u>Conduct of Business</u>. The general business of the Association shall be conducted at its main office and its branches.

## ARTICLE III - BOARD OF DIRECTORS

1. <u>Number</u>. The Board of Directors of this Association shall consist of not less than five nor more than twenty-five persons, the exact number to be fixed and determined from time to time by resolution of a majority of the full Board of Directors or by resolution of the shareholders at any annual or special meeting thereof.

2. <u>Qualification</u>. Each director, during the full term of his or her directorship, shall own a minimum of $1,000 par value of stock of this Association or an equivalent interest, as determined by the Comptroller of the Currency, in any company which has control over this Association within the meaning of Section 2 of the Bank Holding Company Act of 1956.

3. <u>Vacancy</u>. The Board of Directors, by the vote of a majority of the full Board, may, between annual meetings of shareholders, fill vacancies created by the death, incapacity or resignation of any director and by the vote of a majority of the full Board may also, between annual meetings of shareholders, increase the membership of the Board by not more than four members and by like vote appoint qualified persons to fill the vacancies created thereby; provided, however, that at no time shall there be more than twenty-five directors of this Association; and provided further, however, that not more than two members may be added to the Board of Directors in the event that the total number of directors last elected by shareholders was fifteen or less.

4. Appointment of Officers. The Board of Directors shall appoint one of its members President of this Association, who shall act as Chairman of the Board, unless the Board appoints another director to act as Chairman. In the event the Board of Directors shall appoint a President and a Chairman, the Board shall designate which person shall act as the chief executive officer of this Association. The Board of Directors shall have the power to appoint one or more Vice Presidents and to appoint a Cashier and such other officers and employees as may be required to transact the business of this Association.

5. Powers. The Board of Directors shall have the power to define the duties of the officers and employees of this Association; to fix the salaries to be paid to them; to dismiss them; to require bonds from them and to fix the penalty thereof; to regulate the manner in which the increase of the capital of this Association shall be made; to manage and administer the business and affairs of this Association; to make all Bylaws that it may be lawful for them to make; and generally to do and perform all acts that it may be legal for a Board of Directors to do and perform.

## ARTICLE IV - MEETINGS OF SHAREHOLDERS

1. Annual Meeting. The annual meeting of the shareholders for the election of directors and the transaction of whatever other business may be brought before said meeting shall be held at the main office, or such other place as the Board of Directors may designate, on the day of each year specified therefor in the Bylaws, but if no election is held on that day, it may be held on any subsequent day according to the provisions of law; and all elections shall be held according to such lawful regulations as may be prescribed by the Board of Directors.

2. Special Meetings. The Board of Directors, the Chairman, the President, or any one or more shareholders owning, in the aggregate, not less than 25 percent of the stock of this Association, may call a special meeting of shareholders at any time.

3. Notice of Meetings. Unless otherwise provided by the laws of the United States, a notice of the time, place, and purpose of every annual and special meeting of the shareholders shall be given by first-class mail, postage prepaid, mailed at least ten days prior to the date of such meeting to each shareholder of record at his or her address as shown upon the books of this Association.

4. Written Consents. Any action required or permitted to be taken at an annual or special meeting of the shareholders of the Association may be taken without prior written notice and without any meeting if such action is taken by written action, containing a waiver of notice, signed by all of the shareholders entitled to vote on that action.

## ARTICLE V - CAPITAL

1. Capitalization. The amount of authorized capital stock of this Association shall be $1,122,000,000, divided into 112,200,000 shares of common stock of the par value of Ten Dollars ($10.00) each; but said capital stock may be increased or decreased from time to time, in accordance with the provisions of the laws of the United States.

- 2 -

2. <u>Voting Rights</u>. Each holder of common stock of the Association shall be entitled to vote on all matters, one vote for each share of common stock held by such holder. No holder of shares of the capital stock of any class of this Association shall have any pre-emptive or preferential right of subscription to any shares of any class of stock of this Association, whether now or hereafter authorized, or to any obligations convertible into stock of this Association, issued or sold, nor any right of subscription to any thereof other than such, if any, as the Board of Directors, in its discretion, may from time to time determine and at such price as the Board of Directors may from time to time fix.

3. <u>Debt Obligations</u>. The Association, at any time and from time to time, may authorize and issue debt obligations, whether or nor subordinated, without the approval of the shareholders.

## ARTICLE VI - PERPETUAL EXISTENCE

The corporate existence of this Association shall continue until terminated in accordance with the laws of the United States.

## ARTICLE VII - INDEMNIFICATION

To the extent permitted by 12 CFR 7.2014 and consistent with the requirements of 12 USC 1828(k) and the implementing regulations thereunder:

(a) <u>Elimination of Certain Liability of Directors</u>. A director of the Association shall not be personally liable to the Association or its shareholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Association or its shareholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit.

(b)(1) <u>Right to Indemnification</u>. Each person who was or is made a party or is threatened to be made a party to or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she, or a person of whom he or she is the legal representative, is or was a director or officer of the Association or is or was serving at the request of the Association as a director, officer, employee or agent of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to employee benefit plans, whether the basis of such proceeding is alleged action or inaction in an official capacity as a director, officer, employee, or agent or in any other capacity while serving as a director, officer, employee or agent, shall be indemnified and held harmless by the Association to the fullest extent authorized by the Delaware General Corporation Law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Association to provide broader indemnification rights than said law permitted the Association to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid or to be paid in settlement) reasonably incurred or suffered by such person in connection therewith and such indemnification shall

- 3 -

continue as to a person who has ceased to be a director, officer, employee or agent and shall inure to the benefit of his or her heirs, executors and administrators; provided, however, that the Association shall indemnify any such person seeking indemnification in connection with a proceeding (or part thereof) initiated by such person only if such proceeding (or part thereof) was authorized by the Board of Directors of the Association.  The right to indemnification conferred in this paragraph (b) shall be a contract right and shall include the right to be paid by the Association the expenses incurred in defending any such proceeding in advance of its final disposition; provided, however, that, if the Delaware General Corporation Law requires, the payment of such expenses incurred by a director of officer in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such person while a director or officer, including, without limitation, service to an employee benefit plan) in advance of the final disposition of a proceeding, shall be made only upon delivery to the Association of an undertaking, by or on behalf of such director or officer, to repay all amounts so advanced if it shall ultimately be determined that such director of officer is not entitled to be indemnified under this paragraph (b) or otherwise.  The Association may, by action of its Board of Directors, provide indemnification to employees and agents of the Association with the same scope and effect as the foregoing indemnification of directors and officers.

(2)  Non-Exclusivity of Rights.  The right to indemnification and the payment of expenses incurred in defending a proceeding in advance of its final disposition conferred in this paragraph (b) shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, provision of the Articles of Association, by-law, agreement, vote of shareholders or disinterested directors or otherwise.

(3)  Insurance. The Association may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Association or another corporation, partnership, joint venture, trust or other enterprise against any such expense, liability or loss, whether or not the Association would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

## ARTICLE VIII - AMENDMENT

These Articles of Association may be amended at any regular or special meeting of the shareholders by the affirmative vote of the holders of a majority of the stock of this Association, unless the vote of the holders of a greater amount of stock is required by law, and in that case by the vote of holders of such greater amount.

EXHIBIT "E"

# EXHIBIT "E"

THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
BRIANNA L. FRAZIER (SBN 297354)
Email: bfrazier@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendants
WELLS FARGO BANK, N.A. and WELLS FARGO &
COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| TONIKA NADINE CORA, individually, and on behalf of all others similarly situated, | CASE NO. CIVDS1831504 |
| Plaintiff, | Assigned for all purposes to Hon. Donna Gunnell Garza, Department S24 |
| vs. | **ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S CLASS ACTION COMPLAINT** |
| WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive, | Complaint Filed:   December 3, 2018 |
| Defendants. | |

430132

1       Defendant Wells Fargo Bank, N.A. ("Defendant"), for itself and no other

2   defendant, answers the unverified Class Action Complaint ("Complaint") of Plaintiff

3   Tonika Nadine Cora ("Plaintiff") as follows:

4       Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant

5   denies generally and specifically each and every allegation in the Complaint.  Defendant

6   further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or

7   that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or

8   omission on the part of Defendant, or any of its past or present agents, representatives, or

9   employees, acting in the course and scope of their employment.

10

11   FIRST AFFIRMATIVE DEFENSE

12       1.    The Complaint, and each and every purported cause of action

13   contained therein, fails to state facts sufficient to constitute a cause of action.

14

15   SECOND AFFIRMATIVE DEFENSE

16       2.    The Complaint, and each and every purported cause of action

17   contained therein, is barred in whole or in part by the applicable statute of limitations,

18   including but not limited to California Code of Civil Procedure Sections 337, 338, 339,

19   340, and 343, California Labor Code Section 203, and California Business and

20   Professions Code Section 17208.

21

22   THIRD AFFIRMATIVE DEFENSE

23       3.    The Complaint, and each and every purported cause of action

24   contained therein, is not proper for treatment as a class action because, among other

25   reasons:  (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff

26   cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of

27   claims; and (d) the individualized nature of Plaintiff's claims makes class treatment

28   inappropriate.

430132

2

| | |
|---|---|
| 1 | **FOURTH AFFIRMATIVE DEFENSE** |
| 2 | 4.   Plaintiff's purported cause of action for violation of Business and |
| 3 | Professions Code Section 17200, et seq. is barred because provisions of Section 17200, et |
| 4 | seq. violate the Due Process clause of the United States Constitution. |
| 5 | |
| 6 | **FIFTH AFFIRMATIVE DEFENSE** |
| 7 | 5.   Plaintiff's purported cause of action for violation of Business and |
| 8 | Professions Code Section 17200, et seq. is barred because Plaintiff, as a private litigant, |
| 9 | lacks standing to bring a claim for damages under California Business and Professions |
| 10 | Code Section 17203. |
| 11 | |
| 12 | **SIXTH AFFIRMATIVE DEFENSE** |
| 13 | 6.   Plaintiff's purported cause of action for violation of Business and |
| 14 | Professions Code Section 17200, et seq. is barred because the alleged unlawful business |
| 15 | practices, if any, are not unlawful. |
| 16 | |
| 17 | **SEVENTH AFFIRMATIVE DEFENSE** |
| 18 | 7.   Plaintiff's purported cause of action for violation of Business and |
| 19 | Professions Code Section 17200, et seq. is barred because the alleged unfair business |
| 20 | practices, if any, are not unfair within the meaning of Business and Professions Code |
| 21 | Section 17200, et seq. |
| 22 | |
| 23 | **EIGHTH AFFIRMATIVE DEFENSE** |
| 24 | 8.   The Complaint, and each and every purported cause of action |
| 25 | contained therein, is barred in whole or in part by the doctrine of unclean hands. |
| 26 | |
| 27 | |
| 28 | |

430132

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S CLASS ACTION COMPLAINT

1                                    NINTH AFFIRMATIVE DEFENSE

2               9.     The Complaint, and each and every purported cause of action

3   contained therein, is barred in whole or in part by the doctrine of waiver.

4

5                                    TENTH AFFIRMATIVE DEFENSE

6             10.    The Complaint, and each and every purported cause of action

7   contained therein, is barred in whole or in part by the doctrine of estoppel.

8

9                      ELEVENTH AFFIRMATIVE DEFENSE

10            11.    The Complaint, and each and every purported cause of action

11  contained therein, is barred in whole or in part by the *de minimis* doctrine.

12

13                    TWELFTH AFFIRMATIVE DEFENSE

14            12.    The Complaint, and each and every purported cause of action

15  contained therein, is barred to the extent Plaintiff and those similarly situated, if any,

16  consented to any alleged activity or conduct.

17

18                 THIRTEENTH AFFIRMATIVE DEFENSE

19            13.    Plaintiff and those similarly situated, if any, have failed to mitigate

20  their damages and, to the extent of such failure, any damages awarded should be reduced

21  accordingly.

22

23               FOURTEENTH AFFIRMATIVE DEFENSE

24            14.    To the extent Plaintiff and/or those similarly situated, if any, have

25  entered into a release encompassing causes of action alleged in the Complaint, their claims

26  are barred by that release.

27

28

430132

4

FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff and those similarly situated, if any, are barred from recovering penalties pursuant to California Labor Code Section 203 because: (a) Plaintiff has failed to plead facts sufficient to support allegations of willfulness; and (b) neither Defendant nor any agent or employee of Defendant acted willfully in failing to pay wages due, if any, to employees who terminated their employment with Defendant.

SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claims for penalties pursuant to California Labor Code Section 203 are barred, in whole or in part, because Defendant had a reasonable, honest and good faith belief that all of the wages earned by Plaintiff and those similarly situated, if any, had been paid to Plaintiff and those similarly situated, if any, in a timely and lawful manner at the time they were owed.

SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

1    EIGHTEENTH AFFIRMATIVE DEFENSE

2        18.    Plaintiff's claims for injunctive and other equitable relief are barred

3    because Plaintiff and those similarly situated, if any, have an adequate and complete

4    remedy at law.

5

6    NINETEENTH AFFIRMATIVE DEFENSE

7        19.    The Court has no jurisdiction over the subject matter of the Complaint,

8    or parts thereof, because Plaintiff has failed to exhaust her administrative remedies.

9

10   TWENTIETH AFFIRMATIVE DEFENSE

11       20.    Plaintiff and those similarly situated, if any, are not entitled to

12   penalties or compensation under the applicable Labor Code sections and/or Industrial

13   Welfare Commission Wage Order(s) because they were at all times authorized and

14   permitted to take meal and rest periods but freely chose to forego or waive them.

15

16   TWENTY-FIRST AFFIRMATIVE DEFENSE

17       21.    Certain members of the putative class are barred, in whole or in part,

18   from becoming a member of any purported class because of their agreement with

19   Defendant to resolve through individual arbitration all disputes arising out of their

20   employment with Defendant.

21

22   TWENTY-SECOND AFFIRMATIVE DEFENSE

23       22.    Defendant reserves the right to assert additional affirmative defenses

24   as discovery proceeds and it becomes aware of additional facts and circumstances that

25   provide the basis for additional affirmative defenses.

26

27   WHEREFORE, Defendant prays for judgment as follows:

28

430132

6

1        1.    That Plaintiff take nothing by reason of her Complaint;

2

3        2.    That the Complaint herein be dismissed in its entirety with prejudice,

4  and that judgment be entered for Defendant and against Plaintiff;

5

6        3.    That Defendant be awarded its reasonable costs and attorneys' fees;

7  and

8

9        4.    For such other and further relief as the Court deems just and proper.

10

11

12  DATED: January 18, 2019      KADING BRIGGS LLP

13                              THERESA A. KADING

                                  BRIANNA L. FRAZIER

14

15                          By: _____

16                                BRIANNA L. FRAZIER

17                          Attorneys for Defendants

18                          WELLS FARGO BANK, N.A. and WELLS

                                FARGO & COMPANY

19

20

21

22

23

24

25

26

27

28

430132

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S CLASS ACTION COMPLAINT

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) ss:
COUNTY OF ORANGE             )

     I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, CA 92618.

     On **January 18, 2019**, I served the foregoing document(s) described as:

**ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S CLASS ACTION COMPLAINT**

     on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Kane Moon | Attorneys for Plaintiff TONIKA NADINE |
| Justin F. Marquez | CORA |
| Allen Feghali | |
| MOON & YANG, APC | |
| 1055 W. Seventh St., Suite 1880 | Telephone:  (213) 232-3128 |
| Los Angeles, CA 90017 | Facsimile:  (213) 232-3125 |
| | Email:     kane.moon@moonyanglaw.com |
| | Email:     Justin.marquez@moonyanglaw.com |
| | Email:     allen.feghali@moonyanglaw.com |

☒  **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **BY ELECTRONIC SERVICE THROUGH NATIONWIDE LEGAL:** Pursuant to C.R.C. 2.251, I caused a copy of the foregoing document(s) to be uploaded to Nationwide Legal for electronic service on the above-referenced individuals.

☐  **BY ELECTRONIC SERVICE THROUGH ONE LEGAL ONLINE COURT SERVICES:** Pursuant to C.R.C. 2.251, I caused a copy of the foregoing document(s) to be uploaded to One Legal Online Court Services for electronic service on the above-referenced individuals.

☐  **BY FACSIMILE:** I caused said document(s) to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated.  Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s).  I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error.  A copy of said electronic confirmation is maintained in this office.

1

☐   **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of Kading
2       Briggs LLP for the collection and processing of correspondence for overnight delivery
      and know that the document(s) described herein will be deposited in a box or other
3       facility regularly maintained by the overnight delivery carrier.

☒   **STATE:** I declare under penalty of perjury under the laws of the State of California that
4       the above is true and correct.

5       Executed on **January 18, 2019**, at Irvine, California.

6

                               **Wendy Garcia**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "F"

# EXHIBIT "F"

THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
BRIANNA L. FRAZIER (SBN 297354)
Email: bfrazier@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendants
WELLS FARGO BANK, N.A. and WELLS FARGO &
COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| TONIKA NADINE CORA, individually, and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>           Defendants. | CASE NO. CIVDS1831504<br><br>Assigned for all purposes to Hon. Donna Gunnell Garza, Department S24<br><br>**ANSWER OF DEFENDANT WELLS FARGO & COMPANY TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed:   December 3, 2018 |

430140

1    Defendant Wells Fargo & Company ("Defendant"), for itself and no other

2  defendant, answers the unverified Class Action Complaint ("Complaint") of Plaintiff

3  Tonika Nadine Cora ("Plaintiff") as follows:

4    Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant

5  denies generally and specifically each and every allegation in the Complaint.  Defendant

6  further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or

7  that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or

8  omission on the part of Defendant, or any of its past or present agents, representatives, or

9  employees, acting in the course and scope of their employment.

10

11                    FIRST AFFIRMATIVE DEFENSE

12    1.    The Complaint, and each and every purported cause of action

13  contained therein, fails to state facts sufficient to constitute a cause of action.

14

15                  SECOND AFFIRMATIVE DEFENSE

16    2.    The Complaint, and each and every purported cause of action

17  contained therein, fails to state a cause of action against Defendant because Defendant was

18  not Plaintiff's employer nor was Defendant the employer of those similarly situated, if

19  any.

20

21                   THIRD AFFIRMATIVE DEFENSE

22    3.    The Complaint, and each and every purported cause of action

23  contained therein, is barred in whole or in part by the applicable statute of limitations,

24  including but not limited to California Code of Civil Procedure Sections 337, 338, 339,

25  340, and 343, California Labor Code Section 203, and California Business and

26  Professions Code Section 17208.

27

28

430140

2

1                               FOURTH AFFIRMATIVE DEFENSE

2          4.     The Complaint, and each and every purported cause of action

3 contained therein, is not proper for treatment as a class action because, among other

4 reasons: (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff

5 cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of

6 claims; and (d) the individualized nature of Plaintiff's claims makes class treatment

7 inappropriate.

8

9                                 FIFTH AFFIRMATIVE DEFENSE

10          5.     Plaintiff's purported cause of action for violation of Business and

11 Professions Code Section 17200, et seq. is barred because provisions of Section 17200, et

12 seq. violate the Due Process clause of the United States Constitution.

13

14                                 SIXTH AFFIRMATIVE DEFENSE

15          6.     Plaintiff's purported cause of action for violation of Business and

16 Professions Code Section 17200, et seq. is barred because Plaintiff, as a private litigant,

17 lacks standing to bring a claim for damages under California Business and Professions

18 Code Section 17203.

19

20                             SEVENTH AFFIRMATIVE DEFENSE

21          7.     Plaintiff's purported cause of action for violation of Business and

22 Professions Code Section 17200, et seq. is barred because the alleged unlawful business

23 practices, if any, are not unlawful.

24

25                             EIGHTH AFFIRMATIVE DEFENSE

26          8.     Plaintiff's purported cause of action for violation of Business and

27 Professions Code Section 17200, et seq. is barred because the alleged unfair business

28 practices, if any, are not unfair within the meaning of Business and Professions Code

                                                  3

1  Section 17200, et seq.

2

3                    NINTH AFFIRMATIVE DEFENSE

4          9.    The Complaint, and each and every purported cause of action

5  contained therein, is barred in whole or in part by the doctrine of unclean hands.

6

7                    TENTH AFFIRMATIVE DEFENSE

8          10.   The Complaint, and each and every purported cause of action

9  contained therein, is barred in whole or in part by the doctrine of waiver.

10

11                  ELEVENTH AFFIRMATIVE DEFENSE

12         11.   The Complaint, and each and every purported cause of action

13  contained therein, is barred in whole or in part by the doctrine of estoppel.

14

15                  TWELFTH AFFIRMATIVE DEFENSE

16         12.   The Complaint, and each and every purported cause of action

17  contained therein, is barred in whole or in part by the de minimis doctrine.

18

19                 THIRTEENTH AFFIRMATIVE DEFENSE

20         13.   The Complaint, and each and every purported cause of action

21  contained therein, is barred to the extent Plaintiff and those similarly situated, if any,

22  consented to any alleged activity or conduct.

23

24                 FOURTEENTH AFFIRMATIVE DEFENSE

25         14.   Plaintiff and those similarly situated, if any, have failed to mitigate

26  their damages and, to the extent of such failure, any damages awarded should be reduced

27  accordingly.

28

430140

ANSWER OF DEFENDANT WELLS FARGO & COMPANY TO PLAINTIFF'S CLASS ACTION COMPLAINT

### FIFTEENTH AFFIRMATIVE DEFENSE

15.   To the extent Plaintiff and/or those similarly situated, if any, have entered into a release encompassing causes of action alleged in the Complaint, their claims are barred by that release.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.   Plaintiff and those similarly situated, if any, are barred from recovering penalties pursuant to California Labor Code Section 203 because: (a) Plaintiff has failed to plead facts sufficient to support allegations of willfulness; and (b) neither Defendant nor any agent or employee of Defendant acted willfully in failing to pay wages due, if any, to employees who terminated their employment with Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.   Plaintiff's claims for penalties pursuant to California Labor Code Section 203 are barred, in whole or in part, because Defendant had a reasonable, honest and good faith belief that all of the wages earned by Plaintiff and those similarly situated, if any, had been paid to Plaintiff and those similarly situated, if any, in a timely and lawful manner at the time they were owed.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.   Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I,

1    the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15

2    of Article I, and other provisions of the California Constitution.

3

4                    NINETEENTH AFFIRMATIVE DEFENSE

5         19.    Plaintiff's claims for injunctive and other equitable relief are barred

6    because Plaintiff and those similarly situated, if any, have an adequate and complete

7    remedy at law.

8

9                    TWENTIETH AFFIRMATIVE DEFENSE

10        20.    The Court has no jurisdiction over the subject matter of the Complaint,

11   or parts thereof, because Plaintiff has failed to exhaust her administrative remedies.

12

13                   TWENTY-FIRST AFFIRMATIVE DEFENSE

14        21.    Plaintiff and those similarly situated, if any, are not entitled to

15   penalties or compensation under the applicable Labor Code sections and/or Industrial

16   Welfare Commission Wage Order(s) because they were at all times authorized and

17   permitted to take meal and rest periods but freely chose to forego or waive them.

18

19                   TWENTY-SECOND AFFIRMATIVE DEFENSE

20        22.    Certain members of the putative class are barred, in whole or in part,

21   from becoming a member of any purported class because of their agreement with

22   Defendant to resolve through individual arbitration all disputes arising out of their

23   employment with Defendant.

24

25                   TWENTY-THIRD AFFIRMATIVE DEFENSE

26        23.    Defendant reserves the right to assert additional affirmative defenses

27   as discovery proceeds and it becomes aware of additional facts and circumstances that

28   provide the basis for additional affirmative defenses.

430140

6

1    WHEREFORE, Defendant prays for judgment as follows:

2

3         1.    That Plaintiff take nothing by reason of her Complaint;

4

5         2.    That the Complaint herein be dismissed in its entirety with prejudice,

6    and that judgment be entered for Defendant and against Plaintiff;

7

8         3.    That Defendant be awarded its reasonable costs and attorneys' fees;

9    and

10

11        4.    For such other and further relief as the Court deems just and proper.

12

13

14   DATED: January 18, 2019        KADING BRIGGS LLP
                                    THERESA A. KADING
15                                  BRIANNA L. FRAZIER

16

17                                  By: _____
18                                       BRIANNA L. FRAZIER

19                                  Attorneys for Defendants
                                    WELLS FARGO BANK, N.A. and WELLS
20                                  FARGO & COMPANY

21

22

23

24

25

26

27

28

430140

7

ANSWER OF DEFENDANT WELLS FARGO & COMPANY TO PLAINTIFF'S CLASS ACTION COMPLAINT

1          **PROOF OF SERVICE**

2    STATE OF CALIFORNIA          )
                                  ) ss:
3    COUNTY OF ORANGE             )

4          I am employed in the County of Orange, State of California.  I am over the age of 18, and
     not a party to the within action.  My business address is Kading Briggs LLP, 100 Spectrum
5    Center Drive, Suite 800, Irvine, CA 92618.

6          On **January 18, 2019**, I served the foregoing document(s) described as:

7    **ANSWER OF DEFENDANT WELLS FARGO & COMPANY TO PLAINTIFF'S
     CLASS ACTION COMPLAINT**

8          on the interested parties by placing a true and correct copy thereof in a sealed envelope(s)
9    addressed as follows:

10   Kane Moon                          Attorneys for Plaintiff TONIKA NADINE
     Justin F. Marquez                  CORA
11   Allen Feghali
     MOON & YANG, APC
12   1055 W. Seventh St., Suite 1880    Telephone:    (213) 232-3128
     Los Angeles, CA 90017              Facsimile:    (213) 232-3125
13                                      Email:        kane.moon@moonyanglaw.com
                                        Email:        Justin.marquez@moonyanglaw.com
14                                      Email:        allen.feghali@moonyanglaw.com

15   ☒  **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in
        the United States mail at Irvine, California.  I am readily familiar with the practice of
16      Kading Briggs LLP for collection and processing correspondence for mailing.  Under that
        practice, it would be deposited with the United States Postal Service on that same day
17      with postage thereon fully prepaid at Irvine, California in the ordinary course of business.
        I am aware that on motion of the party served, service is presumed invalid if postal
18      cancellation date or postage meter date is more than one day after date of deposit for
        mailing in affidavit.
19
     ☐  **BY ELECTRONIC SERVICE THROUGH NATIONWIDE LEGAL:** Pursuant to
20      C.R.C. 2.251, I caused a copy of the foregoing document(s) to be uploaded to Nationwide
        Legal for electronic service on the above-referenced individuals.
21
     ☐  **BY ELECTRONIC SERVICE THROUGH ONE LEGAL ONLINE COURT
22      SERVICES:** Pursuant to C.R.C. 2.251, I caused a copy of the foregoing document(s) to
        be uploaded to One Legal Online Court Services for electronic service on the above-
23      referenced individuals.
     ☐  **BY FACSIMILE:** I caused said document(s) to be transmitted to a facsimile machine
24      maintained by the office of the addressee(s) at the facsimile machine number(s)
        indicated.  Said facsimile number(s) are the most recent numbers appearing on
25      documents filed and served by the addressee(s).  I received electronic confirmation from
        the facsimile machine that said document was successfully transmitted without error.  A
26      copy of said electronic confirmation is maintained in this office.

27

28

                              PROOF OF SERVICE

1

☐   **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of Kading
2   Briggs LLP for the collection and processing of correspondence for overnight delivery
and know that the document(s) described herein will be deposited in a box or other
3   facility regularly maintained by the overnight delivery carrier.

☒   **STATE:** I declare under penalty of perjury under the laws of the State of California that
4   the above is true and correct.

5   Executed on **January 18, 2019**, at Irvine, California.

6

                                                    **Wendy Garcia**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "G"

# EXHIBIT "G"

1  THERESA A. KADING (SBN 211469)
   Email: tkading@kadingbriggs.com
2  BRIANNA L. FRAZIER (SBN 297354)
   Email: bfrazier@kadingbriggs.com
3  KADING BRIGGS LLP
   100 Spectrum Center Drive, Suite 800
4  Irvine, California 92618
   Telephone: (949) 450-8040
5  Facsimile: (949) 450-8033

6  Attorneys for Defendants
   WELLS FARGO BANK, N.A. and WELLS FARGO &
7  COMPANY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SAN BERNARDINO

10

11

12  TONIKA NADINE CORA,                    CASE NO. CIVDS1831504
    individually, and on behalf of all
    others similarly situated,             Assigned for all purposes to Hon. Donna
13                                         Gunnell Garza, Department S24
                        Plaintiff,
14
        vs.
15                                         **DEFENDANTS WELLS FARGO BANK,
    WELLS FARGO BANK, N.A., a              N.A.'S AND WELLS FARGO &
16  national association; WELLS            COMPANY'S NOTICE TO ADVERSE
    FARGO & COMPANY, a Delaware            PARTY OF REMOVAL OF CIVIL
17  Corporation; and DOES 1 through        ACTION TO UNITED STATES DISTRICT
    10, inclusive,                         COURT PURSUANT TO 28 U.S.C. §§
18                                         1332(d) AND 1441 (DIVERSITY)**
                        Defendants.
19                                         Complaint Filed:   December 3, 2018

20

21

22

23

24

25

26

27

28

430733

DEFENDANTS' NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

1        PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in

2 the United States District Court for the Central District of California on January 18, 2019.

3 A copy of said Notice of Removal and supporting exhibits are attached to this Notice and

4 are served and filed herewith.

5

6

7 DATED: January 17, 2019         KADING BRIGGS LLP
                            THERESA A. KADING

8                             BRIANNA L. FRAZIER

9

10                 By: _____

11                           BRIANNA L. FRAZIER

12                 Attorneys for Defendants
                WELLS FARGO BANK, N.A. and WELLS

13                 FARGO & COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

DEFENDANTS' NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

EXHIBIT "H"

# EXHIBIT "H"

THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
BRIANNA L. FRAZIER (SBN 297354)
Email: bfrazier@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendants
WELLS FARGO BANK, N.A. and WELLS FARGO &
COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| TONIKA NADINE CORA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; a national association; WELLS FARGO & COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CIVDS1831504<br><br>Assigned for all purposes to Hon. Donna Gunnell Garza, Department S24<br><br>**DEFENDANTS WELLS FARGO BANK, N.A.'S AND WELLS FARGO & COMPANY'S NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332(d) AND 1441 (DIVERSITY)**<br><br>Complaint Filed:   December 3, 2018 |

430734

1    TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF SAN

2    BERNARDINO:

3

4           Attached hereto as Exhibit 1 is a true and correct copy of the Notice to Adverse

5    Party of Removal of this action to the United States District Court for the Central District

6    of California.  The original Notice of Removal of Civil Action to the United States District

7    Court was filed with the United States District Court for the Central District of California

8    with the attached exhibits on January 18, 2019.

9

10          The filing of said Notice of Removal effects the removal of the above-entitled

11   action from this Court.

12

13

14   DATED: January 17, 2019              KADING BRIGGS LLP
                                          THERESA A. KADING
15                                        BRIANNA L. FRAZIER

16

17                                        By: _____

18                                                BRIANNA L. FRAZIER

19                                        Attorneys for Defendants
                                          WELLS FARGO BANK, N.A. and WELLS
20                                        FARGO & COMPANY

21

22

23

24

25

26

27

28

430734                                          2

DEFENDANTS' NOTICE TO STATE COURT OF REMOVAL OF ACTION TO U.S. DISTRICT COURT