Kane Moon (SBN 249834)
    kane.moon@moonyanglaw.com
H. Scott Leviant (SBN 200834)
    scott.leviant@moonyanglaw.com
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIKA NADINE CORA, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>*Defendants*. | Case No. 5:19-cv-00109 TJH (SPx)<br><br>Assigned to: Hon. Terry J. Hatter, Jr.<br>Magistrate Judge: Hon. Sheri Pym<br><br><u>CLASS ACTION</u><br><br>**[PROPOSED] ORDER:**<br><br>1. **CONDITIONALLY CERTIFYING SETTLEMENT CLASS;**<br>2. **PRELIMINARILY APPROVING PROPOSED SETTLEMENT;**<br>3. **APPROVING NOTICE TO CLASS; AND**<br>4. **SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT**<br><br>Action Filed: December 3, 2018<br>Action removed: January 18, 2019 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff Tonika Nadine Cora ("Plaintiff") and Defendants Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") and Wells Fargo & Company (collectively, "Defendants") have reached terms of settlement for a putative class action.

Plaintiff has filed a motion for preliminary approval of a class action settlement of the claims asserted against Defendants in this action, memorialized in the CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE BETWEEN PLAINTIFF AND DEFENDANT ("Settlement") (*see* Declaration of H. Scott Leviant In Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class ["Leviant Decl."], at Exh. 1) with attached Exhibits, including the proposed form of Notice. As part of the Settlement, Plaintiff has agreed to dismiss Wells Fargo & Company as a defendant.

The Settlement between Plaintiff and Wells Fargo (together, "the Parties") provides that the Parties stipulate to certification of a Class for settlement purposes only. The Settlement is conditioned upon, among other things, the Court's approval. Capitalized terms in this Order shall have the same meaning as in the Settlement unless indicated otherwise. A summary of the terms of the Settlement is as follows:

- Defendant stipulates to certification of a Settlement Class, to include all Class Members, for purposes of Settlement only. (Settlement, ¶ 19.)
- The Settlement Class is: those individuals who, according to Wells Fargo's personnel and payroll records, are or were employed by Wells Fargo in California as Collector 3's and/or Operations Processor 2's in the Auto Loan division at any time from December 3, 2014, through September 1, 2021 (this period shall be referred to as the "Class Period"). (Settlement, ¶ 7.b.) Excluded from the Settlement Class are: (1) any individual hired by Wells Fargo on or after December 11, 2015, when Wells Fargo implemented arbitration agreements containing a class action waiver; and (2) any individual who signed a

severance agreement containing a general release. (Settlement, ¶ 7.b.i.)

- Defendant agrees that $300,000.00, known as the "Gross Settlement Amount," plus the employer's share of any payroll taxes related to the settlement payments, represents the maximum amount that it will pay out under the Settlement, inclusive of the following: (a) payments to Participating Class and Collective Members; (b) the maximum gross amount for Class Counsel's attorneys' fees to be paid in accordance with the terms set forth in Paragraph 16, which is $75,000.00; (c) the maximum gross amount for all of Class Counsel's and the Class Representative's litigation costs and associated expenses, which shall not exceed $20,000; (d) the anticipated gross amount for claims administration costs, estimated at approximately $15,000; (e) the maximum gross amount for the service payment award to be made by Defendant to the Class Representative, in accordance with the terms set forth in Paragraph 14, which is a maximum $5,000; (f) the maximum gross amount for payment to the California Labor Workforce Development Agency as part of the consideration for the release of all Released Claims under PAGA, which is $22,500 (75% of $30,000 allocated to PAGA). (Settlement, ¶ 10.)
- Each Class Member who does not opt out (a "Participating Class Member") will be paid their share of the settlement, subject to certain taxes and withholdings. (Settlement, ¶ 11.)
- Each Collective Member will be paid a share of the FLSA Settlement Amount. (Settlement, ¶ 11.)
- Class Counsel will not seek an amount greater than $75,000.00 for attorneys' fees. (Settlement, ¶ 16.)
- Class Counsel will not seek an amount greater than $20,000 for litigation costs. (Settlement, ¶ 16.)

- The Class Representative service payment award requested will be $5,000. (Settlement, ¶ 14.)
- If a Class and/or Collective Member has not cashed his or her check(s) within 90 days of issuance, the funds representing the "uncashed checks" shall be transmitted by the Administrator to the California State Bar Justice Gap Fund (care of The State Bar of California, 180 Howard St., San Francisco, CA 94105). (Settlement, ¶ 29.)

After reviewing the Settlement, the proposed Class Notice, and other related documents, and having heard the argument of Counsel for respective parties, if any, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Court preliminarily finds that the proposed Class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiff are typical of the claims of the Class; and Plaintiff will fairly and adequately protect the interests of the Class. The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members. In the event the Final Judgment, this Order, or an Order Granting Final Approval of the proposed Settlement is overturned, reversed, not affirmed in its entirety or never becomes final, the Settlement Date does not occur or the Settlement is nullified or invalidated for any reason, the fact that the Parties were willing to stipulate to class certification for purposes of the Settlement shall have no bearing on, nor be admissible in connection with, any issue in this Action or in any other action.

2. The Parties' Settlement is granted preliminary approval as it meets the criteria for preliminary settlement approval. The Settlement falls within the range of

possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly. The Settlement appears to be presumptively valid subject only to resolution of any valid objections that may be raised at the Final Approval Hearing. The Court finds that it is appropriate to notify the members of the proposed Settlement Class of the terms of the proposed Settlement.

3. The Court specifically finds that the Parties had a bona fide dispute regarding the payment of wages, including overtime, and that the Settlement is fair, adequate, and reasonable with respect to the settlement of the Fair Labor Standards Act (FLSA) claim, as the settlement of the FLSA claim also appears to have been the product of serious, informed, and extensive arm's-length negotiations between the Parties and is well within the range of possible final approval. The Court accordingly approves the FLSA release for all Participating Collective Members as that term is defined in the Settlement Agreement.

4. The Court further finds that the settlement of Plaintiff's California Labor Code Private Attorney General Act ("PAGA") claim is fair and reasonable, and preliminarily approves the Settlement and release of that claim and the payment to the California Labor and Workforce and Development Agency in the amount of $22,500.

5. The Parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all Class Members whose identities are known to the parties, and such notice is the best notice practicable. The parties' proposed Class Notice (Leviant Decl., at Exh. C to the Settlement [Exh. 1]) is sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, their right to receive a payment under the Settlement or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing and is therefore approved.

6. The following persons are conditionally certified as Class Members solely for the purpose of entering a settlement in this matter:

> [T]hose individuals who, according to Wells Fargo's personnel and payroll records, are or were employed by Wells Fargo in California as Collector 3's and/or Operations Processor 2's in the Auto Loan division at any time from December 3, 2014, through September 1, 2021 (this period shall be referred to as the "Class Period"). (Settlement, ¶ 7.b.) Excluded from the Settlement Class are: (1) any individual hired by Wells Fargo on or after December 11, 2015, when Wells Fargo implemented arbitration agreements containing a class action waiver; and (2) any individual who signed a severance agreement containing a general release. (Settlement, ¶ 7.b.i.)

7. The following persons are conditionally certified as part of the Settlement Collective for purposes of settling the claim arising under the Fair Labor Standards Act:

> [T]hose individuals who, according to Wells Fargo's personnel and payroll records, are or were employed by Wells Fargo in California as Collector 3's and/or Operations Processor 2's in the Auto Loan division at any time from December 3, 2015, through September 1, 2021 (this period shall be referred to as the "Collective Period") who cash their FLSA Settlement Share checks consenting to join this Action as a party plaintiff under 29 U.S.C. § 216(b) and expressly releasing in writing any and all claims under the Fair Labor Standards Act of 1928, as amended, 29 U.S.C. §§ 201, *et seq.*, that are or could be based on or related to the same matters alleged in the Complaint and/or First Amended Complaint. (Settlement, ¶ 7.d.) The Settlement Collective shall exclude: (1) any individual hired by Wells Fargo on or after December 11, 2015, when Wells Fargo implemented arbitration agreements containing a class action waiver; and (2) any individual who signed a severance agreement containing a general release. (Settlement, ¶ 7.d.)

8.  Class Members will be bound by the Settlement unless they submit a timely and valid written request to be excluded from the Settlement within 45 days after mailing of the Class Notice by the Administrator.

9.  Prior to the Final Approval Hearing, Plaintiff shall file a motion for final approval of the settlement, and Class Counsel shall file a motion for an award of attorneys' fees, costs, and the service payment award.

10. Any Class Member who wishes to comment on or object specifically to the amount of attorney's fees requested by Class Counsel shall have until the date of the Final Approval Hearing to submit his or her comment or objection as to the amount of fees or appear and, if permitted by the Court, state any comment or objection as to the amount of fees requested.  To the extent possible, Plaintiff's Motion for an award of Attorney's Fees and Costs shall be set for hearing on the same day and at the same time that the Court hears Plaintiff's Motion for Final Approval.  Any comment submitted after the expiration of time to comment on or object to the Settlement generally but before the expiration of time to comment on or object to the amount of attorney's fees will not be considered other than as it pertains specifically to comments regarding the amount of attorney's fees.

11. Rust Consulting, Inc. is appointed to act as the Administrator, pursuant to the terms set forth in the Settlement.

12. Plaintiff Tonika Nadine Cora is appointed the Class Representative and the representative of the Settlement Class for settlement purposes.  Moon & Yang, APC, attorneys Kane Moon and H. Scott Leviant are appointed Class Counsel.  Class Counsel are authorized to act on behalf of the Class Representative and the Settlement Class with respect to all acts or consents required by or which may be given pursuant to the Settlement and such other acts reasonably necessary to consummate the Settlement.  The authority of Class Counsel includes entering into any modifications or amendments

to the Settlement on behalf of the Class Representative and the Settlement Class which they deem appropriate.

13. Defendant is directed to provide the Administrator not later than 21 days after the date of this order the name, most recent known mailing address, Social Security number, and dates during which each individual was employed by Wells Fargo as a Collector 3 or Operations Processor 2 in California during the Class Period, in accordance with the Settlement.

14. The Administrator is directed to mail the approved Class Notice by first-class mail to the Class Members in accordance with the Settlement.

15. The Court orders that a Qualified Settlement Fund, as defined in Treasury Regulations Section 1.468B-1, or other applicable law, shall be established to effectuate the terms of the Settlement and the orders of the Court. The Court hereby finds and orders that the Qualified Settlement Fund:

(a) Shall be established pursuant to this order of the Court prior to the receipt of any monies from Defendant.

(b) That it shall be established to resolve and satisfy the contested Claims that have resulted, or may result, from the matters that are the subject of this Action and that are released pursuant to the Settlement.

(c) That the contested Claims have given rise to multiple claims by the Class Members asserting liability arising out of tort, breach of contract or other violations of law; and,

(d) That the fund or account be established and its assets be segregated (within a separately established fund or account) from the assets of Defendant, and all related other persons in the meaning of Title 26, United States Code, Sections 267(b) and 707(b)(1).

16.    A final approval hearing will be held on _____, 2022, at _____ a.m./p.m., to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. At that time, the Court will hear all evidence and arguments necessary to evaluate the Settlement, will consider Plaintiff's request for the Class Representative Service Payment Award, and, to the extent scheduling permits, Class Counsel's request for an award of Attorney's Fees and Costs.

17.    Any Class Member may appear at the final approval hearing in person or by his or her own attorney, and offer to show cause why the Court should not approve the Settlement, or object to the motion for awards of the Class Representative Service Payment Award and Attorney's Fees and Costs. For any comments or objections to be considered at the hearing, the Class Member must submit a written objection in accordance with the deadlines set forth in the Class Notice, or as otherwise permitted by the Court.

18.    The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

19.    Neither this Order, the Settlement, nor any related statements or proceedings shall be construed or deemed an admission of liability, culpability, damage or wrongdoing on the part of Defendants, or of the appropriateness of certification of the Class or Collective other than for settlement purposes. If the Court does not finally approve the proposed Settlement that is the subject of this Order, all evidence, briefing, and proceedings related to the Settlement shall have no force and effect, and the Parties shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of the Settlement.

20.    To the extent permitted by law, pending final determination as to whether the Settlement should be approved, the Court hereby orders that the Class Representative and

1  all Settlement Class Members, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in this litigation, shall not prosecute any claims or actions against Defendant or other Released Parties (as defined in the Settlement) in any forum, which would be covered by the release of claims as defined in the Settlement.

21.  Pending further order of this Court, all proceedings in this action except those contemplated herein and in the Settlement are stayed.

**IT IS SO ORDERED.**

Dated: _____     _____
                                   Hon. Terry J. Hatter, Jr.
                                   UNITED STATES DISTRICT JUDGE