1  Kane Moon (SBN 249834)
       kane.moon@moonyanglaw.com
2  H. Scott Leviant (SBN 200834)
       scott.leviant@moonyanglaw.com
3  **MOON & YANG, APC**
   1055 W. Seventh St., Suite 1880
4  Los Angeles, California 90017
   Telephone: (213) 232-3128
5  Facsimile: (213) 232-3125

6  Attorneys for Plaintiff

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  TONIKA NADINE CORA, individually,      Case No. 5:19-cv-00109 TJH (SPx)
    and on behalf of all others similarly
12  situated,                              Assigned to: Hon. Terry J. Hatter, Jr.
                                           Magistrate Judge: Hon. Sheri Pym
13              *Plaintiff*,
                                           CLASS ACTION
14         vs.

15  WELLS FARGO BANK, N.A., a national     **SECOND AMENDED ORDER AND
    association; WELLS FARGO &             JUDGMENT:**
16  COMPANY, a Delaware Corporation;
    and DOES 1 through 10, inclusive,      **1. CERTIFYING SETTLEMENT
17                                             CLASS;**
                *Defendants*.              **2. FINALLY APPROVING
18                                             PROPOSED SETTLEMENT;**
                                           **3. AWARDING FEES AND COSTS
19                                             TO CLASS COUNSEL;**
                                           **4. AWARDING SERVICE PAYMENT
20                                             TO PLAINTIFF; AND,**
                                           **5. DIRECTING ENTRY OF
21                                             JUDGMENT  [35][43]**

22

23                                         Action Filed: December 3, 2018
                                           Action removed: January 18, 2019
24

25

26

27

28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff Tonika Nadine Cora ("Plaintiff") and Defendants Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") and Wells Fargo & Company (collectively, "Defendants") have reached terms of settlement for a putative class action.

Plaintiff has filed a motion for final approval of a class action and PAGA action settlement of the claims asserted against Defendant in this action, memorialized in the CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE BETWEEN PLAINTIFF AND DEFENDANT ("Settlement"). The Settlement is attached hereto as Exhibit 1. Plaintiff has agreed to dismiss Wells Fargo & Company as a defendant as a condition of the Settlement.

The Settlement between Plaintiff and Wells Fargo (together, "the Parties") provides that the Parties stipulate to certification of a Class for settlement purposes only. The Settlement is conditioned upon, among other things, the Court's approval. Capitalized terms in this Order shall have the same meaning as in the Settlement unless indicated otherwise.

After reviewing the Settlement, the evidence indicating completion of the Notice process, and other related documents, and having heard the argument of Counsel for respective parties, **IT IS HEREBY ORDERED AS FOLLOWS**:

1.     The Court finds that the proposed class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiff are typical of the claims of the Class; and Plaintiff will fairly and adequately protect the interests of the Class. The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members.

2.     The Parties' settlement is finally approved as fair, adequate, and reasonable.

3.     The following persons are certified as Class Members solely for the purpose of entering a settlement in this matter:

> [T]hose individuals who, according to Wells Fargo's personnel and payroll records, are or were employed by Wells Fargo in California as Collector 3's and/or Operations Processor 2's in the Auto Loan division at any time from December 3, 2014, through September 1, 2021 (this period shall be referred to as the "Class Period"). (Settlement, ¶ 7.b.) Excluded from the Settlement Class are: (1) any individual hired by Wells Fargo on or after December 11, 2015, when Wells Fargo implemented arbitration agreements containing a class action waiver; and (2) any individual who signed a severance agreement containing a general release.

(Exhibit 1, Settlement, ¶ 7.b.i.) Participating Class Members are those Class Members who did not timely request exclusion from the Settlement. Based on the Declaration of Abigail Schwartz for Rust Consulting, Inc., there are no Class Members who submitted a valid and timely Request for Exclusion pursuant to the Settlement.

4.     The following persons are certified as part of the Settlement Collective for purposes of settling the claim arising under the Fair Labor Standards Act:

> [T]hose individuals who, according to Wells Fargo's personnel and payroll records, are or were employed by Wells Fargo in California as Collector 3's and/or Operations Processor 2's in the Auto Loan division at any time from December 3, 2015, through September 1, 2021 (this period shall be referred to as the "Collective Period") who cash their FLSA Settlement Share checks consenting to join this Action as a party plaintiff under 29 U.S.C. § 216(b) and expressly releasing in writing any and all claims under the Fair Labor Standards Act of 1928, as amended, 29 U.S.C. §§

201, *et seq.*, that are or could be based on or related to the same matters alleged in the Complaint and/or First Amended Complaint. (Settlement, ¶ 7.d.) The Settlement Collective shall exclude: (1) any individual hired by Wells Fargo on or after December 11, 2015, when Wells Fargo implemented arbitration agreements containing a class action waiver; and (2) any individual who signed a severance agreement containing a general release.

(Exhibit 1, Settlement, ¶ 7.d.)

5.     The distribution of the Notice Packet directed to the Class Members as set forth in the Settlement and the Court's directions has been completed in conformity with the Preliminary Approval Order. The Notice Packet provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement terms as set forth in the Settlement, to all persons entitled to such Notice. The Notice fully satisfied the requirements of due process, having been sent to all Class Members who could be identified through reasonable effort, and was the best notice practicable under the circumstances. The Notice fully and accurately informed Class Members of all material elements of the proposed settlement and their opportunity to exclude themselves from, or object to, the Settlement.

6.     The Court hereby directs an initial payment to the Administrator, Rust Consulting, Inc., for fees and expenses, in the amount of $9,975.00, to be paid pursuant to the Settlement's terms for such distribution. The Court finds that the Administrator fully discharged its obligations as Administrator under the terms of the Settlement thus far, and the Administrator is directed to complete the administration as set forth in the Settlement.

7.     The proposed payment of $22,500.00 in civil penalties under the Labor Code Private Attorneys General Act of 2004 (Labor Code § 2698 et seq.) to the Labor and Workforce Development Agency is approved. The Court finds that the substantial risks identified in this matter could result in very substantial reductions in discretionary

penalties, if any were recovered. The Court approves the Settlement and release of the PAGA claim.

8.    The Court hereby awards Class Counsel, Moon & Yang, APC, $75,000.00 in attorney fees, which is twenty-five percent of the Gross Settlement Amount. The Court finds that the attorneys' fees awarded are reasonable compared to amounts routinely approved in similar settlements, as checked against the total lodestar information. Counsel proceeded on a contingency basis despite the uncertainty of any fee award. Counsel were necessarily precluded from pursuing other potential sources of fees because of work in connection with this Action. The Court also awards Class Counsel, Moon & Yang, APC, $17,857.97 as reimbursement of reasonable costs incurred in this matter.

9.    The Court hereby awards a Class Representative Service Payment Award of $5,000 to Plaintiff Tonika Nadine Cora, to be paid in accordance with the terms of the Settlement. The Court finds that this amount is fair and reasonable in light of Plaintiff's contributions to this litigation, and this amount is unopposed.

10.    The Court hereby directs payment to all Participating Class and Collective Members pursuant to the terms of the Settlement.

11.    Class Members are bound by the terms of the Settlement and this Final Approval Order and Judgment, including releases provided for in the Settlement and this Final Approval Order and Judgment. As of the effective date of the Settlement, by operation of this Final Approval Order and Judgment, each Participating Class Member, including Plaintiff, shall be deemed to have fully released, waived, relinquished, and discharged, to the fullest extent permitted by law, all Released Claims that he or she may have against the Released Parties. The Court permanently enjoins, bars, and forever precludes all Participating Class Members from initiating, pursuing, or prosecuting in any forum (or allowing to be initiated, pursued, or prosecuted in their own right or on their own behalf) any of the Released Claims.

12.    Class Members were given a full opportunity to participate in the Final Approval Hearing, and all Class Members and other persons wishing to be heard have been heard. As of the date of this Order and Judgment, no Class Member has objected to the terms of the Settlement. Participating Class Members who did not timely object to the settlement set forth in the Settlement are barred from prosecuting or pursuing any appeal of the Final Approval Order and Judgment.

13.    As set forth in paragraph 34 of the Settlement (Exhibit 1), entitled "Release of Claims," each Participating Class Member and each Participating Collective Member fully releases and discharges Defendant, its present, former, and future parents, including Wells Fargo & Company, its subsidiaries, affiliates, predecessors, successors and assigns, and each of their respective past and present members, shareholders, directors, officers, employees, agents, servants, registered representatives, insurers and attorneys (collectively hereafter, the "**Released Parties**") from any and all claims, debts, liabilities, demands, obligations, guarantees, actions, or causes of action of whatever kind or nature, whether known or unknown, from December 3, 2014, through September 1, 2021, that were or could have been alleged based on the claims, facts and/or allegations contained in Plaintiff's First Amended Complaint (hereinafter, the "**Released Claims**"), including those arising out of or related to all claims based on failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods, failure to provide rest periods, failure to pay meal period and/or rest period premium compensation, waiting time penalties for failure to pay all wages due upon termination of employment, failure to provide accurate wage statements, and violation of California Business & Professions Code Section 17200 *et seq*. including all claims of any kind for minimum wages, regular wages, overtime wages, premium pay, liquidated damages, statutory penalties, civil penalties, restitution, interest, injunctive relief, punitive damages, other damages, costs, expenses and attorneys' fees arising from the alleged violation of any provision of common law or statutory law which were or could

1  have been raised as part of Plaintiff's claims including but not limited to claims under
2  California Labor Code Sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512,
3  558, 1174, 1194, 1194.2, 1197, 1197.1, 1198, and 2698, *et seq.*, all provisions of the
4  California Industrial Welfare Commission Wage Orders that provide the same or similar
5  protection(s), and the FLSA; except that Settlement Collective Members who do not
6  cash their FLSA Settlement check will not release their claims under the FLSA. This
7  release includes releases of all PAGA remedies arising from or related to any of the
8  underlying claims that were or could have been brought in this Action.

9        14.    The Court directs that the Clerk of the Court enter the Court's Order as a
10  Final Judgment. Plaintiff and Class Members shall take nothing from Defendants
11  except as set forth in the Settlement and this Final Approval Order and Judgment.

12        15.    Wells Fargo & Company is dismissed as a defendant.

13        16.    The Court orders that, without affecting the finality of the Final Approval
14  Order and Judgment, it reserves continuing jurisdiction over the parties for the purposes
15  of implementing, enforcing and/or administering the Settlement or enforcing the terms
16  of the Judgment.

17        17.    Any checks issued by the Administrator to Participating Class Members
18  and Settlement Collective Members will be negotiable for at least ninety (90) calendar
19  days.  Those funds represented by settlement checks returned as undeliverable and those
20  settlement checks remaining un-cashed for more than ninety (90) calendar days after
21  issuance, plus any interest that accrued thereon, will be distributed as follows:

22        (a)    The first $3,370.00 of funds from uncashed checks will be
23               distributed to Rust Consulting, Inc., so that the full payment to Rust
24               Consulting, Inc. will be a maximum of $13,345.00, when including
25               the initial $9,975.00 payment.

26        (b)    After the payment to Rust Consulting, Inc., all remaining funds
27               from uncashed checks will be tendered to the California State Bar's

28

Justice Gap Fund, one of three significant sources of funding for
approximately 100 legal aid organizations serving indigent
individual and workers across the state of California, as the *cy pres*
recipient.

18.     Upon the completion by the Administrator of the issuance of all payments
to Participating Class and Collective Members, Class Counsel, Plaintiff, the
Administrator, and the California Labor and Workforce Development Agency, and
upon the expiration of the check negotiation period of ninety (90) calendar days, the
Administrator shall prepare a Declaration confirming all payments to date, the total
amount of uncashed checks, and the payment to be tendered to the California State
Bar's Justice Gap Fund as the *cy pres* recipient. The Declaration will include a list of all
Participating Collective Members.

19.     In the event the Judgment is overturned, reversed, not affirmed in its
entirety, or never becomes final, the Settlement Date does not occur, or the Settlement is
nullified or modified for any reason, Defendant does not waive any and all rights,
including its right to oppose class certification. The Settlement is a settlement document
and shall be inadmissible in evidence in any proceeding, except an action or proceeding
to approve, interpret, or enforce the Settlement.

20.     Neither the Settlement nor any of its terms, nor any order, Judgment, any
document, statement, proceeding or conduct related to the Settlement, nor any accounts
or reports thereof, shall in any event be: (a) construed as, offered or admitted in
evidence as, received as, or deemed to be evidence for any purpose adverse to the
Released Parties, including, but not limited to, evidence of a presumption, concession,
indication or admission by any of the Released Parties of any liability, fault,
wrongdoing, omission, concession or damage; and/or (b) disclosed, referred to or
offered or received in evidence against any of the Released Parties, in any further
proceeding in this Action, or in any other civil, criminal, administrative action or

proceeding of any type, except for the purposes of settling this Action pursuant to the terms of the Settlement, enforcing the Settlement or the Judgment or enforcing the release of the Released Claims; or used in any other way for any other purpose.

**IT IS SO ORDERED.**

Dated: APRIL 18, 2022

Hon. Terry J. Hatter, Jr.
UNITED STATES DISTRICT JUDGE

# Exhibit "1"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIKA NADINE CORA, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendant. | CASE NO. 5:19-cv-00109 TJH (SPx)<br><br>Assigned to: Hon. Terry J. Hatter, Jr. Magistrate Judge: Hon. Sheri Pym<br><br>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE BETWEEN PLAINTIFF AND DEFENDANT** |

501811

This Class Action Settlement Agreement and Release (hereinafter "**Settlement**" or "**Agreement**") is made and entered into by and between Plaintiff Tonika Nadine Cora (hereinafter, "**Plaintiff**" or "**Class Representative**"), individually and on behalf of the settlement class, and Defendant Wells Fargo Bank, N.A. (hereinafter "**Defendant**" or "**Wells Fargo**") (collectively, "**the Parties**") and subject to the approval of the Court.

1.   On December 3, 2018, Plaintiff Tonika Nadine Cora filed a Class Action Complaint in the San Bernardino County Superior Court, Case No. CIVDS1831504, against defendants Wells Fargo Bank, N.A. and Wells Fargo & Company, which Wells Fargo removed to the United States District Court, Central District of California, Case No. 5:19-cv-00109 TJH (SPx) (the "**Action**"). The Action is brought on behalf of all current and former employees who worked as Collector 3's and/or Operations Processors 2's in the Auto Loan division for Wells Fargo in the State of California during the period commencing from December 3, 2014, to the present. The Action alleges that Wells Fargo failed to pay for all wages earned, including overtime, failed to provide compliant meal periods and rest breaks, failed to timely pay all wages owed upon termination, failed to furnish accurate wage statements, and violated California Business & Professions Code Section 17200 *et seq*. Plaintiff has agreed to dismiss Wells Fargo & Company as a defendant as a term of this Settlement. The dismissal of Wells Fargo & Company as a defendant will be included as a provision of the Final Approval Order.

2.   On July 20, 2021, the Parties participated in a day-long mediation before Steve Rottman, a well-regarded mediator who has mediated many wage and hour class actions.

3.    Prior to the July 20, 2021 mediation, the Parties engaged in formal
discovery and also engaged in an informal exchange of information.
Defendant provided Plaintiff with documentation regarding its policies
regarding timekeeping, overtime, meal periods and rest breaks, as well as
time and payroll records for a sample of putative class members. Plaintiff
also received names and contact information for putative class members
who did not opt out of having their contact information provided to Plaintiff.
Furthermore, counsel for the Parties conferred extensively concerning this
information, the merits of the Parties' claims and/or defenses, and other
issues relevant to reaching a settlement.

4.    The Parties were able to reach a settlement in the days following the July 20,
2021, mediation.

5.    Plaintiff and her counsel have conducted sufficient discovery (formal and
informal) and analysis to evaluate the strengths and weaknesses of her
respective claims and Wells Fargo's defenses and to recommend this
Settlement to the Class Members and the Court.

**TERMS OF SETTLEMENT**

NOW, THEREFORE, in consideration of the mutual covenants, promises and
warranties set forth herein, the Parties agree, subject to the Court's approval, as
follows:

6.    Amended Complaint: As part of the settlement of this Action and for
purposes of this settlement only, Plaintiff will file a stipulation
("Stipulation") allowing her to file a First Amended Complaint in the Action.

-2-

501811

Plaintiff shall add claims for (i) unpaid wages, including overtime wages, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA Claim"); and (ii) civil penalties under California Labor Code Section 2698, *et seq.* ("PAGA"). The forms of the Stipulation and First Amended Complaint are attached hereto as **Exhibit "A."** Otherwise, the Amended Complaint will be identical to the current operative complaint in the Action.  If this Agreement does not become final for any reason, the Parties' willingness to stipulate to the filing of the First Amended Complaint shall have no bearing on, and will not be admissible in connection with, these issues in the Action or any subsequent proceeding. If this Agreement does not become final, neither the Parties nor their counsel will offer or make reference to this Stipulation for purposes of settlement in any subsequent proceeding in the Action or any other action.

7.    Definitions of Certain Settlement Terms:

a.    The word "**Person**" shall have the meaning set forth in Government Code Section 17.

b.    The "**Settlement Class**" consists of those individuals who, according to Wells Fargo's personnel and payroll records, are or were employed by Wells Fargo in California as Collector 3's and/or Operations Processor 2's in the Auto Loan division at any time from December 3, 2014, through September 1, 2021 (this period shall be referred to as the "**Class Period**").

i.    The Settlement Class shall exclude: (1) any individual hired by Wells Fargo on or after December 11, 2015, when Wells Fargo

-3-

implemented arbitration agreements containing a class action waiver; and (2) any individual who signed a severance agreement containing a general release.

ii.    The Parties acknowledge that this Settlement may require approval by federal regulators, including the Office of the Comptroller of the Currency (OCC), with the concurrence of the Federal Deposit Insurance Corporation (FDIC), pursuant to 12 C.F.R. Part 359 with respect to Class Members whose employment was terminated for any reason between November 18, 2016, and April 20, 2018. With respect to Class Members whose employment was terminated between November 18, 2016, and April 20, 2018, this Settlement is conditioned on such approval and concurrence, or a determination by the OCC, the FDIC, or both, as necessary, that no such approval is required.

c.    Each individual member of the Settlement Class shall be referred to as a "**Class Member**."

d.    The "**Settlement Collective**" consists of those individuals who, according to Wells Fargo's personnel and payroll records, are or were employed by Wells Fargo in California as Collector 3's and/or Operations Processor 2's in the Auto Loan division at any time from December 3, 2015, through September 1, 2021 (this period shall be referred to as the "**Collective Period**"). The Settlement Collective shall exclude: (1) any individual hired by Wells Fargo on or after December 11, 2015, when Wells Fargo implemented arbitration

501811

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

agreements containing a class action waiver; and (2) any individual who signed a severance agreement containing a general release.

e.    "**Collective Member**" means and refers to each individual member of the Settlement Collective for the FLSA Claim.

f.    "**Participating Class Members**" means and refers to Class Members, except those who timely submit a valid Request for Exclusion (as defined herein below) from this Settlement pursuant to the process described herein.

g.    "**Participating Collective Members**" means and refers to all Settlement Collective Members who consent to join the FLSA Claim by cashing their FLSA Settlement Share check in accordance with the Form (as defined herein below) without altering the consent to join and release language included on the back of their FLSA Settlement Share check (as detailed more fully below).

h.    "**Class Counsel**" means and refers to Moon & Yang, APC.

i.    "**Administrator**" means and refers to the administrator responsible for administering this settlement, Rust Consulting.

8.    <u>Settlement of Action</u>: This Action and any claims, damages, or causes of action alleged in this Action or that could have been alleged based on the allegations alleged in the Action, including any claims arising from the alleged violation of any provision of California and/or federal law which were or could have been raised as a part of the Action, shall be settled and

-5-

compromised as between the Settlement Class and Settlement Collective and each Participating Class and Collective Member, and Defendant, subject to the terms and conditions set forth in this Agreement and the approval of the United States District Court for the Central District of California.

9.   Settlement Date: The Settlement embodied in this Agreement shall become effective upon execution by all Parties, Class Counsel, counsel for Defendant, and final approval from the Court, following notice to the Class and Collective Members and a formal fairness hearing and entry of a final judgment by the Court in accordance with the terms herein.

10.   Settlement Amount.

a.   In consideration for this Settlement and a release by the Settlement Class, the Settlement Collective and each Participating Class and Collective Member, as provided herein, Defendant has agreed to pay Three Hundred Thousand Dollars ($300,000.00) (the "**Gross Settlement Amount**") plus the employer's share of any payroll taxes related to the settlement payments. In no event shall the amount paid by Defendant exceed the Gross Settlement Amount (plus the employer's share of any payroll taxes), and in no event shall any part of the Gross Settlement Amount revert to the Defendant.

b.   The "**Net Settlement Amount**" is defined as the Gross Settlement Amount, less all of the following: (1) $25,000 as consideration for release of FLSA claims by the Settlement Collective ("the **FLSA Settlement Amount**"); (2) all costs of settlement administration, estimated to be approximately $15,000; (3) attorneys' fees of up to

-6-

501811

$75,000 (the maximum amount of Class Counsel's fee application, pursuant to Paragraph 16, below); (4) Class Counsel's reasonable out-of-pocket costs (not to exceed $20,000), pursuant to Paragraph 16, below; (5) the Class Representative service payment award, pursuant to Paragraph 14, below, not to exceed the sum of $5,000; and (6) $22,500, which is seventy-five percent (75%) of the $30,000 earmarked for the release of Plaintiff's and each Settlement Class Member's PAGA claims, which will be paid to the California Labor and Workforce Development Agency ("LWDA").

11.   Settlement Formula and Distribution:

a. Subject to the conditions of this Agreement, Participating Class Members shall be entitled to a share (the "**Settlement Share**") of the Net Settlement Amount. The Net Settlement Amount is to be divided among all Participating Class Members, based on their pro-rata percentage of workweeks (determined by dividing the number of weeks worked by the Participating Class Member as a Collector 3 or Operations Processor 2 in California during the Class Period, by the total number of weeks worked by all Participating Class Members as a Collector 3 or Operations Processor 2 in California during the Class Period), such that the Participating Class Members shall receive a dollar amount calculated by multiplying his or her percentage by the Net Settlement Amount.

b. Subject to the conditions of this Agreement, Settlement Collective Members shall be entitled to a share ("the **FLSA Settlement Share**") of the FLSA Settlement Amount. Each FLSA Settlement Share shall be determined by dividing the FLSA Settlement Amount among all

-7-

501811

Settlement Collective Members as follows: The FLSA Settlement Amount is to be divided among all Settlement Collective Members, based on their pro-rata percentage of workweeks (determined by dividing the number of weeks worked by the Settlement Collective Member as a Collector 3 or Operations Processor 2 in California during the Collective Period, by the total number of weeks worked by all Settlement Collective Members as a Collector 3 or Operations Processor 2 in California during the Collective Period), such that the Settlement Collective Members shall receive a dollar amount calculated by multiplying his or her percentage by the FLSA Settlement Amount

12. <u>Reference to Wells Fargo's Records</u>: The number of weeks worked by Settlement Class and Settlement Collective Members as a Collector 3 or Operations Processor 2 in California during the relevant time period will be determined by reference to Wells Fargo's records. Wells Fargo's records shall be presumptively correct for determining who the Class Members and Collective Members are (including which individuals are excluded under Paragraph 7.b and 7.d above), and the number of weeks worked by the Class Member and/or Collective Member as a Collector 3 or Operations Processor 2 in California during the Class Period and/or Collective Period.

13. <u>Allocation of Settlement Payments</u>:

   a. One-half (1/2) of all Settlement Share payments to Participating Class Members shall be considered wages and shall be subject to the withholding of all applicable local, state and federal taxes. Participating Class Members will receive from the Administrator a W-2 for the payment and taxes that will be withheld at the rate required by law. As

-8-

501811

to all Settlement Share payments that shall be considered wages, Defendant (via the Administrator) will pay all amounts required by law to be paid by the employer to any federal, state or local tax authority.

b. One-half (1/2) of all Settlement Share payments to Participating Class Members and 100% of FLSA Settlement Share payments to Participating Collective Members shall be considered non-wages for the settlement of interest claims, liquidated damages, and statutory and civil penalty claims. Participating Class Members and Participating Collective Members will also receive from the Administrator an IRS Form 1099 for these payments, in accordance with IRS requirements, and will be responsible for correctly characterizing this compensation for tax purposes and to pay any taxes owing.

14. <u>Service Payment Award to Class Representative</u>: Subject to the approval of the Court, Defendant will pay Five Thousand Dollars ($5,000) to the Class Representative as a service payment award for her time and efforts as Class Representative and taking the risk of paying the costs of Defendant in the event of an unsuccessful outcome, as well as for her assistance to her counsel in prosecuting this Action on behalf of the absent class members.  This service payment award is in addition to her right to participate in the settlement distribution process. This service payment award shall be paid from the Gross Settlement Amount. In addition, the Class Representative will execute a general release of all known and unknown claims, substantially in the form attached hereto as **Exhibit "B,"** in exchange for her service payment award.

a. The Class Representative will receive an IRS Form 1099 for the

-9-

service payment award and will be responsible for correctly characterizing this compensation for tax purposes and to pay any taxes owing.

b.   The Class Representative hereby indemnifies and holds Defendant harmless for and against any action or liability of Class Representative, including but not limited to any costs and/or legal fees incurred by Defendant if any tax authority should dispute the characterization of this compensation.

c.   The Class Representative shall not be entitled to the payment set forth in the subparagraph above unless she provides a Social Security number or tax identification number.

d.   If the Court fails to approve or approves a lower service payment award to the Class Representative than provided for in this Agreement, the unapproved amount shall become part of the Net Settlement Amount to be allocated according to the terms of this Agreement.

15.   <u>PAGA Payment</u>: Defendant, via the Administrator and from the Gross Settlement Amount, will make a payment of $22,500 to the LWDA, which is the payment to the State of California for its share of civil penalties pursuant to PAGA, approved by the Court. This payment is 75% of the amount that the Parties have earmarked for the release of Plaintiff's and each Settlement Class Member's claims, if any, under the PAGA.

-10-

501811

16.    <u>Attorneys' Fees and Costs</u>

    a.    Class Counsel shall submit an application for an award of attorneys'
fees not to exceed Seventy Five Thousand Dollars ($75,000), which is
one-quarter (1/4) of the Gross Settlement Amount. The amount not to
exceed $75,000 will cover all work performed to date and all work to
be performed in connection with the approval by the Court of this
Agreement and the final conclusion of this Action. Defendant agrees
not to oppose any fee application that is not in excess of the amount
specified in this Paragraph.

    b.    Class Counsel shall submit an application for reimbursement of costs
and expenses in an amount not to exceed Twenty Thousand Dollars
($20,000).    The amount not to exceed $20,000 will cover all costs and
expenses incurred to date or to be incurred. This amount shall come
from the Gross Settlement Amount. Defendant agrees not to oppose
any cost and expense application that is not in excess of the amount
specified in this Paragraph.

    c.    If the Court fails to approve or approves a lower amount of attorneys'
fees and costs than the maximum amount that may be requested under
this Agreement, the unapproved amount shall become part of the Net
Settlement Amount to be allocated according to the terms of this
Agreement.

17.    <u>Payment Date</u>:    Defendant shall pay all amounts awarded and approved by
the Court, for payment to the Settlement Class, the Settlement Collective, the

-11-

501811

PAGA Payment, the service payment award, and attorneys' fees and costs on the "**Payment Date**," which shall be the latest of the following occurrences:

a.   Thirty (30) calendar days following the entry of a Judgment finally approving this Settlement, provided no objection is made to this Settlement prior to or at the hearing for final approval of this Settlement.

b.   If an objection to this Settlement is made before or at the hearing for final approval of this Settlement, then ninety (90) days after the notice of entry of a Judgment is served, provided that no appeal is filed.

c.   If an appeal has been taken or sought, fourteen (14) days after the date the Judgment finally approving this Settlement is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review, or the date the appeal(s) or other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

18.   <u>No Further Payments</u>: Defendant shall have no obligation to pay or provide any further consideration to any Class or Collective Member by reason of this Agreement or because of the foregoing payments, including but not limited to contributions to any 401(k) or other retirement or employee benefit plan, vacation or sick pay, etc.  Any payments made pursuant to this Agreement will not trigger any obligation of Defendant to make any withholding for 401(k) contributions or to make any contributions to any 401(k) or similar such plan.

-12-

501811

19.  **Certification for Settlement Purposes Only**: As part of this Agreement, the
Parties stipulate to the certification of the Settlement Class for purposes of
this Settlement only as an opt-out class. As part of this Agreement and for
settlement purposes only, the Parties stipulate to the certification of the
Settlement Collective as an opt-in collective action under 29 U.S.C. Section
216(b). If this Agreement does not become final for any reason, the Parties'
willingness to stipulate to certification as part of this Settlement shall have no
bearing on, and will not be admissible in connection with, the issue of
whether any class or collective should be certified in this case or in any
subsequent proceeding. The Parties and their counsel will not offer or make
reference to this provisional stipulation to class and/or collective certification
for purposes of this Settlement in any subsequent proceeding in this Action
(except for purposes of having this Agreement approved by the Court) or in
any other action.

20.  **Parties' Contentions**: In entering into this Agreement, Defendant denies any
liability or wrongdoing of any kind associated with the claims alleged in
Plaintiff's Complaint, and further denies that this Action is appropriate for
class treatment. Defendant contends, among other things, that it has
complied with the California Labor Code, the Business and Professions
Code, and the FLSA at all times. In entering into this Agreement, Plaintiff
believes that she has filed a meritorious action and that class certification is
appropriate.

21.  **Settlement Fair, Reasonable, and Adequate**: Plaintiff and her counsel are of
the opinion that the terms set forth in this Agreement are fair, reasonable, and
adequate and this Agreement is in the best interest of the class and collective
in light of all known facts and circumstances, including the risk of significant

-13-

501811

delay, defenses asserted by Defendant, and numerous potential appellate issues. Defendant and its counsel also agree that this Agreement is fair and in the best interests of the Settlement Class, the Settlement Collective, and each Class and Collective Member.

## THE SETTLEMENT ADMINISTRATOR

22.  <u>Selection of Administrator</u>: Subject to the Court's approval, Rust Consulting shall be retained as the Administrator.

23.  <u>Class List</u>: Within twenty-one (21) calendar days of the date the Court enters an order granting Plaintiff's Motion for Preliminary Approval (the "**Preliminary Approval Date**"), Defendant shall provide to the Administrator a listing containing, for each and every member of the Settlement Class and Settlement Collective, the following information: (1) name, (2) last known address, (3) dates during which each individual was employed by Wells Fargo as a Collector 3 or Operations Processor 2 in California; and (4) Social Security number.

24.  <u>Administrator's Duties</u>: The Administrator's duties will include preparing, printing, and mailing the Notice of Settlement to Settlement Class and Settlement Collective Members; conducting any necessary verifications of Class and/or Collective Member Social Security numbers; conducting a National Change of Address search on all Class and/or Collective Members before the initial Notice of Settlement mailing; conducting skip tracing on any Notice of Settlement returned by the U.S. Postal Service as non-deliverable, as needed, and re-mailing the Notice of Settlement to the Class or Collective Member's new address; reviewing and processing Requests for

-14-

Exclusion (as defined herein below) and objections to the Settlement; handling disputes made by Class and Collective Members; providing the Parties with periodic status reports about the delivery of Notice of Settlement, receipt of Requests for Exclusion and objections to the Settlement; calculating Settlement Shares; calculating FLSA Settlement Shares; issuing the checks to effectuate the payments due under the Settlement; issuing the tax reports required under this Settlement; having reverse positive pay services performed on all FLSA Settlement Share checks that are presented for payment, rejecting payment of any check that has any change to the consent to join or release language on the check and/or has not been signed by the payee, and notifying any Settlement Collective Member whose check was rejected for payment; and otherwise administering the Settlement pursuant to this Agreement.

25.    Qualified Settlement Fund: The Parties agree that the settlement funds will be placed in an account held by the Administrator to effectuate the terms of this Agreement and the orders of the Court. The Parties agree that the settlement fund (1) shall be established pursuant to an order of the Court prior to the receipt of any monies from Defendant; (2) that it shall be established to resolve and satisfy the contested Claims that have resulted, or may result, from the matters that are the subject of this Action and that are released by this Settlement; and (3) that the fund or account that is established and its assets are segregated and shall be segregated (within a separately established fund or account) from the assets of Defendant and all related other persons. The Administrator shall be responsible for establishing, administering and otherwise operating the settlement fund, including the preparation and filing of federal, state, and local tax returns.  The Administrator shall also be responsible for preparing and issuing all checks

-15-

501811

to the Participating Class Members, Settlement Collective Members, Plaintiff, the LWDA, Class Counsel, the employer's share of any payroll taxes and all checks for claims administration costs and expenses that are approved by the Court and any other payments included in this Agreement and approved by the Court.

26.   Administrator's Findings: The Administrator shall report, in summary or narrative form, the substance of its findings and, in that regard, the Administrator's approval of claims shall be considered presumptively correct and binding on the Parties, unless the Court rules otherwise.  The Administrator shall be granted reasonable access to Wells Fargo's records to perform its duties. All disputes relating to the Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Agreement. The Administrator submits to the jurisdiction of the Court in connection with its appointment as Administrator.

27.   Administrator's Reports: The Administrator shall provide weekly reports to counsel concerning receipt of Class Members' and Collective Members' requests for exclusion, objections and returned mail.

## ADMINISTRATION OF SETTLEMENT

28.   Notice of Settlement: Within thirty-five (35) days of the Preliminary Approval Date, the Notice of Settlement, in the form attached hereto as **Exhibit "C"**, and approved by the Court, shall be sent by the Administrator to each Class and Collective Member. The Notice of Settlement shall be sent by first class mail to each Class and Collective Member's current or last

-16-

known address on file at Defendant, following an updated review of the
National Change of Address Registry by the Administrator.

a.    Returned Notices: All Notice of Settlement mailing packets returned
from this mailing with forwarding addresses affixed thereto will be
utilized by the Administrator to locate the Class and Collective
Members through reasonable and customary skip tracing efforts used
in the administration of such settlements.

It will be presumed that if an envelope has not been returned within
thirty (30) days of the mailing that the Class or Collective Member
received the notice.

b.    The Administrator shall provide the Court, at least five (5) days prior
to the final fairness hearing, a declaration of due diligence and proof of
mailing with regard to the mailing of the Notice of Settlement, and all
attempts to locate Class and Collective Members. Class Counsel shall
be responsible for working with the Administrator to timely file the
declaration of due diligence.

29.    Administrator's Responsibility for Payment: The Administrator is
responsible for having the payments to each Participating Class Member and
Settlement Collective Member issued, calculating and withholding all
required state and federal taxes, and performing the tax reporting on such
payments, and performing the reverse positive pay services described in
Paragraph 24. Upon completion of its review, the Administrator shall
provide the Parties with a report listing the amount of payments made to each
Participating Class Member and Settlement Collective Member. This report

-17-

501811

will not contain names or identifying information of Participating Class Members or Settlement Collective Members. However, as required by Section 31, below, the Administrator will be required to either forward to Class Counsel a copy of the reverse side ("Form" side, or back side) of every settlement check endorsed by a Settlement Collective Member or attach said copies to the Administrator Declaration(s) described in Section 31, below, for filing with the Court. Settlement Share payments and FLSA Settlement Share payments will be made via separate settlement checks. Settlement checks will be valid for ninety (90) days. At the end of that 90-day period, settlement checks will be void. The amounts of any voided settlement checks shall be distributed to the California State Bar Justice Gap Fund (care of The State Bar of California, 180 Howard St., San Francisco, CA 94105).

30.  <u>Exclusions</u>: The Notice of Settlement shall describe the process for Class Members to submit a request for exclusion (i.e., "opt-out") ("**Request for Exclusion**") from this Settlement. Class Members who submit a Request for Exclusion cannot object to the Settlement, cannot be Participating Class Members, and are not eligible for a Settlement Share unless they revoke their Request for Exclusion in writing prior to the Final Fairness Hearing.

a.  Any Class Member who does not validly submit a Request for Exclusion within forty-five (45) days of the date the Notice of Settlement is sent to the Settlement Class shall be bound by the terms of this Agreement and the class release, even if he/she files an objection to the Settlement.

b.  No Class Member will be permitted to pursue a claim released by this Settlement on the grounds that a Request for Exclusion was submitted

-18-

timely and lost, destroyed, misplaced or otherwise not received by the
Administrator unless the Class Member has adequate proof that the
Request for Exclusion was mailed timely certified and return receipt
requested or has equivalent proof of timely delivery.

31. <u>FLSA Opt-In</u>: All FLSA Settlement Share checks shall contain, on the back
of the check, the following printed language ("Form"), which shall be the
consent to join required by the Fair Labor Standards Act:

VOID IF ALTERED OR IF NOT CASHED BEFORE [DATE]
POSITIVE I.D. REQUIRED
SIGNED ENDORSEMENT BY NAMED PAYEE IS REQUIRED
I dispute that I have received all wages I am owed and thus consent to join
the lawsuit Cora v. Wells Fargo Bank, N.A., USDC, CD of CA, Case No.
5:19-cv-00109 TJH. By signing below, I direct Class Counsel, as my
attorney, to file this consent with the Court, and I agree to release and not
sue Wells Fargo for unpaid wages under the Fair Labor Standards Act as
described in the class notice I received.

Endorsed: _____

[PAYEE'S NAME PRINTED BY RUST]

a. Any Settlement Collective Member who, without altering the Form,
signs and cashes his or her FLSA Settlement Share check will be bound
by the terms of this Agreement with respect to the FLSA release
(pursuant to Section 34). The Notice of Settlement will also explain that
by so cashing the FLSA Settlement Share check, the Settlement
Collective Members will be electing to opt in to the settlement of the
FLSA claim asserted against Defendant; will be authorizing Class
Counsel, as his/her attorney for the Action, to cause a copy of the Form
to be filed with the Court; will be asserting a claim for wages, including

-19-

501811

overtime, under the FLSA that allegedly have not been paid; and will be releasing and agreeing not to sue or otherwise to make a claim under the FLSA. Class Counsel, through Rust Consulting, will cause to be filed with the Court a copy of the Form endorsed by each Participating Collective Member within 14 days of the negotiation of the check.

b. Declarations from the Administrator of proofs of payments and a list of all Participating Collective Members will be filed with the Court 120 calendar days after FLSA Settlement Share checks are issued.  Such declarations shall be provided to Class Counsel and Defendant's Counsel.

32.    Objections to the Settlement:

a.    Class Members who do not submit a timely Request for Exclusion shall be permitted to object to the Settlement before final approval.  To object, a Class Member must submit a timely written objection to the Administrator.

b.    Any written objections shall state each specific objection and any legal and factual support for each objection. The objection must also state the Class Member's full name, address, and the dates of his/her employment at Wells Fargo. To be valid and effective, any objections to approval of the Settlement must be submitted to the Administrator no later than forty-five (45) days after the Administrator mails the Notices of Settlement to the Settlement Class.

-20-

501811

c.   If the Court rejects the Class Member's objection, the Class Member will still be bound by the terms of this Agreement including the release.

d.   Notwithstanding the above requirement for the submission of a written objection, the Parties acknowledge that the Court may receive any objection, whether written or oral, at the Court's discretion.

33.   <u>Handling of Disputes</u>: Class and Collective Member disputes may arise from the following information: (1) job positions held during the Class or Collective Period; (2) the time periods in which various job positions were held during the Class or Collective Period; and/or (3) the number of weeks worked as a Collector 3 or Operations Processor 2 in California during the Class or Collective Period.

a.   If a Class or Collective Member disputes the accuracy of Well Fargo's records or Defendant contends a claim is invalid, counsel for the Parties will make a good faith effort to resolve the disagreement.  If the dispute is not thereby resolved, it will be referred to the Administrator, who will talk to such persons and representatives from Defendant telephonically, and issue a non-appealable, final decision as to the total amount due, if any, to the Class or Collective Member.

b.   The submission of any dispute to the Administrator must be made within forty-five (45) days after the Notices of Settlement are sent to the Class and Collective Members.

-21-

501811

**RELEASE OF CLAIMS BY THE SETTLEMENT CLASS/COLLECTIVE**

34.  <u>Release of Claims</u>: Upon the Settlement Date, and except as to such rights or claims as may be created by this Agreement, each Participating Class Member and each Participating Collective Member fully releases and discharges Defendant, its present, former, and future parents, including Wells Fargo & Company, its subsidiaries, affiliates, predecessors, successors and assigns, and each of their respective past and present members, shareholders, directors, officers, employees, agents, servants, registered representatives, insurers and attorneys (collectively hereafter, the "**Released Parties**") from any and all claims, debts, liabilities, demands, obligations, guarantees, actions, or causes of action of whatever kind or nature, whether known or unknown, from December 3, 2014, through September 1, 2021, that were or could have been alleged based on the claims, facts and/or allegations contained in Plaintiff's First Amended Complaint (hereinafter, the "**Released Claims**"), including those arising out of or related to all claims based on failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods, failure to provide rest periods, failure to pay meal period and/or rest period premium compensation, waiting time penalties for failure to pay all wages due upon termination of employment, failure to provide accurate wage statements, and violation of <u>California Business & Professions Code Section 17200</u> *et seq.* including all claims of any kind for minimum wages, regular wages, overtime wages, premium pay, liquidated damages, statutory penalties, civil penalties, restitution, interest, injunctive relief, punitive damages, other damages, costs, expenses and attorneys' fees arising from the alleged violation of any provision of common law or statutory law which were or could have been raised as part of Plaintiff's claims including but not limited to claims under California Labor Code

-22-

501811

Sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1194, 1194.2, 1197, 1197.1, 1198, and 2698, *et seq.*, all provisions of the California Industrial Welfare Commission Wage Orders that provide the same or similar protection(s), and the FLSA; except that Settlement Collective Members who do not cash their FLSA Settlement check will not release their claims under the FLSA. This release includes releases of all PAGA remedies arising from or related to any of the underlying claims that were or could have been brought in this Action.

a.  In order to achieve a full and complete release of the Released Parties, the Class Representative and each Participating Class and Collective Member acknowledges that the release in Paragraph 34 immediately above is also intended to include in its effect all such Released Claims whether or not the Class Representative and each Participating Class and Collective Member knows or suspects them to exist.

b.  Accordingly, the Class Representative and each Participating Class and Collective Member waives all rights and benefits afforded by Section 1542 of the Civil Code of the State of California with respect to the Released Claims only, and does so understanding the significance of that waiver. Section 1542 provides:

**"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."**

Although the releases granted under this Agreement are not general releases of all claims, the Class Representative and each Participating Class and Collective Member nonetheless expressly acknowledges that he or she is waiving the protections of Section 1542 as it relates to the Released Claims only.

35. <u>Subsequent Actions</u>: If any Class or Collective Member initiates a new lawsuit against the Released Parties based on any claim released under this Agreement, and the Court invalidates the release, any recovery by the Class or Collective Member shall be offset by the amount, if any, paid to the Class or Collective Member in connection with this Settlement. The language in this Paragraph 35 shall be included in the Notice of Settlement.

## DUTIES OF THE PARTIES PRIOR TO PRELIMINARY APPROVAL

36. The Parties shall promptly submit this Agreement to the United States District Court for the Central District of California in support of the motion for preliminary approval and determination by the Court as to its fairness, adequacy, and reasonableness. The Parties shall also apply to the Court for the entry of a preliminary order substantially in the form attached hereto as **Exhibit "D."** Class Counsel shall submit the preliminary approval papers to Wells Fargo's Counsel for their review prior to the filing of such papers with the Court.

## DUTIES OF THE PARTIES FOR FINAL COURT APPROVAL

37. In advance of the final approval hearing of the Settlement provided for in this Agreement, the Parties will jointly submit a proposed final judgment. Class

-24-

501811

Counsel shall submit the final approval papers to Wells Fargo's Counsel for their review prior to the filing of such papers with the Court.

## VOIDING THE AGREEMENT

38.   If the Court disapproves of or refuses to enforce any of the material conditions set forth in this Settlement, this Settlement shall, at the option of Defendant, be void, and of no further force and effect and shall not be used or admissible in any subsequent proceeding. Defendant may exercise its option to void this Settlement as provided in this paragraph by giving notice, in writing, to Class Counsel and to the Court within two (2) weeks of the entry of the Court's order disapproving or refusing to enforce any of the material conditions of the Settlement.

39.   Defendant shall have the right, in its sole discretion, to rescind this Agreement if more than five percent (5%) of the Settlement Class "opts-out" of the Class by submitting a valid and timely Request for Exclusion. Defendant may exercise its option to void this Settlement as provided in this paragraph by giving notice, in writing, to Class Counsel and to the Court at any time prior to final approval of the settlement by the Court, but not later than two (2) weeks after receiving notice that the number of "opt-outs" exceeds five percent (5%). If the right to void is exercised in accordance with the terms of this paragraph, all portions of the Settlement shall be null and void and any order or judgment entered by the Court in furtherance of this Agreement shall not apply.

40.   If the conditions of the Settlement set forth herein are not satisfied, or if Defendant voids the Settlement under Paragraphs 38-39 above, or if the

-25-

501811

Payment Date does not occur, or, if one or more of the material terms of the Agreement is not approved or is materially modified or reversed, then this Agreement shall be cancelled, terminated, and shall have no force or effect, unless the Parties agree otherwise. If the Settlement is not finally approved, or if this Settlement is terminated, revoked or cancelled pursuant to its terms, the Parties to this Settlement shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of this Agreement.

## PARTIES' AUTHORITY

41.  The signatories hereby represent that they are fully authorized to enter into this Agreement and bind the Parties hereto to the terms and conditions hereof.

## MUTUAL FULL COOPERATION

42.  The Parties shall fully cooperate with each other to accomplish the terms of this Agreement, including execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement and to secure the Court's final approval of this Agreement.

## NO PRIOR ASSIGNMENTS

43.  The Class Representative hereto represents, covenants, and warrants that she has not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and

-26-

501811

discharged except as set forth herein.

## NO ADMISSION

44.    Nothing contained herein, including the consummation of this Agreement, is
to be construed or deemed an admission of liability, culpability, negligence,
or wrongdoing on the part of Defendant. Each of the Parties hereto has
entered into this Agreement with the intention to avoid further disputes and
litigation settled herein with the attendant inconvenience, expenses, and
uncertainties. This Agreement is a settlement document and shall, pursuant
to Federal Rule of Evidence 408 and California Evidence Code Section 1152,
be inadmissible in evidence in any proceeding, except an action or
proceeding to approve, interpret, or enforce this Agreement.

## TAXES

45.    Neither Class Counsel nor counsel for Defendant intend anything contained
herein to constitute legal advice regarding the taxability of any amount paid
hereunder, nor shall it be relied upon as such.  The tax issues for each Class
and Collective Member may be unique, and each Class and Collective
Member is advised to obtain tax advice from his or her own tax advisor with
respect to any payments resulting from this Settlement Agreement.

46.    It shall be the responsibility of the Administrator or its designee to timely and
properly withhold from individual Settlement Shares and FLSA Settlement
Shares payable to Participating Class and Collective Members all applicable
federal, state and local income and employment taxes and to prepare and
deliver the necessary tax documentation for signature by all necessary Parties

-27-

501811

and, thereafter, to cause the appropriate deposits of withholding taxes and informational and other tax return filing to occur. It shall be the responsibility of the Administrator to pursue tax refunds on any uncashed checks, and to remit such payments accordingly. Payments to Participating Class Members, Participating Collective Members, and to Class Counsel pursuant to this Stipulation shall be reported on IRS Forms W-2 or 1099, and provided by the Administrator to the respective Class Members, Collective Members, Class Counsel and all applicable governmental authorities as required by law.

## NOTICES

47.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States certified mail with return receipt requested, addressed as follows:

To Plaintiff and Settlement Class:

Kane Moon, Esq.
H. Scott Leviant, Esq.
Moon & Yang, APC
1055 W. Seventh Street, Suite 1880
Los Angeles, California 90017

-28-

501811

To Defendant:

Glenn L. Briggs, Esq.
Theresa Kading, Esq.
Kading Briggs LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618

## CONSTRUCTION

48.     The terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her, or its counsel participated in its drafting.

## CAPTIONS AND INTERPRETATIONS

49.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof. Each term of this Agreement is contractual and not merely a recital.

## MODIFICATION

50.     This Agreement may not be changed, altered, or modified, except in writing and signed by the Parties hereto. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

-29-

501811

**INTEGRATION CLAUSE**

51.  This Agreement contains the entire agreement between the Parties relating to the Settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

**BINDING ON ASSIGNS**

52.  This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective spouses, heirs, trustees, and executors, administrators, successors, and assigns, including Defendant and the Released Parties.

**CLASS MEMBER SIGNATORIES**

53.  Because the members of the class are so numerous, it is impossible or impractical to have each member of the class and collective execute this Agreement.  The Notice of Settlement, Exhibit "C" hereto, and other forms of notice described herein will advise all Class and Collective Members of the binding nature of the release and such shall have the same force and effect, to the extent permitted by law, as if this Agreement were executed by each Class and Collective Member.

-30-

501811

## CORPORATE SIGNATORIES

54.  Any person executing this Agreement or any such related document on behalf of a corporate signatory hereby warrants and promises for the benefit of all Parties hereto that such person has been duly authorized by such corporation to execute this Agreement or any such related document.

## COUNTERPARTS

55.  This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties as set forth herein. Copies and facsimile transmissions of signatures shall be considered the same as an original signature.

## PUBLIC COMMENT

56.  Plaintiff and her counsel will not, unless required by law, issue any press releases or have any communications to the press concerning this litigation, the terms of this Agreement, and/or the business practices of Defendant.  The Class Representative may only respond to inquiries about this lawsuit or the Agreement from Class and Collective Members, and only until final approval of this Agreement. Otherwise, the Class Representative shall not discuss this lawsuit or this Agreement except to say that the matter has been resolved. Class Counsel shall not include in any mass mailing, website, or other public communication, a reference to this litigation, this Agreement, and/or the business practices of Defendant; except that this provision shall not apply to

-31-

501811

or otherwise limit communications with Class and Collective Members up to
the date of Final Approval of this Agreement, so long as the subject matter of
such communications is limited to this Action and Settlement. Nothing in
this provision shall affect the ability of Class Counsel or the Administrator to
carry out their duties consistent with and as required by any other provision
herein.

Nothing contained in this section shall limit or restrict Class Counsel's ability
to file a declaration with any Court that identifies this case by name and case
number and provides any information about this case and the Settlement in
such declaration reasonably necessary to the filing with such court.

DATED:  September 17 , 2021        MOON & YANG, APC

By: _____

    H. Scott Leviant, Esq.
    Attorneys for Plaintiff

DATED: 9/17/2021 , 2021        TONIKA NADINE CORA

By:_____

Tonika Nadine Cora, Class Representative

DATED:_____, 2021        WELLS FARGO BANK, N.A.

By:_____

Its:

DATED:_____, 2021        KADING BRIGGS LLP

_____

By:_____

    Theresa Kading
    Attorneys for Defendant

-32-

501811

or otherwise limit communications with Class and Collective Members up to the date of Final Approval of this Agreement, so long as the subject matter of such communications is limited to this Action and Settlement. Nothing in this provision shall affect the ability of Class Counsel or the Administrator to carry out their duties consistent with and as required by any other provision herein.

Nothing contained in this section shall limit or restrict Class Counsel's ability to file a declaration with any Court that identifies this case by name and case number and provides any information about this case and the Settlement in such declaration reasonably necessary to the filing with such court.

DATED:_____, 2021        MOON & YANG, APC

By:_____
H. Scott Leviant, Esq.
Attorneys for Plaintiff

DATED:_____, 2021        TONIKA NADINE CORA

By:_____
Tonika Nadine Cora, Class Representative

DATED:_____, 2021        WELLS FARGO BANK, N.A.
9/17/2021 | 2:36:01 PM PDT

By:_____

Its:_____ Wells Fargo Auto
Tavaya, Saunders
5E34EA6643A5432...

DATED:_____, 2021        KADING BRIGGS LLP

By:_____
Theresa Kading
Attorneys for Defendant

-32-

501811

1  or otherwise limit communications with Class and Collective Members up to
2  the date of Final Approval of this Agreement, so long as the subject matter of
3  such communications is limited to this Action and Settlement. Nothing in
4  this provision shall affect the ability of Class Counsel.or the Administrator to
5  carry out their duties consistent with and as required by any other provision
6  herein.
7
8  Nothing contained in this section shall limit or restrict Class Counsel's ability
9  to file a declaration with any Court that identifies this case by name and case
10  number and provides any information about this case and the Settlement in
11  such declaration reasonably necessary to the filing with such court.
12
13  DATED:  _ _ _ _ , 2021        MOON & YANG, APC
14
                               By:_____ __
15
                                    H. Scott Leviant, Esq.
16                                  Attorneys for Plaintiff
17  DATED:..................., 2021   TONIKA NADINE CORA
18
                               By·
19                                 T=o-n i k-a N a d in_e_C-·-o-ra-, c=l-as-s R ep_r_e_se-n-ta-t iv_e
20
21  DATED:  _ _ _ __ , 2021        WELLS FARGO BANK, N.A.
22
                               By:_____ _
23
                               Its:
24                                 _____
25  DATED:  C\ /.:).\  , 2021       KADING BRIGGS LLP
26
                               By:   /'-L:itC 11/J
27                                  eresa   ading
                                    Attorneys for Defendant   '\..,J
28

501811                              -32-

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

# Exhibit "A"

KANE MOON (SBN 249834)
Email:  kane.moon@moonyanglaw.com
H. SCOTT LEVIANT (SBN 200834)
Email:  scott.leviant@moonyanglaw.com
**MOON & YANG, APC**
1055 West Seventh Street, Suite 1880
Los Angeles, CA 90017
Telephone: (213) 232-3128
Facsimile:  (213) 232-3125

Attorneys for Plaintiff
TONIKA NADINE CORA

THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
**KADING BRIGGS LLP**
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendants
WELLS FARGO BANK, N.A. and WELLS FARGO &
COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIKA NADINE CORA, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 5:19-cv-00109 TJH (SPx) <br><br> Assigned to: Hon. Terry J. Hatter, Jr. Magistrate Judge: Hon. Sheri Pym <br><br> **JOINT STIPULATION RE: FILING OF FIRST AMENDED COMPLAINT** <br><br> [[Proposed] Order lodged concurrently herewith] <br><br> Complaint Filed: December 3, 2018 Action removed: January 18, 2019 |

502806

Plaintiff Tonika Nadine Cora ("Plaintiff") and Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Wells Fargo & Company (together, "Defendants") (collectively, the "Parties"), by and through their counsel of record, hereby stipulate as follows:

This Stipulation is subject to final approval by the Court of the Parties' Settlement Agreement and is made for the sole purpose of attempting to consummate settlement of this Action on a class-wide and collective basis. If the settlement does not become final for any reason, this Stipulation shall be deemed withdrawn and shall have no further effect. The Parties' willingness to stipulate to the filing of this First Amended Class Action Complaint shall have no bearing on, and will not be admissible in connection with, these issues in this case or in any other proceeding.

The Parties, through their counsel of record, stipulate that Plaintiff may file the First Amended Class Action Complaint in the form attached hereto as Exhibit 1.

DATED: September 21, 2021          MOON & YANG, APC
                                   KANE MOON
                                   H. SCOTT LEVIANT

                                   By: /s H. Scott Leviant _____
                                        H. SCOTT LEVIANT
                                   Attorneys for Plaintiff TONIKA NADINE CORA

DATED: September 21, 2021          KADING BRIGGS LLP
                                   THERESA A. KADING

                                   By: /s/ Theresa A. Kading _____
                                        THERESA A. KADING[1]
                                   Attorneys for Defendants
                                   WELLS FARGO BANK, N.A. and WELLS FARGO & COMPANY

_____

[1] The filing attorney attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this electronic filing.

502806

2

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | TONIKA NADINE CORA, individually, and on behalf of all others similarly situated, | Case No. 5:19-cv-00109 TJH (SPx) |

TONIKA NADINE CORA, individually, and on behalf of all others similarly situated,

        Plaintiff,

        vs.

WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive,

        Defendants.

Case No. 5:19-cv-00109 TJH (SPx)

Assigned to: Hon. Terry J. Hatter, Jr.
Magistrate Judge: Hon. Sheri Pym

**[PROPOSED] ORDER RE: JOINT STIPULATION RE: FILING OF FIRST AMENDED COMPLAINT**

Complaint Filed: December 3, 2018
Action removed: January 18, 2019

19

20

21

22

23

24

25

26

27

28

502808

1

### [PROPOSED] ORDER

2        Having considered the Stipulation Re: Filing of First Amended Complaint

3   entered into by Plaintiff Tonika Nadine Cora ("Plaintiff") and Defendants Wells

4   Fargo Bank, N.A. and Wells Fargo & Company ("Defendants"), and finding good

5   cause to grant the request, the Court hereby orders that Plaintiff may file the First

6   Amended Class Action Complaint in the form attached hereto as Exhibit 1. If the

7   Settlement does not become final for any reason, the First Amended Class Action

8   Complaint attached hereto as Exhibit 1 will be null and void and the prior operative

9   Complaint will be reinstated as the operative Complaint.

10

11   **IT IS SO ORDERED.**

12

13

14   Dated: _____          _____

15                                                   Hon. Terry J. Hatter, Jr.
                                            UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

Kane Moon (SBN 249834)
    kane.moon@moonyanglaw.com
H. Scott Leviant (SBN 200834)
    scott.leviant@moonyanglaw.com
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIKA NADINE CORA, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>*Defendants*. | Case No. 5:19-cv-00109 TJH (SPx)<br><br>Assigned to: Hon. Terry J. Hatter, Jr.<br>Magistrate Judge: Hon. Sheri Pym<br><br>CLASS ACTION<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1.  Failure to Pay Minimum and Straight Time Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197];<br>2.  Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198];<br>3.  Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512];<br>4.  Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7];<br>5.  Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203];<br>6.  Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and<br>7.  Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.].<br>8.  Failure to Pay Employees for All Hours Worked [29 U.S.C. § 201, et seq.];<br>9.  Civil Penalties Under PAGA [Cal. Lab. Code § 2699, et seq.]<br><br>Action Filed: December 3, 2018<br>Action removed: January 18, 2019 |

1
2

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................. i

INTRODUCTION & PRELIMINARY STATEMENT ................................... 1

JURISDICTION AND VENUE ................................................................... 3

THE PARTIES ............................................................................................. 3

    A.   Plaintiff ................................................................................... 3

    B.   Defendants .............................................................................. 4

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION .................... 5

CLASS ACTION ALLEGATIONS ............................................................. 9

FIRST CAUSE OF ACTION ..................................................................... 14

SECOND CAUSE OF ACTION ................................................................. 15

THIRD CAUSE OF ACTION ..................................................................... 16

FOURTH CAUSE OF ACTION ................................................................. 17

FIFTH CAUSE OF ACTION ..................................................................... 18

SIXTH CAUSE OF ACTION ..................................................................... 19

SEVENTH CAUSE OF ACTION .............................................................. 21

EIGHTH CAUSE OF ACTION ................................................................. 24

NINTH CAUSE OF ACTION .................................................................... 26

PRAYER FOR RELIEF ............................................................................. 28

DEMAND FOR JURY TRIAL .................................................................. 33

Plaintiff Tonika Nadine Cora ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## **INTRODUCTION & PRELIMINARY STATEMENT**

1.      Plaintiff brings this action against Defendant Wells Fargo Bank, N.A., Wells Fargo & Company, and Does 1 through 10 (Wells Fargo Bank, N.A., Wells Fargo & Company, and Does 1 through 10 are collectively referred to as "Defendants") for California Labor Code and Fair Labor Standards Act ("FLSA") violations and unfair business practices stemming from Defendants' failure to pay minimum and straight time wages, failure to pay overtime wages, failure to provide meal periods, failure to authorize and permit rest periods, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to terminated employees, and failure to furnish accurate wage statements.

2.      Plaintiff brings the First through Seventh Causes of Action individually and as a class action on behalf of herself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully below). The Class consists of Plaintiff and all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employee during the statute of limitations period applicable to the claims pleaded here in the automobile loan division, or similar department relating to automobile loans and recovery. Plaintiff brings the Eighth Cause of Action individually and as a collective action.

3.      Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including San Bernardino County.  As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the FLSA, California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

4.      Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

(a)      Failing to pay employees for all hours worked, including all minimum wages, straight time wages, and overtime wages in compliance with the FLSA, California Labor Code and IWC Wage Orders;

(b)      Failing to maintain accurate records of the hours employees worked;

(c)      Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(d)      Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(e)      Willfully failing to pay employees all minimum wages, straight time wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates; and

(f)      Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

5.      On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies.  Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6.     At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

## JURISDICTION AND VENUE

7.     This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because these claims seek redress for violation of Plaintiff's and the putative class' federal statutory rights under the Fair Labor Standards Act. This Court also has subject matter jurisdiction under 28 U.S.C. §§ 1332(d), 1441, 1453 and 1446, because minimal diversity exists and the amount in controversy exceeds $5,000,000

8.     This Court has supplemental jurisdiction over Plaintiff's and the putative class' state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so closely related to Plaintiff's and the putative class' FLSA claims that they form parts of the same case or controversy under Article III of the United State Constitution.

9.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events and omissions giving rise to the claims alleged in this complaint occurred in this District.

10.    This Court has personal jurisdiction over this matter because Defendants conduct substantial business activity in this District, and because many of the unlawful acts described in this complaint occurred in this District and gave rise to the claims alleged.

## THE PARTIES

### A.    Plaintiff

11.    Plaintiff Tonika Nadine Cora is a California resident who worked for Defendants in San Bernardino County, California as an operations processor in the automobile division from approximately October 2001 to June 2018.

12.    Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La*

*Sala v. American Savings and Loan Association* (1971) <u>5 Cal.3d 864, 872</u>, and other applicable law.

    **B.**    <u>**Defendants**</u>

    13.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant Wells Fargo Bank, N.A. is, and at all times herein mentioned, was:

        (a)    A national bank association (South Dakota corporation) with its principal place of business in San Bernardino, California;

        (b)    A business entity conducting business in numerous counties throughout the State of California, including in San Bernardino County; and,

        (c)    The former employer of Plaintiff, and the current and/or former employer of the putative Class. Wells Fargo Bank, N.A. suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions.

    14.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant Wells Fargo & Company is, and at all times herein mentioned, was:

        (a)    A Delaware corporation with its principal place of business in San Bernardino, California;

        (b)    A business entity conducting business in numerous counties throughout the State of California, including in San Bernardino County; and,

        (c)    The former employer of Plaintiff, and the current and/or former employer of the putative Class. Wells Fargo & Company suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions.

15.     Plaintiff does not know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

16.     At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Class in the State of California.

17.     Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18.     Plaintiff Tonika Nadine Cora worked for Defendants in the County of San Bernardino, State of California, as an operations processor in the automobile division

from approximately October 2001 to June 2018. Defendants paid Plaintiff on an hourly basis and classified her as non-exempt from overtime. Throughout her employment, there were times when Plaintiff worked over 8 hours in a workday and over 40 hours in a workweek, such as the pay period beginning on February 19, 2017 and ending on March 4, 2017.

19.    Throughout the statutory period, Defendants failed to pay Plaintiff for all hours worked (including minimum wages, straight time wages, and overtime wages), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff. As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

20.    Throughout the statutory period, Defendants failed to pay Plaintiff and the Class for all hours worked (including minimum wages and straight time wages). Defendants regularly used a system of time rounding in a manner that results, over a period of time, in a failure to compensate Plaintiff and the Class properly for all the time they actually worked, even though the realities of Defendants' operations are such that it is possible, practical, and feasible to count and pay for work time to the minute.  Due to Defendants' time rounding, Plaintiff and the Class are frequently paid for less than all their work time. Some of this unpaid work should have been paid at the overtime rate, including on the pay period beginning on February 19, 2017 and ending on March 4, 2017.

21.    Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods.  Defendants regularly, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of

work or tenth hour of work. Indeed, Defendants required Plaintiff and the Class to work in lieu of taking a 30-minute, duty-free meal periods because there was too much work to do, and this occurred at least once a month, including the pay period beginning on February 19, 2017 and ending on March 4, 2017 and the pay period beginning on March 5, 2017 and ending on March 18, 2017. Defendants also did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Moreover, Defendants did not have adequate written policies or practices providing meal periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of meal periods. Defendants also did not have adequate policies or practices to document and verify whether Plaintiff and the Class were taking their required meal periods. Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law.

22.    Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods. Defendants regularly, but not always, required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted. Indeed, Defendants required Plaintiff and the Class to work in lieu of taking 10-minute, paid, duty-free rest periods because there was too much work to do, and this occurred at least once a month, including the pay period beginning on February 19, 2017 and ending on March 4, 2017 and the pay period beginning on March 5, 2017 and ending on March 18, 2017. Defendants also did not adequately inform Plaintiff and the Class of their right to take a rest period. Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods. Defendants also did not have

adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods. Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiff and the Class took rest periods during the middle of each work period. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

23.    Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all wages for all minimum wages, straight time wages, overtime wages, meal period premium wages, and rest period premium wages.

24.    Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law. As a result of these violations of California Labor Code § 226(a), Plaintiff and the Class suffered injury because, among other things:

(a)    the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

(b)    the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages to which they were entitled, even though they had not been;

(c)    the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d)    the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e)    the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium owed to them;

(f)    in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)    by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)    the wage statements inaccurately understated the wages, hours, and wage rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code § 226(e).

## CLASS ACTION ALLEGATIONS

25.    Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

26.    Claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

27.     The proposed Class consists of and is defined as:

Those individuals who, according to Wells Fargo's personnel and payroll records, are or were employed by Wells Fargo in California as Collector 3's and/or Operations Processor 2's in the Auto Loan division at any time from December 3, 2014, through September 1, 2021.

28.     The FLSA Class is defined as:

All Class members who worked at any time during the three years prior to the filing of the initial complaint in this action through September 1, 2021.

29.     At all material times, Plaintiff was a member of the Class.

30.     Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

31.     There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a)     Numerosity: The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b)     Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c)     Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no conflicts with or interests

1   antagonistic to any Class Member. Plaintiff's attorneys, the

2   proposed class counsel, are versed in the rules governing class

3   action discovery, certification, and settlement. Plaintiff has

4   incurred, and throughout the duration of this action, will continue to

5   incur costs and attorneys' fees that have been, are, and will be

6   necessarily expended for the prosecution of this action for the

7   substantial benefit of each class member.

8   (d)   Superiority: A Class Action is superior to other available methods

9         for the fair and efficient adjudication of the controversy, including

10        consideration of:

11        1)    The interests of the members of the Class in individually

12              controlling the prosecution or defense of separate actions;

13        2)    The extent and nature of any litigation concerning the

14              controversy already commenced by or against members of

15              the Class;

16        3)    The desirability or undesirability of concentrating the

17              litigation of the claims in the particular forum; and

18        4)    The difficulties likely to be encountered in the management

19              of a class action.

20  (e)   Public Policy Considerations: The public policy of the State of

21        California is to resolve the California Labor Code claims of many

22        employees through a class action. Indeed, current employees are

23        often afraid to assert their rights out of fear of direct or indirect

24        retaliation.  Former employees are also fearful of bringing actions

25        because they believe their former employers might damage their

26        future endeavors through negative references and/or other means.

27        Class actions provide the class members who are not named in the

28        complaint with a type of anonymity that allows for the vindication

1          of their rights at the same time as their privacy is protected.

2          32.     There are common questions of law and fact as to the Class (and each

3 subclass, if any) that predominate over questions affecting only individual members,

4 including without limitation, whether, as alleged herein, Defendants have:

5              (a)    Failed to pay Class Members for all hours worked, including

6                    minimum wages, straight time wages, and overtime wages;

7              (b)    Failed to provide meal periods and pay meal period premium wages

8                    to Class Members;

9              (c)    Failed to authorize and permit rest periods and pay rest period

10                 premium wages to Class Members;

11            (d)    Failed to promptly pay all wages due to Class Members upon their

12                 discharge or resignation;

13            (e)    Failed to provide Class Members with accurate wages statements;

14            (f)    Failed to maintain accurate records of all hours Class Members

15                 worked, and all meal periods Class Members took or missed; and

16            (g)    Violated <u>California Business & Professions Code §§ 17200</u> *et. seq*.

17                 as a result of their illegal conduct as described above.

18       33.     This Court should permit this action to be maintained as a class action

19 pursuant to California Code of Civil Procedure § 382 because:

20            (a)    The questions of law and fact common to the Class predominate

21                 over any question affecting only individual members;

22            (b)    A class action is superior to any other available method for the fair

23                 and efficient adjudication of the claims of the members of the Class;

24            (c)    The members of the Class are so numerous that it is impractical to

25                 bring all members of the class before the Court;

26            (d)    Plaintiff, and the other members of the Class, will not be able to

27                 obtain effective and economic legal redress unless the action is

28                 maintained as a class action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

(f)    Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

2)    Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g)    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

34.    Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, Plaintiff would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

# FIRST CAUSE OF ACTION

## (Against all Defendants for Failure to Pay Minimum and Straight Time Wages for All Hours Worked)

35.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this First Amended Complaint.

36.     "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

37.     At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked. By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

38.     Accordingly, Plaintiff and the Class are entitled to recover minimum and straight time wages for all non-overtime hours worked for Defendants.

39.     By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

40.     By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

41.     By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

42.    Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

43.    California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month. Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum and straight time wages. However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a month.

44.    Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum and straight time wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## SECOND CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Overtime Wages)

45.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this First Amended Complaint.

46.    California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

47.    California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

48.    At all times relevant hereto, Plaintiff and the Class have worked more than

eight hours in a workday, as employees of Defendants.

49.     At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198. Plaintiff and the Class are regularly required to work overtime hours.

50.     By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

51.     By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

52.     Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

53.     California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month. The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period. Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code § 204.

## **THIRD CAUSE OF ACTION**

### **(Against All Defendants for Failure to Provide Meal Periods)**

54.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this First Amended Complaint.

55.     Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiff and the Class' sixth hour of work in a workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday. Section 512 of the California Labor Code, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked. It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any meal period mandated under any Wage Order.

56.     Despite these legal requirements, Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law. By their failure to permit and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

57.     Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s), plus interest thereon.

## FOURTH CAUSE OF ACTION

### (Against All Defendants for Failure to Authorize and Permit Rest Periods)

58.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this First Amended Complaint.

59.     Defendants are required by California law to authorize and permit breaks of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours).  Section 512 of the California Labor Code, the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of 10 minutes each for each 4-hour period worked. Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest

breaks. Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws. It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any rest period mandated under any Wage Order.

60.     Despite these legal requirements, Defendants failed to authorize Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than 4 hours in a workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

61.     Under California law, Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s), plus interest thereon.

## FIFTH CAUSE OF ACTION

**(Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)**

62.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this First Amended Complaint.

63.     At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

64.     Within the applicable statute of limitations, the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by quitting or

discharge, and the employment of others will be. However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by <u>California Labor Code sections 201</u> and <u>202</u> either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

65.    Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of <u>California Labor Code §§ 201</u> and <u>202</u>.

66.    <u>California Labor Code § 203</u> provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

67.    Plaintiff and the Class are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to <u>California Labor Code § 203</u>.

68.    Pursuant to <u>California Labor Code §§ 218.5</u>, <u>218.6</u> and <u>1194</u>, Plaintiff and the Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

## SIXTH CAUSE OF ACTION

### (Against all Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)

69.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this First Amended Complaint.

70.    At all material times set forth herein, <u>California Labor Code § 226(a)</u> provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1)

gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

71.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

72.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

73.    Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

74.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming. As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

75.    Plaintiff and the Class are entitled to recover from Defendants the greater

of their actual damages caused by Defendants' failure to comply with California Labor
Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per
employee.

76.    Plaintiff and the Class are also entitled to injunctive relief, as well as an
award of attorney's fees and costs to ensure compliance with this section, pursuant to
California Labor Code § 226(h).

## SEVENTH CAUSE OF ACTION

**(Against all Defendants for Violation of California Business & Professions Code §§
17200, et seq.)**

77.    Plaintiff incorporates by reference and re-alleges as if fully stated herein
paragraphs 1 through 20 in this First Amended Complaint.

78.    Defendants, and each of them, are "persons" as defined under California
Business & Professions Code § 17201.

79.    Defendants' conduct, as alleged herein, has been, and continues to be,
unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general
public. Plaintiff seek to enforce important rights affecting the public interest within the
meaning of Code of Civil Procedure § 1021.5.

80.    Defendants' activities, as alleged herein, are violations of California law,
and constitute unlawful business acts and practices in violation of California Business &
Professions Code §§ 17200, et seq.

81.    A violation of California Business & Professions Code §§ 17200, et seq.
may be predicated on the violation of any state or federal law. All of the acts described
herein as violations of, among other things, the California Labor Code, are unlawful and
in violation of public policy; and in addition are immoral, unethical, oppressive,
fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent
business practices in violation of California Business & Professions Code §§ 17200, et
seq.

### Failure to Pay Minimum and Straight Time Wages

82.    Defendants' failure to pay minimum wages, straight time wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by <u>California Business & Professions Code §§ 17200</u>, *et seq*.

### Failure to Pay Overtime Wages

83.    Defendants' failure to pay overtime compensation and other benefits in violation of <u>California Labor Code §§ 510</u>, <u>1194</u>, and <u>1198</u>, constitutes unlawful and/or unfair activity prohibited by <u>California Business & Professions Code §§ 17200</u>, *et seq*.

### Failure to Maintain Accurate Records of All Hours Worked

84.    Defendants' failure to maintain accurate records of all hours worked in accordance with <u>California Labor Code § 1174.5</u> and the IWC Wage Orders constitutes unlawful and/or unfair activity prohibited by <u>California Business & Professions Code §§ 17200</u>, *et seq*.

### Failure to Provide Meal Periods

85.    Defendants' failure to provide meal periods in accordance with <u>California Labor Code §§ 226.7</u> and <u>512</u>, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by <u>California Business & Professions Code §§ 17200</u>, *et seq*.

### Failure to Maintain Accurate Records of Meal Periods

86.    Defendants' failure to maintain accurate records of employee meal periods in accordance with <u>California Labor Code § 226.7</u> and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by <u>California Business & Professions Code §§ 17200</u>, *et seq*.

### Failure to Authorize and Permit Rest Periods

87.    Defendants' failure to authorize and permit rest periods in accordance with <u>California Labor Code § 226.7</u> and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

### Failure to Provide Accurate Itemized Wage Statements

88.     Defendants' failure to provide accurate itemized wage statements in accordance with <u>California Labor Code § 226,</u> as alleged above, constitutes unlawful and/or unfair activity prohibited by <u>California Business & Professions Code §§ 17200,</u> *et seq.*

89.     By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

90.     Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

91.     Plaintiff, individually, and on behalf of members of the putative Class, are entitled to, and do, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

92.     Plaintiff, individually, and on behalf of members of the putative class, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

93.     Plaintiff, individually, and on behalf of members of the putative class, have no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of

1   the putative Class, suffered and will continue to suffer irreparable harm unless the

2   Defendants, and each of them, are restrained from continuing to engage in said unfair,

3   unlawful and/or fraudulent business practices.

4        94.    Plaintiff also alleges that if Defendants are not enjoined from the conduct

5   set forth herein above, they will continue to avoid paying the appropriate taxes,

6   insurance and other withholdings.

7        95.    Pursuant to <u>California Business & Professions Code §§ 17200</u>, *et seq*.,

8   Plaintiff and putative Class Members are entitled to restitution of the wages withheld

9   and retained by Defendants during a period that commences four years prior to the filing

10   of this complaint; a permanent injunction requiring Defendants to pay all outstanding

11   wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to

12   California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of

13   costs.

14   **<u>EIGHTH CAUSE OF ACTION</u>**

15   **(Against all Defendants for Violation of the Federal Fair Labor Standards Act, <u>29</u>**

16   **<u>U.S.C. § 201</u>, *et seq*.)**

17        96.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

18   paragraphs 1 through 20 in this First Amended Complaint.

19        97.    At all material times herein, Plaintiff and all similarly situated FLSA Class

20   Members who submit Consents to Become Party Plaintiffs are or were employed by and

21   engaged in providing services related to automobile loans issued by Defendants, and have

22   been entitled to the rights, protections, and benefits provided under the FLSA, <u>29 U.S.C.</u>

23   <u>§§ 201</u> *et seq.*

24        98.    The FLSA requires, among other things, that employers pay employees the

25   minimum wage for all time worked plus overtime. <u>29 U.S.C. §§ 206</u>, <u>207</u>, <u>215</u>.

26        99.    At all material times, the time spent working during unpaid meal periods is

27   necessarily and directly related to the principal activities of the employee's duties, and thus

28   constitutes compensable time under the FLSA and is subject to the FLSA's overtime

requirements. 29 C.F.R. § 785.38.

100.    At all material times, the time spent working before clocking in for a shift or after clocking out for a shift is necessarily and directly related to the principal activities of the employee's duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements. 29 C.F.R. § 785.38.

101.    At all material times herein, Defendants have violated the FLSA by failing to pay for all time worked by the members of the FLSA Class.

102.    At all material times herein, Defendants have violated the FLSA by failing to pay FLSA Class at one-and-one-half times the regular rate of pay for any applicable overtime hours worked.

103.    Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by their FLSA Class 29 U.S.C. § 2ll(c).

104.    Plaintiff and all similarly situated employees are victims of a uniform and entity-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all employees employed by Defendants.

105.    Plaintiff and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

106.    Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. Plaintiff and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

107.    As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendants have unlawfully withheld compensation from Plaintiff and all similarly situated individuals. Defendants are liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action. 29

U.S.C. § 216(b).

**NINTH CAUSE OF ACTION**

**(Against all Defendants for Civil Penalties Under the Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 et seq.)**

108.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this First Amended Complaint.

109.    At all times herein mentioned, Defendants were subject to the Labor Code of the State of California and the applicable Industrial Welfare Commission Orders.

110.    California Labor Code § 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

111.    Plaintiff has exhausted her administrative remedies pursuant to California Labor Code § 2699.3. On or about December 28, 2018, she gave written notice by online filing to the Labor and Workforce Development Agency and by certified mail to Defendants of the specific provisions of the Labor Code that Defendants have violated against Plaintiff and current and former aggrieved employees, including the facts and theories to support the violations. Plaintiff also paid the filing fee on December 28, 2018. Plaintiff's PAGA case number LWDA-CM-650423-18.

112.    The statute of limitations is tolled while a plaintiff exhausts his/her administrative remedies with California's Labor and Workforce Development Agency.

(LWDA) prior to suit, which is required by the statute. (*See* Cal. Lab. Code § 2699.3(d).)

113.   More than 65 days has elapsed since Plaintiff provided notice, but the Labor and Workforce Development Agency has not indicated that it intends to investigate Defendants' Labor Code violations discussed in the notice. Accordingly, Plaintiff may commence a civil action to recover penalties under Labor Code § 2699 pursuant to § 2699.3 for the violations of the Labor Code described in this First Amended Complaint and the Notice to the LWDA. The Labor Code sections alleged to have been violated include, but are not limited to, Labor Code §§ 201-204, 226, 226.7, 510, 558, 1174.5, 1194, 1197, and 1198, as well as the associated Wage Order provisions. Applicable penalties related to the above alleged violations include, but are not limited to, penalties available pursuant to Labor Code §§ 203, 204, 225.5, 226, 226.7, 512, 558, 1197.1, and 2699, as well as the penalties set forth in the associated Wage Order provisions.

114.   In addition, Plaintiff seeks penalties for Defendants' violation of California Labor Code § 1174(d). Pursuant to California Labor Code § 1174.5, any person, including any entity, employing labor who willfully fails to maintain accurate and complete records required by California Labor Code § 1174 is subject to a penalty under § 1174.5. Pursuant to the applicable IWC Order § 7(A)(3), every employer shall keep time records showing when the employee begins and ends each work period. Meal periods, and total hours worked daily shall also be recorded. Additionally, pursuant to the applicable IWC Order § 7(A)(5), every employer shall keep total hours worked in the payroll period and applicable rates of pay.

115.   During the time period of employment for Plaintiff and the Aggrieved Employees, Defendants failed to maintain records pursuant to the Labor Code and IWC Orders by failing to maintain accurate records showing meal periods, and accurate records showing when employees begin and end each work period. Defendants' failure to provide and maintain records required by the Labor Code IWC Wage Orders

deprived Plaintiff and the Aggrieved Employees the ability to know, understand and question the accuracy and frequency of meal periods, and the accuracy of their hours worked stated in Defendants' records. Therefore, Plaintiff and the Aggrieved Employees had no way to dispute the resulting failure to pay wages, all of which resulted in an unjustified economic enrichment to Defendants. As a direct result, Plaintiff and the Aggrieved Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial. Because of Defendants' knowing failure to comply with the Labor Code and applicable IWC Wage Orders, Plaintiff and the Aggrieved Employees have also suffered an injury in that they were prevented from knowing, understanding, and disputing the wage payments paid to them.

116. Based on the conduct described in this Complaint, Plaintiff is entitled to an award of civil penalties on behalf of himself, the State of California, and similarly Aggrieved Employees of Defendants. The exact amount of the applicable penalties, in all, is in an amount to be shown according to proof at trial. These penalties are in addition to all other remedies permitted by law.

117. In addition, Plaintiff seeks an award of reasonable attorney's fees and costs pursuant to Labor Code § 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

## **PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, pray for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action with respect to the First,

Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action and as a collective
action with respect to the Eighth Cause of Action;

2.      That Plaintiff be appointed as the representative of the Class; and

3.      That counsel for Plaintiff be appointed as Class Counsel.


As to the First Cause of Action

4.      That the Court declare, adjudge and decree that Defendants violated
California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully
failing to pay all minimum and straight time wages due;

5.      For general unpaid wages as may be appropriate;

6.      For pre-judgment interest on any unpaid compensation commencing from
the date such amounts were due;

7.      For liquidated damages;

8.      For reasonable attorneys' fees and for costs of suit incurred herein
pursuant to California Labor Code § 1194(a); and,

9.      For such other and further relief as the Court may deem equitable and
appropriate.


As to the Second Cause of Action

10.     That the Court declare, adjudge and decree that Defendants violated
California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully
failing to pay all overtime wages due;

11.     For general unpaid wages at overtime wage rates as may be appropriate;

12.     For pre-judgment interest on any unpaid overtime compensation
commencing from the date such amounts were due;

13.     For reasonable attorneys' fees and for costs of suit incurred herein
pursuant to California Labor Code § 1194(a); and,

14.     For such other and further relief as the Court may deem equitable and appropriate.

## As to the Third Cause of Action

15.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

16.     For unpaid meal period premium wages as may be appropriate;

17.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

19.     For such other and further relief as the Court may deem equitable and appropriate.

## As to the Fourth Cause of Action

20.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

21.     For unpaid rest period premium wages as may be appropriate;

22.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

24.     For such other and further relief as the Court may deem equitable and appropriate.

## As to the Fifth Cause of Action

25.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

26.     For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

27.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

28.     For reasonable attorneys' fees and for costs of suit incurred herein; and

29.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

30.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

31.     For statutory penalties pursuant to California Labor Code § 226(e);

32.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

33.     For reasonable attorneys' fees and for costs of suit incurred herein; and

34.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

35.     That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq.* by failing to pay wages for all hours worked (including minimum, straight time, and overtime wages), failing to provide meal periods, failing to maintain accurate records of meal periods, failing to

authorize and permit rest periods, failing to maintain accurate records of all hours worked and meal periods, and failing to furnish accurate wage statements;

36.     For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

37.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq*.;

38.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

39.     For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq*.; and,

40.     For such other and further relief as the Court may deem equitable and appropriate.

## As to the Eighth Cause of Action

41.     That the Court declare, adjudge and decree that Defendants violated FLSA, 29 U.S.C. §§ 201 *et seq*., by failing to pay wages for all hours worked (including minimum and overtime wages);

42.     For general unpaid wages as may be appropriate;

43.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

44.     For liquidated damages;

45.     For reasonable attorneys' fees and for costs of suit incurred herein; and,

46.     For such other and further relief as the Court may deem equitable and appropriate.

## As to the Ninth Cause of Action

47. That the Court declare, adjudge and decree that Defendants violated the California Labor Code by failing to pay wages for all hours worked (including minimum, straight time, and overtime wages), failing to provide meal periods, failing to authorize and permit rest periods, failing to furnish accurate wage statements, and failing to maintain accurate records of all hours worked and meal periods;

48. An award of civil penalties on behalf of herself and all similarly aggrieved employees pursuant to PAGA;

49. Attorneys' fees and costs reasonably incurred; and,

50. Such other and further relief available pursuant to PAGA that the Court deems proper.

As to all Causes of Action

51. For any additional relief that the Court deems just and proper.

Respectfully submitted,

Dated:   September 9, 2021        **MOON & YANG, APC**

By: _____
Kane Moon
H. Scott Leviant

Attorneys for Plaintiff

<strong><u>DEMAND FOR JURY TRIAL</u></strong>

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated:   September 9, 2021        **MOON & YANG, APC**

By: _____
Kane Moon
H. Scott Leviant
Attorneys for Plaintiff

# Exhibit "B"

<u>CONFIDENTIAL SETTLEMENT AGREEMENT</u>
<u>AND GENERAL RELEASE</u>

This CONFIDENTIAL SETTLEMENT AGREEMENT AND

GENERAL RELEASE (the "Agreement") is entered into by WELLS FARGO

BANK, N.A. ("the Company"), and TONIKA NADINE CORA, for herself and

her heirs, successors and assigns (hereinafter referred to as "Cora").

PLEASE READ CAREFULLY. THIS CONFIDENTIAL

SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A

RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

WHEREAS, Cora alleged that various actions of the Company

during the time of her employment have been wrongful and unlawful.

WHEREAS, Cora filed a lawsuit in the San Bernardino County

Superior Court, Case No. CIVDS1831504, on behalf of herself and others

similarly situated, which the Company removed to the United States District

Court, Central District of California, Case No. 5:19-cv-00109 TJH (SPx)

(hereinafter the "Action").

WHEREAS, Cora represents that she has had an opportunity to

discuss all aspects of her claims and this Agreement with an attorney to the extent

so desired, has been fully advised as to her rights, understands that she is waiving

significant legal rights by signing this Agreement and enters into this Agreement

voluntarily, with a full understanding of and agreement with all of its terms, for

the purpose of receiving additional benefits from the Company beyond that

provided by normal Company policy.

WHEREAS, Cora desires to settle fully and finally all claims,

known or unknown, against the Company from the beginning of time to the

effective date of this Agreement, except for her rights in connection with her

participation in the settlement process as a Class Member in the Action.

NOW, THEREFORE, in consideration of the premises and promises

contained herein, it is agreed as follows:

**FIRST:**       **Non-Admission of Liability.**

This Agreement shall not be construed as an admission by the

Company, or any of its agents or employees, of any discriminatory, improper,

wrongful, tortious or unlawful actions, or any other wrongdoing whatsoever

against Cora or any other person or persons, and the Company specifically denies

any wrongdoing whatsoever, against Cora or any other person or persons.

502812                                    - 2 -                          Initials _____

**SECOND**:    **No other or Future Lawsuits, Charges or**

**Complaints of any Nature Whatsoever**.

Cora represents that she does not presently have on file any

complaints, charges or claims (civil, administrative, or criminal) against the

Company in any court or administrative forum, or before any governmental

agency or entity, except the Action referenced above.

Cora further represents that she will not hereafter file any

complaints, charges or claims (civil, administrative, or criminal) against the

Company with any court based on any action which occurred prior to the date she

executes this Agreement, including, but not limited to, any claim related to, or in

any way arising from her employment with the Company or the cessation of that

employment, or any events, actions, or omissions thereafter by the Company.

Cora further agrees to waive her right to any monetary or equitable

recovery in connection with any federal, state, or local administrative agency's

investigation into any claims arising out of or related to her employment with

and/or separation from employment with the Company to the fullest extent

permitted by law.

This Agreement may be introduced in any proceeding in which Cora

files any other action against the Company alleging unpaid wages, penalties,

502812                                        - 3 -                            Initials  _____

compensation, or any other monies due to her as a result of her employment with

the Company. Such introduction shall be pursuant to an order protecting its

confidentiality.

### THIRD:    Benefits to Cora.

The Company agrees to and will pay to Cora the following benefits

in exchange for this Release: The Company will transfer to the Administrator

appointed in the Action the amount approved by the Court for Cora's service

payment award, not to exceed $5,000.00, for which a Form 1099 will be issued, on

the Payment Date, as defined in the Class Action Settlement Agreement and

Release Between Plaintiff and Defendant, provided that the Company has received

this Agreement signed by Cora and a completed W9 form before that date. Cora

agrees that payment in this manner is fully satisfactory to her, and by signing this

Agreement, fully releases the Company from all claims, known and unknown,

except for her rights in connection with her participation in the settlement process

as a Class Member in the Action.

### FOURTH:    Responsibility for Taxes.

Cora agrees that she is solely responsible for all tax obligations

which may arise as a consequence of this service payment, and that she will

indemnify and hold the Company harmless for any taxes, interest, penalties, and/or

502812                                - 4 -                    Initials _____

related expenses it incurs as a result of any dispute over the nonwithholding or

other tax treatment of the Company's service payment to her.

**FIFTH**:          **No Costs or Attorneys' Fees**.

Cora agrees that the settlement provided herein, together with the

Class Action Settlement Agreement and Release in this Action, is intended to and

does bar all claims for injuries, losses, damages, expenses, costs, attorneys' fees

and related expenses arising out of the Action and that any and all such similar or

other claims based on any action which occurred prior to the effective date of this

Agreement are hereby unqualifiedly waived by Cora, other than any attorneys'

fees and expenses awarded to Cora's attorneys pursuant to the proposed settlement

of the Class Action.

**SIXTH**:          **Confidentiality**.

Pursuant to the Class Action Settlement Agreement and Release

Between Plaintiff and Defendant entered into by the parties in the Action, Cora

will not, unless required by law, issue any press releases or have any

communication to the press concerning this litigation, this Agreement, the

Company, and/or the business practices of the Company.

**SEVENTH: Complete Release.**

Cora, for herself and her heirs, successors and assigns, does hereby release, acquit and forever discharge the Company, Wells Fargo & Company, and their former and/or current officers, directors, executives, managers, employees, agents, related parent and subsidiary entities, predecessors, successors and assigns (the "Released Parties"), from any and all claims, actions, charges, complaints, causes of action, rights, demands, debts, damages or accountings of whatever nature, known or unknown, which she or her heirs may have against the Released Parties based on any actions or events which occurred prior to the effective date of this Agreement, including but not limited to, those included in the release of claims set forth in the Class Action Settlement Agreement and Release as well as those related to, or arising from, Cora's employment with the Company or the cessation of that employment, except for her rights in connection with her participation in the settlement process as a Class Member in the Action. To the extent permissible by law, this includes but is not limited to a release of all rights arising out of alleged violations of any contracts, express or implied, any covenant of good faith and fair dealing, express or implied, any tort, any public policy or any federal, state or other governmental statute, regulation or ordinance, and any amendments thereto (such as, but not limited to, the FEHA, Title VII, the ADA, CFRA, provisions of the California Labor Code, the FLSA, and California

502812                                    - 6 -                        Initials _____

Business and Professions Code Section 17200, *et seq.*, and all other laws
governing the employment of persons in the State of California) (hereinafter
collectively, "Claim" or "Claims") from the beginning of time to the date of
execution hereof.

**EIGHTH**:                **Knowing and Voluntary Waiver of Known
and Unknown Claims**.

IT IS FURTHER UNDERSTOOD AND AGREED that as a
condition of this Agreement, all rights under Section 1542 of the Civil Code of the
State of California, are expressly waived by Cora. Such Section reads as follows:

"A general release does not extend to claims that the

creditor or releasing party does not know or suspect to

exist in his or her favor at the time of executing the

release and that, if known by him or her, would have

materially affected his or her settlement with the

debtor or released party."

In order to achieve a full and complete release of the Company, Cora
acknowledges that this Agreement is intended to and does include in its effect all
Claims that Cora does not know or suspect to exist in her favor at the time that she

502812                              - 7 -                    Initials _____

signs this Agreement, except for her rights in connection with her participation in the settlement process as a Class Member in the Action.

### NINTH:    Ownership of Claims.

Cora represents and agrees that she has not assigned or transferred, or attempted to assign or transfer, to any person or entity, any of the claims she is releasing in this Agreement. Cora further represents that she is not aware of any liens or claims that can be made against the settlement payment referenced in Paragraph Third and that no lien, whether known or unknown, may affect the validity of this settlement.

### TENTH:        Successors.

This Agreement shall be binding upon the parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of the parties and others released herein, their representatives, executors, successors and assigns.

### ELEVENTH:    Acknowledgment of Ineligibility for Rehire.

Cora acknowledges and agrees that, due to the reason for the termination of her employment with the Company, she is ineligible for re-hire under Company policy. Cora further agrees that she does not dispute her

designation by the Company as ineligible for re-hire and waives any claim arising out of that designation. Cora further agrees that this acknowledgment is admissible and may be introduced in any proceeding in which Cora files any other action against the Company.

## **TWELFTH: Entire Agreement.**

Cora and the Company each agree that (a) this Agreement and the Class Action Settlement Agreement and Release Between Plaintiff and Defendant in the Action are the only agreements between them, (b) these agreements embody and include all terms and commitments between them, and (c) no representations, inducements, coercion or promises have been made to any of them except as are expressly stated above and in the Class Action Settlement Agreement and Release Between Plaintiff and Defendant in the Action. If any part of this Agreement is found to be unenforceable, all remaining provisions or parts thereof shall nevertheless remain valid and enforceable.

## **THIRTEENTH:    Severability.**

Should any of the provisions in this Agreement be declared or be determined to be illegal or invalid, all remaining parts, terms or provisions shall be valid, and the illegal or invalid portion or provision shall be deemed not to be a part of this Agreement.

502812                                          - 9 -                          Initials _____

**<u>FOURTEENTH</u>:    <u>Acknowledgment of Understanding</u>**.

Cora understands that she is waiving legal rights by signing this
Agreement, and represents that she has had an opportunity to consult with an
attorney and/or other persons to the full extent she wanted to do so before signing
this Agreement. Cora further represents that she has been given a reasonable
period of time to review and consider this Agreement.

PLEASE READ CAREFULLY. THIS CONFIDENTIAL SETTLEMENT
AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL
KNOWN AND UNKNOWN CLAIMS.

IN WITNESS WHEREOF this Agreement shall have as its effective date the date
a properly executed agreement containing Cora's signature is received by the
Company's counsel, Theresa A. Kading.

Wells Fargo Bank, N.A.                       Tonika Nadine Cora

By:_____                     By:_____

Dated:_____, 2021                 Dated:_____, 2021

# Exhibit "C"

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Cora v. Wells Fargo Bank, N.A., et al.*
United States District Court for the Central District of California
Case No. 5:19-cv-00109 TJH (SPx)

**TO: All persons who were employed by Wells Fargo Bank, N.A., in California as a Collector 3 and/or Operations Processor 2 in the Auto Loan Division at any time from December 3, 2014, through September 1, 2021 ("Class Period").**

You received this Notice because Wells Fargo's records identify you as included in the group described above, which means you are a member of the proposed Class ("Class Member"). This means that if the Court approves the settlement and certifies a Class, you are eligible to receive a proportional share of the proposed settlement amount as described in this Notice ("Settlement"). This Notice explains the terms of the Settlement and describes the procedures for receiving your share of the Settlement, or for objecting to or requesting to be excluded from the Settlement.

The Court has not decided whether to certify the proposed Class and finally approve the Settlement. Payments will be made only if the Court certifies the proposed Class and approves the Settlement, and any appeals are resolved. Please be patient. If you are a Class Member, your options are summarized in the following chart:

| YOUR RIGHTS AND OPTIONS REGARDING THE SETTLEMENT | |
|---|---|
| **A. Get a Settlement Payment.** | If you are a Class Member (defined above), you will receive a payment labeled "California Payment" with your proportionate share of the Settlement so long as you do not exclude yourself from this Settlement (Option C below). **You do not need to submit a claim or take any other affirmative steps in order to receive your share of the Settlement.** It is estimated that you will receive approximately \$_. However, this amount may be higher based on the factors discussed below in Sections 12 and 13 of this Notice.<br><br>If you were employed by Wells Fargo in California as a Collector 3 and/or Operations Processor 2 in the Auto Loan division at any time from December 3, 2015, to September 1, 2021, you are also a "Settlement Collective Member." As a Settlement Collective Member, you will also receive another payment labeled "FLSA Payment" estimated to be approximately \$_____. This FLSA Payment is specifically for a release of your FLSA claim. See Section 12 below for more information. |
| **B. Object to the Settlement.** | So long as you do not ask to be excluded, you may object to the Settlement if you return your written objection in the manner set forth in Section 8 below, postmarked on or before_____. |
| **C. Request to be Excluded.** | You may request to be excluded from the Settlement in the manner set forth below in Section 9. Your request must be postmarked on or before _____ to be effective. **If you request exclusion from the Settlement, you cannot object to the Settlement, and you will not be eligible to receive your proportionate share of the Settlement as a Class Member.**<br><br>However, even if you request exclusion from the Settlement, if you were employed by Wells Fargo in California as a Collector 3 and/or Operations Processor 2 in the Auto Loan division at any time from |

**QUESTIONS?  CALL TOLL FREE 1-866-_____**

| | |
|---|---|
| | December 3, 2015, to September 1, 2021, you will still receive the FLSA Payment described above. This FLSA Payment is specifically for a release of your FLSA claim. If you do not wish to release your FLSA claim, you should not cash this payment. See Section 12 below for more information. |
| **Your Four Choices** | **Choice No. 1:** You can accept all settlement payments. You will release all claims as indicated in Section 14 below. |
| | **Choice No. 2:** If you were employed by Wells Fargo in California as a Collector 3 and/or Operations Processor 2 in the Auto Loan division at any time from December 3, 2015, to September 1, 2021, you can settle and release your California state law claims but not your FLSA claim. In order to do this, do not cash the check labeled "FLSA Payment" described above, and do not exclude yourself from the Settlement, so that you will receive the California Payment described above. |
| | **Choice No. 3:** If you were employed by Wells Fargo in California as a Collector 3 and/or Operations Processor 2 in the Auto Loan division at any time from December 3, 2015, to September 1, 2021, you can release your FLSA claim but not your California state law claims. In order to do this, exclude yourself from the Settlement (Option C above), which means you will not receive the California Payment described above, but cash the check labeled "FLSA Payment" described above which will be mailed to you even if you exclude yourself from the Settlement. |
| | **Choice No. 4:** You can choose not to release any of your claims. The only way to do this is to exclude yourself from the Settlement (Option C above) and not cash the FLSA Payment described above. |

## PLEASE READ THIS NOTICE CAREFULLY

### A.   BASIC INFORMATION

### 1.   What Is This Case About?

In December 2018, Plaintiff Tonika Nadine Cora filed a case against Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") and Wells Fargo & Company (together, "Defendants") on behalf of current and former employees who worked as Collector 3's and/or Operations Processor 2's for Wells Fargo in California at any time from December 3, 2014, to the present. These employees are referred to in this Notice as the "Class Members." The case is currently pending in the United States District Court, Central District of California, Case No. 5:19-cv-00109 TJH (SPx) (the "Action"). The Action is currently assigned to the Hon. Terry J. Hatter, Jr.

In the Action, Plaintiff alleges on behalf of herself and the Class that Defendants: (1) failed to pay minimum and straight time wages; (2) failed to pay overtime wages; (3) failed to provide meal periods; (4) failed to authorize and permit rest periods; (5) failed to timely pay all wages to terminated employees; (6) failed to furnish accurate itemized wage statements; (7) violated California's Unfair Competition Law, California Business and Professions Code section 17200 et seq.; (8) failed to pay employees for all hours worked, as required by the Fair Labor Standards Act ("FLSA"); and, (9) violated provisions of the Labor Code giving rise to civil penalty liability under the Labor Code Private Attorneys General Act of 2004 [Lab. Code § 2699, et seq.]. Plaintiff seeks unpaid wages, actual damages, declaratory relief, statutory penalties, civil penalties under PAGA, restitution, liquidated damages, interest, attorneys' fees, and costs.

Defendants deny all of the claims and contentions alleged in the Action and maintain that at all times they fully complied with the law. The Court has not yet decided whether the claims in the Action have merit.

The parties engaged in extensive settlement discussions, facilitated by an experienced mediator, which were ultimately successful. The Settlement was preliminarily approved by Judge Hatter on [DATE].

As part of the Settlement of the Action and for purposes of this Settlement only, Defendant has agreed to certification of a Settlement Class and a Settlement Collective, and Plaintiff is filing an amended Complaint in the Action.

| | |
|---|---|
| **2.** | **Why Did I Receive This Notice?** |

Wells Fargo's records indicate that you were employed by Wells Fargo Bank, N.A. in California as a Collector 3 and/or Operations Processor 2 in the Auto Loan Division during the Class Period.

As long as you do not request to be excluded from this Settlement, you will be entitled to a proportionate share of the Net Settlement Amount (see Section 11 below), which will be distributed if the Court grants final approval of the Settlement.

If you were employed by Wells Fargo in California as a Collector 3 and/or Operations Processor 2 in the Auto Loan division at any time from December 3, 2015, to September 1, 2021, you are also a Settlement Collective Member. As a Settlement Collective Member, you will receive a separate FLSA Payment that is your proportionate share of the FLSA Settlement Amount specifically for a release of your FLSA claim (see Section 11 below), which will be distributed if the Court grants final approval of the Settlement.

Excluded from the Settlement Class and Settlement Collective are: (1) any individual hired by Wells Fargo on or after December 11, 2015, when Wells Fargo implemented arbitration agreements containing a class action waiver; and (2) any individual who signed a severance agreement containing a general release.

| | |
|---|---|
| **3.** | **Who Are the Parties in This Action?** |

Plaintiff Tonika Nadine Cora filed the Action and has been appointed the Class Representative by the Court to act on behalf of all members of the Class.

The Defendants are Wells Fargo Bank, N.A. and Wells Fargo & Company. Wells Fargo & Company will be dismissed as part of this Settlement.

| | |
|---|---|
| **4.** | **What Is Defendants' Position Regarding These Allegations?** |

Defendants have denied and continue to deny all of the allegations made by the Class Representative, including their class and collective allegations. Defendants contend that they have complied at all times with the California Labor Code, the California Business & Professions Code, and the FLSA. Wells Fargo nevertheless agrees to the Settlement and to certification of the proposed Settlement Class and Settlement Collective for purposes of settlement only.

| | |
|---|---|
| **5.** | **Has the Court Decided Who is Right?** |

No. The Court has not decided whether either side is right, only that you should get notice of the Settlement so that you can review the Settlement, and determine whether you want to participate in the Settlement, object to it, or exclude yourself from it.

| | |
|---|---|
| **6.** | **Why Is This Action Being Settled?** |

After arm's-length and good-faith settlement negotiations presided over by Steve Rottman, an experienced wage and hour mediator, the parties reached a Settlement that, if approved by the Court, will resolve the Class Members'

**QUESTIONS? CALL TOLL FREE 1-866-_____**

and Collective Members' claims on a class-wide and collective-wide basis. The parties agreed to do this rather than go forward with a long, expensive court case with an uncertain result. Without a settlement, continued litigation would further delay any payment to the Class Members and might result in a ruling in Defendants' favor. Counsel for the Class Representative believe the proposed Settlement is in the best interests of the proposed Settlement Class and Settlement Collective Members.

## B.   <u>YOUR RIGHTS AND OPTIONS</u>

| **7.** | **What Do I Need to Do to Get a Settlement Payment?** |
|---|---|

You do not need to submit a claim or take any other steps in order to receive your share of the Settlement. You will automatically be paid your share of the Settlement if the Court gives the Settlement final approval. This process may take some time, so please be patient. However, it is important that you maintain current address and telephone information with the Administrator so that the Administrator can send you your payment. You may contact Rust Consulting, Inc. (the "Administrator") at the following address:

> *Cora v. Wells Fargo Bank, N.A.* Class Action Settlement
> c/o Rust Consulting, Inc.
> [address]

**Wells Fargo will not treat you any differently based on whether you choose to participate or choose not to participate in this Settlement.**

| **8.** | **How Do I Object to the Settlement?** |
|---|---|

You can ask the Court to deny approval of the Settlement by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue without any class or collective being certified at this time. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Cora v. Wells Fargo Bank, N.A.*, Case Number 5:19-cv-00109 TJH (SPx), (b) be returned by mail to the Administrator at the address listed above, and (c) be postmarked on or before_____*[45 days after mailing of notice]*. Any written objection should state each specific objection and any legal and factual support for each objection. The objection also must state the Class Member's full name, address, and the dates of his/her employment at Wells Fargo.

You cannot object to the Settlement **and** exclude yourself from the Settlement. If the Court rejects your objection, you will still be bound by the terms of the Settlement, including the Release of Claims outlined in Section 14.

<u>**Do NOT telephone the Court or the attorneys for Defendants**</u>.

| **9.** | **May I Exclude Myself from the Settlement?** |
|---|---|

Yes. If you wish to exclude yourself from the Settlement, you must provide to the Administrator a timely, signed, dated, and written request to be excluded.

**QUESTIONS?  CALL TOLL FREE 1-866-_____**

The Request for Exclusion <u>must</u> include your full name (and former names, if any), current address, telephone number, signature, and the date of your signature. The Request for Exclusion must be returned by mail to the Administrator, postmarked on or before *[45 days after mailing of notice]*, at the following address:

> *Cora v. Wells Fargo Bank, N.A.* Class Action Settlement
> c/o Rust Consulting, Inc.
> [address]

Requests for Exclusion that are not timely submitted will be invalid and disregarded. If you ask to be excluded from the Settlement, you will not receive the California Payment described above, and you will not release any California state law claims covered by the Settlement. No Class Member will be permitted to pursue a claim released by this Settlement on the grounds that a Request for Exclusion was submitted timely and lost, destroyed, misplaced or otherwise not received by the Administrator unless the Class Member has adequate proof that the Request for Exclusion was mailed timely by certified mail with return receipt requested or has equivalent proof of timely delivery.

Even if you submit a Request for Exclusion from the Settlement, if you were employed by Wells Fargo in California as a Collector 3 and/or Operations Processor 2 in the Auto Loan division at any time from December 3, 2015, to September 1, 2021, you will still receive the FLSA Payment described above for release of your FLSA claim. If you cash this payment, you will release your FLSA claim. If you do not wish to release your FLSA claim, you should not cash this payment. See Section 12 below.

## C.    <u>THE LAWYERS WHO REPRESENT YOU</u>

| **10.    Who Represents Me in This Action?** |
|---|

The Court has determined that Moon & Yang, APC ("Class Counsel") are qualified to represent all members of the proposed Settlement Class and proposed Settlement Collective in the Settlement, and has appointed them to do so. Class Counsel is experienced in handling wage and hour class action litigation. Their contact information is provided at the end of this Notice.

You do not have to pay Class Counsel's fees and litigation expenses. However, you are responsible for the fees of any attorney you hire on your own.  The fees and litigation expenses that the Court approves for Class Counsel will be paid by Defendant from the proposed Settlement.

## D.    <u>THE TERMS OF THE SETTLEMENT</u>

| **11.    The Proposed Settlement and Net Settlement Amount** |
|---|

Without admitting any wrongdoing, Defendant has agreed to pay $300,000 (the "Gross Settlement Amount") plus the employer's share of any payroll taxes related to the settlement payments to fully resolve this matter.

Class Counsel has litigated these cases since the beginning and has invested substantial time, effort, and skill in this matter in order to bring about this proposed Settlement. In order to be paid for this work and for achieving this result, Class Counsel will apply to the Court for a fee award of up to, but not more than, one-quarter of the Settlement Amount, or $75,000.00, subject to the Court's approval.

Subject to Court approval, certain deductions will be made from the $300,000 Gross Settlement Amount in order to account for (a) attorneys' fees of Class Counsel up to $75,000; (b)  litigation expenses of Class Counsel up to $20,000; (c) a Class Representative service payment award to the Class Representative of up to $5,000 for bringing the action, working with the attorneys on the case, taking risks that they may pay for Defendants' costs if this case had been lost, and in consideration for a general release of all of her claims against Defendants;

(d) approximately $15,000 in settlement administration costs to the Administrator; (e) $22,500 earmarked for the release of PAGA claims, which will be paid to the California Labor and Workforce Development Agency ("LWDA"); and (e) $25,000 as consideration for release of the FLSA Claims by the Settlement Collective Members ("the FLSA Settlement Amount"). After these deductions, and subject to Court approval, the remaining sum (*i.e.*, "Net Settlement Amount") is estimated to be approximately $137,500.

The Net Settlement Amount may vary if the Court does not approve the requested amounts for attorneys' fees, litigation expenses, Class Representative service payment award, the amount allocated for release of the PAGA claims or if the costs of administration are different than estimated. Any unapproved amounts will be added to the Net Settlement Amount.

## 12.    What Will I Receive from the Proposed Settlement?

Your share of the Net Settlement Amount depends upon the number of weeks that you worked for Wells Fargo Bank, N.A. in California as a Collector 3 and/or Operations Processor 2 in the Auto Loan division during the Class Period. It also depends on how many Class Members become Participating Class Members. The precise formula for distribution of the Net Settlement Amount to Class Members who do not timely submit a valid Request for Exclusion ("Participating Class Members") is as follows:

The Net Settlement Amount is to be divided among all Participating Class Members based on their pro-rata percentage of workweeks determined by dividing the number of weeks worked by the Participating Class Member in California as a Collector 3 and/or Operations Processor 2 in the Auto Loan division during the Class Period by the total number of weeks worked by all Participating Class Members in California as a Collector 3 and/or Operations Processor 2 in the Auto Loan division during the Class Period, such that the Participating Class Members shall receive a dollar amount calculated by multiplying his or her percentage by the Net Settlement Amount.

Wells Fargo's records show that you worked___ weeks for Wells Fargo Bank, N.A. in California as a Collector 3 and/or Operations Processor 2 in the Auto Loan division from December 3, 2014, to September 1, 2021.

In addition, if you were employed by Wells Fargo in California as a Collector 3 and/or Operations Processor 2 in the Auto Loan division at any time from December 3, 2015, to September 1, 2021, you are also a Settlement Collective Member. As a Settlement Collective Member, you will also receive an FLSA Payment that is your share of the FLSA Settlement Amount. Your share of the FLSA Settlement Amount depends on the number of weeks that you worked for Wells Fargo Bank, N.A. in California as a Collector 3 and/or Operations Processor 2 in the Auto Loan division at any time from December 3, 2015, to September 1, 2021 (the "Collective Period"). The precise formula for distribution of the FLSA Settlement Amount to Settlement Collective Members is as follows: The FLSA Settlement Amount is to be divided among all Settlement Collective Members, based on their pro-rata percentage of workweeks (determined by dividing the number of weeks worked by the Settlement Collective Member as a Collector 3 or Operations Processor 2 in the Auto Loan division in California during the Collective Period, by the total number of weeks worked by all Settlement Collective Members as a Collector 3 or Operations Processor 2 in the Auto Loan division in California during the Collective Period), such that the Settlement Collective Members shall receive a dollar amount calculated by multiplying his or her percentage by the FLSA Settlement Amount.

Wells Fargo's records show that you worked___ weeks for Wells Fargo Bank, N.A. in California as a Collector 3 and/or Operations Processor 2 in the Auto Loan division from December 3, 2015, to September 1, 2021.

This FLSA Payment will contain printed language on the back ("the Form") which serves as both your consent to join the FLSA collective action and your release of your claim for unpaid wages and other damages under the FLSA. If you cash this second payment, you will be: (1) electing to opt in to the settlement of the FLSA claim; (2) authorizing Class Counsel, as your attorney, to cause a copy of the Form to be filed with the Court; (3) asserting

a claim for unpaid wages, including overtime wages, and related damages under the FLSA that allegedly have not been paid; and (4) releasing and agreeing not to sue or otherwise make a claim under the FLSA with respect to the Released Claims (see Section 14 below). Any Settlement Collective Member who does not negotiate or cash the FLSA settlement payment before the void date shall be deemed not to have released his or her FLSA claim.

The Settlement treats Settlement Payments to Participating Class Members as 50% wages for which an IRS Form W-2 will be issued and from which withholdings will be taken, and the remaining 50% as non-wages, for which IRS Forms 1099 will be issued, without withholdings or deductions taken. Settlement Payments to Settlement Collective Members will be treated as 100% non-wages, for which IRS Forms 1099 will be issued, without withholdings or deductions taken. Settlement Payments made to Participating Class Members and Settlement Collective Members will not be subject to matching contributions or included as benefits-eligible earnings under any of Wells Fargo's benefit plans, bonus programs, or compensation policies.

| 13. | If I Want More Information About The Calculation of My Settlement Payment, What Can I Do? |
|---|---|

If you would like more information about the manner in which your share of the Net Settlement Amount or the FLSA Settlement Amount is calculated, please contact the Administrator at (_) -_.

If you dispute the number of eligible workweeks used to calculate your share of the Net Settlement Amount or FLSA Settlement Amount (identified in Section 12 above), you must, on or before *[45 days after mailing of notice]*, mail to the Administrator your statement setting forth (a) your job positions held during the relevant time period; (b) the number of weeks you claim you worked in relevant job positions during the relevant time period; and (c) the reasons you believe the basis for the calculation is incorrect. You must include any documentation supporting your position. If you do not dispute the number of eligible workweeks listed above, you do not need to do anything.

The Administrator will evaluate any information and/or documents you submit and, after reviewing Wells Fargo's records, together with the Parties' counsel, will attempt to informally resolve any dispute. Unresolved disputes will be decided by the Administrator. The Administrator will notify you of any informal resolution or, if an informal resolution cannot be reached, its decision, in writing.

## E.    THE RELEASE OF CLAIMS

| 14. | What Claims Will Be Released? |
|---|---|

Unless you exclude yourself from this Settlement, you will release and will no longer be able to sue Defendants for certain claims, whether you were aware of them or not, for the time period from December 3, 2014, to September 1, 2021.

The full text of the Release set forth in the Class Action Settlement Agreement and Release Between Plaintiff and Defendant on file with the Court provides as follows:

Each Participating Class Member and each Participating Collective Member fully releases and discharges Defendant, its present, former, and future parents, including Wells Fargo & Company, its subsidiaries, affiliates, predecessors, successors and assigns, and each of their respective past and present members, shareholders, directors, officers, employees, agents, servants, registered representatives, insurers and attorneys (collectively hereafter, the "**Released Parties**") from any and all claims, debts, liabilities, demands, obligations, guarantees, actions, or causes of action of whatever kind or nature, whether known or unknown, from December 3, 2014, through September 1, 2021, that were or could have been alleged based on the claims, facts and/or allegations contained in Plaintiff's First Amended Complaint (hereinafter, the "**Released Claims**"), including those arising out of or related to all claims based on failure to pay minimum wages, failure to pay overtime wages, failure to

provide meal periods, failure to provide rest periods, failure to pay meal period and/or rest period premium compensation, waiting time penalties for failure to pay all wages due upon termination of employment, failure to provide accurate wage statements, and violation of <u>California Business & Professions Code Section 17200</u> *et seq.* including all claims of any kind for minimum wages, regular wages, overtime wages, premium pay, liquidated damages, statutory penalties, civil penalties, restitution, interest, injunctive relief, punitive damages, other damages, costs, expenses and attorneys' fees arising from the alleged violation of any provision of common law or statutory law which were or could have been raised as part of Plaintiff's claims including but not limited to claims under <u>California Labor Code Sections 201</u>, <u>202</u>, <u>203</u>, <u>204</u>, <u>210</u>, <u>226</u>, <u>226.3</u>, <u>226.7</u>, <u>510</u>, <u>512</u>, <u>558</u>, <u>1174</u>, <u>1194</u>, <u>1194.2</u>, <u>1197</u>, <u>1197.1</u>, <u>1198</u>, and <u>2698</u>, *et seq.*, all provisions of the California Industrial Welfare Commission Wage Orders that provide the same or similar protection(s), and the FLSA; except that Settlement Collective Members who do not cash their FLSA Settlement check will not release their claims under the FLSA. This release includes releases of all PAGA remedies arising from or related to any of the underlying claims that were or could have been brought in this Action.

In order to achieve a full and complete release of the Released Parties, the Class Representative and each Participating Class and Collective Member acknowledges that the release immediately above is also intended to include in its effect all such Released Claims whether or not the Class Representative and each Participating Class and Collective Member knows or suspects them to exist.

Accordingly, the Class Representative and each Participating Class and Collective Member waives all rights and benefits afforded by Section 1542 of the Civil Code of the State of California with respect to the Released Claims only, and does so understanding the significance of that waiver. Section 1542 provides:

> **"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."**

Although the releases granted under this Agreement are not general releases of all claims, the Class Representative and each Participating Class and Collective Member nonetheless expressly acknowledges that he or she is waiving the protections of Section 1542 as it relates to the Released Claims only.

If any Class or Collective Member initiates a new lawsuit against the Released Parties based on any claim released under this Agreement, and the Court invalidates the release, any recovery by the Class or Collective Member shall be offset by the amount, if any, paid to the Class or Collective Member in connection with this Settlement.

## F.   <u>FINAL SETTLEMENT APPROVAL HEARING</u>

### 15.   When Will the Court Consider Whether to Finally Approve the Settlement?

The Court will hold a hearing in Courtroom 9b of the United States District Court, 350 W. 1st Street, 9th Floor, Los Angeles, California 90012 on_____, 2022 at _:00 _.m. to decide whether to finally approve the Settlement as fair, reasonable, and adequate. At that time, the Court also will be asked to approve Class Counsel's request for attorneys' fees and reimbursement of litigation costs, the Class Representative service payment award, and the claims administration expenses.

**It is not necessary for you to appear at this hearing, but you have a right to do so.**

The hearing may be postponed without further notice to the Class. You are advised to check the Court's website to confirm that the date has not changed. Because of healthcare guidance and Orders of the United States District Court related to COVID-19, the Final Approval Hearing may be a video or telephonic hearing only. If you wish

to attend the Final Approval Hearing, visit http://www.cacd.uscourts.gov/honorable-terry-j-hatter-jr for status information as to in-person appearances and instructions on how to appear remotely if that option is mandated by circumstances at the time.

**If the Settlement is not approved, no Class Member will receive payment, no settlement class or collective will be certified at this time, and the lawsuit will continue to be prepared for trial or other judicial resolution.**

## G.      <u>FURTHER INFORMATION</u>

| **16.     How Do I Get More Information?** |
|---|

This Notice provides a summary of the basic terms of the proposed Settlement.  If you have more questions about this Notice or the litigation, you can contact Class Counsel, whose contact information is shown below, or call the Administrator at 1-__-_____. For the Settlement's complete terms and conditions, please consult the detailed Class Action Settlement Agreement and Release Between Plaintiff and Defendant which is available for inspection and/or copying at the Clerk's Office of the United States District Court. You may also request a copy of the Settlement from Class Counsel, at the address listed below.

You may also view documents filed in this case, including the complete Settlement, on the Court's website at: https://pacer.uscourts.gov/.  NOTE: If you choose to access documents online, the Court will charge you a fee for access. Class Counsel can provide you with copies of the settlement documents at no charge. You may also request a copy of the Settlement from Class Counsel, at the address listed below.

<b>PLEASE DO NOT TELEPHONE OR WRITE THE COURT, THE OFFICE OF THE CLERK, DEFENDANTS, OR DEFENDANTS' ATTORNEYS TO INQUIRE ABOUT THE SETTLEMENT OR THE CLAIM PROCESS.</b>

<u>COUNSEL FOR PLAINTIFF AND THE CLASS</u>:

Kane Moon
**H.** Scott Leviant
MOON & YANG, APC
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

<u>COUNSEL FOR DEFENDANTS</u>:

Theresa A. Kading, Esq.
Kading Briggs LLP
100 Spectrum Center Drive, Suite 800
Irvine, CA 92618

<u>**VERY IMPORTANT**</u>:

1.      If you move to a different address, you must immediately notify the Administrator of your new address and contact information.  It is your responsibility to keep a current address on file with the Administrator to ensure receipt of your Settlement Payment.

2. **On receipt of your Settlement Payment check, YOU MUST CASH OR DEPOSIT IT WITHIN 90 DAYS FROM THE DATE OF THE CHECK. Do not delay. Checks not cashed or deposited before the expiration date (noted on the check), will be voided.  In addition, any alteration of the language on the back of the FLSA settlement check will void it.**

QUESTIONS?  CALL TOLL FREE 1-866-_____

# Exhibit "D"

Kane Moon (SBN 249834)
    kane.moon@moonyanglaw.com
H. Scott Leviant (SBN 200834)
    scott.leviant@moonyanglaw.com
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIKA NADINE CORA, individually, and on behalf of all others similarly situated,<br><br>         *Plaintiff*,<br><br>    vs.<br><br>WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>         *Defendants*. | Case No. 5:19-cv-00109 TJH (SPx)<br><br>Assigned to: Hon. Terry J. Hatter, Jr.<br>Magistrate Judge: Hon. Sheri Pym<br><br><u>CLASS ACTION</u><br><br>**[PROPOSED] ORDER:**<br><br>**1. CONDITIONALLY CERTIFYING SETTLEMENT CLASS;**<br>**2. PRELIMINARILY APPROVING PROPOSED SETTLEMENT;**<br>**3. APPROVING NOTICE TO CLASS; AND**<br>**4. SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT**<br><br><br>Action Filed: December 3, 2018<br>Action removed: January 18, 2019 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff Tonika Nadine Cora ("Plaintiff") and Defendants Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") and Wells Fargo & Company (collectively, "Defendants") have reached terms of settlement for a putative class action.

Plaintiff has filed a motion for preliminary approval of a class action settlement of the claims asserted against Defendants in this action, memorialized in the CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE BETWEEN PLAINTIFF AND DEFENDANT ("Settlement") (*see* Declaration of H. Scott Leviant In Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class ["Leviant Decl."], at Exh. 1) with attached Exhibits, including the proposed form of Notice. As part of the Settlement, Plaintiff has agreed to dismiss Wells Fargo & Company as a defendant.

The Settlement between Plaintiff and Wells Fargo (together, "the Parties") provides that the Parties stipulate to certification of a Class for settlement purposes only. The Settlement is conditioned upon, among other things, the Court's approval. Capitalized terms in this Order shall have the same meaning as in the Settlement unless indicated otherwise. A summary of the terms of the Settlement is as follows:

- Defendant stipulates to certification of a Settlement Class, to include all Class Members, for purposes of Settlement only. (Settlement, ¶ 19.)
- The Settlement Class is: those individuals who, according to Wells Fargo's personnel and payroll records, are or were employed by Wells Fargo in California as Collector 3's and/or Operations Processor 2's in the Auto Loan division at any time from December 3, 2014, through September 1, 2021 (this period shall be referred to as the "Class Period"). (Settlement, ¶ 7.b.) Excluded from the Settlement Class are: (1) any individual hired by Wells Fargo on or after December 11, 2015, when Wells Fargo implemented arbitration agreements containing a class action waiver; and (2) any individual who signed a

severance agreement containing a general release. (Settlement, ¶ 7.b.i.)

- Defendant agrees that $300,000.00, known as the "Gross Settlement Amount," plus the employer's share of any payroll taxes related to the settlement payments, represents the maximum amount that it will pay out under the Settlement, inclusive of the following: (a) payments to Participating Class and Collective Members; (b) the maximum gross amount for Class Counsel's attorneys' fees to be paid in accordance with the terms set forth in Paragraph 16, which is $75,000.00; (c) the maximum gross amount for all of Class Counsel's and the Class Representative's litigation costs and associated expenses, which shall not exceed $20,000; (d) the anticipated gross amount for claims administration costs, estimated at approximately $15,000; (e) the maximum gross amount for the service payment award to be made by Defendant to the Class Representative, in accordance with the terms set forth in Paragraph 14, which is a maximum $5,000; (f) the maximum gross amount for payment to the California Labor Workforce Development Agency as part of the consideration for the release of all Released Claims under PAGA, which is $22,500 (75% of $30,000 allocated to PAGA). (Settlement, ¶ 10.)

- Each Class Member who does not opt out (a "Participating Class Member") will be paid their share of the settlement, subject to certain taxes and withholdings. (Settlement, ¶ 11.)

- Each Collective Member will be paid a share of the FLSA Settlement Amount. (Settlement, ¶ 11.)

- Class Counsel will not seek an amount greater than $75,000.00 for attorneys' fees. (Settlement, ¶ 16.)

- Class Counsel will not seek an amount greater than $20,000 for litigation costs. (Settlement, ¶ 16.)

- The Class Representative service payment award requested will be $5,000. (Settlement, ¶ 14.)
- If a Class and/or Collective Member has not cashed his or her check(s) within 90 days of issuance, the funds representing the "uncashed checks" shall be transmitted by the Administrator to the California State Bar Justice Gap Fund (care of The State Bar of California, 180 Howard St., San Francisco, CA 94105). (Settlement, ¶ 29.)

After reviewing the Settlement, the proposed Class Notice, and other related documents, and having heard the argument of Counsel for respective parties, if any, **IT IS HEREBY ORDERED AS FOLLOWS**:

1.    The Court preliminarily finds that the proposed Class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiff are typical of the claims of the Class; and Plaintiff will fairly and adequately protect the interests of the Class. The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members. In the event the Final Judgment, this Order, or an Order Granting Final Approval of the proposed Settlement is overturned, reversed, not affirmed in its entirety or never becomes final, the Settlement Date does not occur or the Settlement is nullified or invalidated for any reason, the fact that the Parties were willing to stipulate to class certification for purposes of the Settlement shall have no bearing on, nor be admissible in connection with, any issue in this Action or in any other action.

2.    The Parties' Settlement is granted preliminary approval as it meets the criteria for preliminary settlement approval. The Settlement falls within the range of

possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly. The Settlement appears to be presumptively valid subject only to resolution of any valid objections that may be raised at the Final Approval Hearing. The Court finds that it is appropriate to notify the members of the proposed Settlement Class of the terms of the proposed Settlement.

3.     The Court specifically finds that the Parties had a bona fide dispute regarding the payment of wages, including overtime, and that the Settlement is fair, adequate, and reasonable with respect to the settlement of the Fair Labor Standards Act (FLSA) claim, as the settlement of the FLSA claim also appears to have been the product of serious, informed, and extensive arm's-length negotiations between the Parties and is well within the range of possible final approval. The Court accordingly approves the FLSA release for all Participating Collective Members as that term is defined in the Settlement Agreement.

4. The Court further finds that the settlement of Plaintiff's California Labor Code Private Attorney General Act ("PAGA") claim is fair and reasonable, and preliminarily approves the Settlement and release of that claim and the payment to the California Labor and Workforce and Development Agency in the amount of $22,500.

5.     The Parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all Class Members whose identities are known to the parties, and such notice is the best notice practicable. The parties' proposed Class Notice (Leviant Decl., at Exh. C to the Settlement [Exh. 1]) is sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, their right to receive a payment under the Settlement or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing and is therefore approved.

6.     The following persons are conditionally certified as Class Members solely for the purpose of entering a settlement in this matter:

[T]hose individuals who, according to Wells Fargo's personnel and payroll records, are or were employed by Wells Fargo in California as Collector 3's and/or Operations Processor 2's in the Auto Loan division at any time from December 3, 2014, through September 1, 2021 (this period shall be referred to as the "Class Period"). (Settlement, ¶ 7.b.) Excluded from the Settlement Class are: (1) any individual hired by Wells Fargo on or after December 11, 2015, when Wells Fargo implemented arbitration agreements containing a class action waiver; and (2) any individual who signed a severance agreement containing a general release. (Settlement, ¶ 7.b.i.)

7.    The following persons are conditionally certified as part of the Settlement Collective for purposes of settling the claim arising under the Fair Labor Standards Act:

[T]hose individuals who, according to Wells Fargo's personnel and payroll records, are or were employed by Wells Fargo in California as Collector 3's and/or Operations Processor 2's in the Auto Loan division at any time from December 3, 2015, through September 1, 2021 (this period shall be referred to as the "Collective Period") who cash their FLSA Settlement Share checks consenting to join this Action as a party plaintiff under 29 U.S.C. § 216(b) and expressly releasing in writing any and all claims under the Fair Labor Standards Act of 1928, as amended, 29 U.S.C. §§ 201, *et seq.*, that are or could be based on or related to the same matters alleged in the Complaint and/or First Amended Complaint. (Settlement, ¶ 7.d.) The Settlement Collective shall exclude: (1) any individual hired by Wells Fargo on or after December 11, 2015, when Wells Fargo implemented arbitration agreements containing a class action waiver; and (2) any individual who signed a severance agreement containing a general release. (Settlement, ¶ 7.d.)

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

8.      Class Members will be bound by the Settlement unless they submit a timely and valid written request to be excluded from the Settlement within 45 days after mailing of the Class Notice by the Administrator.

9.      Prior to the Final Approval Hearing, Plaintiff shall file a motion for final approval of the settlement, and Class Counsel shall file a motion for an award of attorneys' fees, costs, and the service payment award.

10.     Any Class Member who wishes to comment on or object specifically to the amount of attorney's fees requested by Class Counsel shall have until the date of the Final Approval Hearing to submit his or her comment or objection as to the amount of fees or appear and, if permitted by the Court, state any comment or objection as to the amount of fees requested. To the extent possible, Plaintiff's Motion for an award of Attorney's Fees and Costs shall be set for hearing on the same day and at the same time that the Court hears Plaintiff's Motion for Final Approval. Any comment submitted after the expiration of time to comment on or object to the Settlement generally but before the expiration of time to comment on or object to the amount of attorney's fees will not be considered other than as it pertains specifically to comments regarding the amount of attorney's fees.

11.     Rust Consulting, Inc. is appointed to act as the Administrator, pursuant to the terms set forth in the Settlement.

12.     Plaintiff Tonika Nadine Cora is appointed the Class Representative and the representative of the Settlement Class for settlement purposes. Moon & Yang, APC, attorneys Kane Moon and H. Scott Leviant are appointed Class Counsel. Class Counsel are authorized to act on behalf of the Class Representative and the Settlement Class with respect to all acts or consents required by or which may be given pursuant to the Settlement and such other acts reasonably necessary to consummate the Settlement. The authority of Class Counsel includes entering into any modifications or amendments

to the Settlement on behalf of the Class Representative and the Settlement Class which they deem appropriate.

13.    Defendant is directed to provide the Administrator not later than 21 days after the date of this order the name, most recent known mailing address, Social Security number, and dates during which each individual was employed by Wells Fargo as a Collector 3 or Operations Processor 2 in California during the Class Period, in accordance with the Settlement.

14.    The Administrator is directed to mail the approved Class Notice by first-class mail to the Class Members in accordance with the Settlement.

15.    The Court orders that a Qualified Settlement Fund, as defined in Treasury Regulations Section 1.468B-1, or other applicable law, shall be established to effectuate the terms of the Settlement and the orders of the Court. The Court hereby finds and orders that the Qualified Settlement Fund:

(a)    Shall be established pursuant to this order of the Court prior to the receipt of any monies from Defendant.

(b)    That it shall be established to resolve and satisfy the contested Claims that have resulted, or may result, from the matters that are the subject of this Action and that are released pursuant to the Settlement.

(c)    That the contested Claims have given rise to multiple claims by the Class Members asserting liability arising out of tort, breach of contract or other violations of law; and,

(d)    That the fund or account be established and its assets be segregated (within a separately established fund or account) from the assets of Defendant, and all related other persons in the meaning of Title 26, United States Code, Sections 267(b) and 707(b)(1).

16.     A final approval hearing will be held on_____, 2022, at _____ a.m./p.m., to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. At that time, the Court will hear all evidence and arguments necessary to evaluate the Settlement, will consider Plaintiff's request for the Class Representative Service Payment Award, and, to the extent scheduling permits, Class Counsel's request for an award of Attorney's Fees and Costs.

17.     Any Class Member may appear at the final approval hearing in person or by his or her own attorney, and offer to show cause why the Court should not approve the Settlement, or object to the motion for awards of the Class Representative Service Payment Award and Attorney's Fees and Costs. For any comments or objections to be considered at the hearing, the Class Member must submit a written objection in accordance with the deadlines set forth in the Class Notice, or as otherwise permitted by the Court.

18.     The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

19.     Neither this Order, the Settlement, nor any related statements or proceedings shall be construed or deemed an admission of liability, culpability, damage or wrongdoing on the part of Defendants, or of the appropriateness of certification of the Class or Collective other than for settlement purposes. If the Court does not finally approve the proposed Settlement that is the subject of this Order, all evidence, briefing, and proceedings related to the Settlement shall have no force and effect, and the Parties shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of the Settlement.

20.     To the extent permitted by law, pending final determination as to whether the Settlement should be approved, the Court hereby orders that the Class Representative and

all Settlement Class Members, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in this litigation, shall not prosecute any claims or actions against Defendant or other Released Parties (as defined in the Settlement) in any forum, which would be covered by the release of claims as defined in the Settlement.

21.     Pending further order of this Court, all proceedings in this action except those contemplated herein and in the Settlement are stayed.

**IT IS SO ORDERED.**

Dated: _____     _____
                                       Hon. Terry J. Hatter, Jr.
                                UNITED STATES DISTRICT JUDGE